IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| v. | * | CRIMINAL NO. LO-19-0449 |
| KENNETH WENDELL RAVENELL, | * | |
| Defendant. | * | |

*******

## CONSENT DISCOVERY AND PROTECTIVE ORDER

Upon the United States' Motion for Entry of a Discovery and Protective Order, and with the consent of Defendant Ravenell, it is hereby:

### Discovery and Inspection

**ORDERED** pursuant to Federal Rule of Criminal Procedure 16(a) that, no later than **thirty (30) calendar days** before trial, unless for good cause shown:

1. The government shall disclose to the defendant and make available for inspection, copying, or photographing: any relevant written or recorded statements made by the defendant, or copies thereof, within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government; that portion of any written record containing the substance of any relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a government agent; recorded testimony of the defendant before a grand jury which relates to the offense charged; and the substance of any other relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known by the defendant to be a government agent if the government intends to use that statement at trial.

2. The government shall furnish to the defendant such copy of his prior criminal record, if any, as is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government.

3. The government shall permit the defendant to inspect and copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies of portions thereof, which are within the possession, custody, or control of the government, and which are material to the preparation of his defense or are intended for use by the government as evidence in chief at the trial, or were obtained from or belong to the defendant.

4. The government shall permit the defendant to inspect and copy or photograph any results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, which are within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known to the attorney for the government, and which are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial.

It is further **ORDERED** that

5. The government shall disclose to the defendant no later than **thirty (30) calendar days** before trial, a written summary of testimony the government intends to use under Federal Rules of Evidence 702, 703, or 705, as evidence at trial, unless the expert testimony is to be offered in response to a previously noticed expert of a defendant, in which case the disclosure pursuant to this paragraph must be provided no later than **fifteen (15) calendar days** prior to trial. This summary shall describe the witnesses' opinions, the bases and reasons therefor, and the witnesses'

qualifications. In an appropriate case, and for good cause shown, either party may move the Court for an Order requesting earlier or later disclosure of expert witness notice and summaries.

It is further **ORDERED** pursuant to Federal Rule of Criminal Procedure 16(b), that upon government compliance with the foregoing,

6. The defendant shall permit the government to inspect and copy or photograph books, papers, documents, data, photographs, tangible objects, or copies or portions thereof, which the defendant intends to use in the defendant's case-in-chief at trial.

7. The defendant shall permit the government to inspect and copy or photograph any results or reports of physical or mental examination and of scientific test or experiments made in connection with the particular case, or copies thereof, within the possession or control of the defendant, which the defendant intends to use in the defendant's case-in-chief at trial or which were prepared by a witness whom the defendant intends to call at the trial when the results or reports related to his testimony.

8. The defendant shall disclose to the government no later than **thirty (30) calendar days** before trial, a written summary of testimony the defendant intends to use under Federal Rules of Evidence 702, 703, and 705, as evidence at trial, unless the expert is to be offered in response to a previously-noticed expert of the government, in which case the disclosure pursuant to this paragraph must be provided not later than **fifteen (15) calendar days** prior to trial. This summary shall describe the witnesses' opinions, the bases and reasons therefor, and the witnesses' qualifications. In an appropriate case, and for good cause shown, either party may move the Court for an Order requesting earlier or later disclosure of expert witness notice and summaries.

### Federal Rule of Evidence 404(b)

It is further **ORDERED** that

9. No later than **thirty (30) calendar days** before trial, the government shall provide notice to the defendant, in accordance with Federal Rule of Evidence 404(b), of the general nature of any evidence of other crimes, wrongs, or acts of the defendant which it intends to introduce at trial, except that, upon motion of the government and for good cause shown, the court may excuse such pretrial notice.

### *Brady* Material

It is further **ORDERED** that

10. If and when any such material is discovered, the government shall comply with its obligations to produce promptly exculpatory material as required by *Brady v. Maryland*, 373 U.S. 83 (1963) and *United States v. Agurs*, 427 U.S. 97 (1976).

### Jencks and *Giglio* Materials

It is further **ORDERED** that

11. No later than **two weeks** before trial, the government shall produce to the defendant materials pursuant to 18 U.S.C. § 3500, the "Jencks Act," and materials produced pursuant to *Giglio v. United States*, 405 U.S. 150 (1972) for the witnesses who will testify in the government's case-in-chief.

12. Immediately upon the close of the government's case-in-chief,[1] the defendant, by and through his counsel, shall produce to the government the statements of any witness, other than the defendant, who the defendant intends to have testify on behalf of the defendant.

---

[1] If, during the course of trial, it becomes apparent that the government will conclude its case-in-chief at a time of day that allows for the defendant to begin the defendant's case-in-chief that same day, the defendant shall produce to the government the statements of any witness, other than the defendant, who the defendant intends to have testify on behalf of the defendant on the first day of the defendant's case-in-chief no later than the evening prior.

### Restriction on Dissemination of Certain Discovery Materials ("Protected Information")

It is further **ORDERED** that

13.     "Protected Information" shall include interview reports, grand jury transcripts, business records, financial records, tax records, responses to grand jury subpoenas, recordings, documents from searches of law firms, and other sensitive information and materials that will be produced in discovery by the United States in this case.

14.     The government shall disclose the Protected Information to an attorney of record for the defendant, who will be responsible for safeguarding the Protected Information.

15.     Access to the Protected Information shall be restricted to the defendant (as detailed below), the defendant's attorneys of record, employees of Schulte Roth & Zabel LLP and Outlaw PLLC (including attorneys, paralegals and staff), and any investigator or expert working as part of the defense team on this case and for the purpose of preparing to defend the defendant against the charges filed in this case, including using the Protected Information at trial or any other hearings in this matter.

16.     The defendant's attorneys of record may make reproductions of the Protected Information for disclosure to any other attorney of record for the defendant in this case, or employees of Schulte Roth & Zabel LLP and Outlaw PLLC (including attorneys, paralegals and staff). However, no such disclosure of the Protected Information or copies thereof may be made unless and until an employee has been made aware of the existence, substance, and terms of this Protective Order. The attorneys of record shall be responsible for supervising access to Protected Information by employees of their law firms.

17.     The defendant's attorneys of record, employees of Schulte Roth & Zabel LLP and Outlaw PLLC, and any expert may not make any copy or reproduction of the Protected Information

to provide to the defendant or to any investigator previously retained or engaged by the defendant. The defendant's attorneys of record may arrange for the defendant to view the Protected Information provided that the Protected Information is viewed at their law offices using agreed-upon methods ensuring that no copies (including a partial copy and paste of information), screenshots, recordings, or photographs of Protected Information are permitted to be made by or provided to the defendant. The defendant's attorneys of record shall not permit the defendant to review the Protected Information while in possession of any device capable of making copies (including a partial copy and paste of information), screenshots, recordings, or photographs of Protected Information, and the defendant's attorneys and employees of their law firms shall not permit the defendant to copy the Protected Information during any such review, nor shall the attorneys of record or employees of their law firms permit the defendant to retain or store any of the Protected Information (or any copies thereof) following any such review. The defendant's attorneys will furnish the government with a list of implemented procedures for viewing Protected Information. Finally, the defendant's attorneys of record may provide a copy or reproduction of the Protected Information to any expert retained by the defendant and any investigator not previously retained or engaged by the defendant; however, the expert and investigator shall not disseminate it.

18. The defendant's attorneys of record shall securely store the Protected Information (and any copies thereof) at all times subject to the exceptions listed herein.

19. The defendant's attorneys of record, employees of Schulte Roth & Zabel LLP and Outlaw PLLC (including attorneys, paralegals and staff), the defendant, any legal expert, and any investigator shall not discuss or disclose the substance of the Protected Information with any persons other than one another. However, notwithstanding the foregoing, for the limited purpose

of preparing to defend this case, the defendant's attorneys of record, and any investigator may discuss the substance of the Protected Information with potential witnesses, so long as no personally identifying information is discussed with or disclosed to the witness, excluding the witness's own personal identifying information, and no originals or copies of reports of interviews that were written by members of law enforcement are shown to the potential witnesses, except if the report(s) concerns the interview of the witness to whom the report is being shown.

20. The Protected Information and the information contained therein shall not be used for any purpose other than preparing to defend the defendant against the charges filed in this case, or introduction as evidence at trial. Where Protected Information is sought to be introduced at trial, the defendant's attorneys will provide notice of such exhibits at a pretrial conference arranged by the parties where the parties shall simultaneously disclose their case-in-chief trial exhibits. Where appropriate, however, the defendant's attorneys must redact any personal identifying information in the Protected Information that will be used in an exhibit at trial.

21. The defendant's attorneys of record shall inform any investigators or experts working as part of the defense team on this case to whom disclosure of the Protected Information is made of the existence and terms of this Order, and such persons shall be bound by the terms of this Order and a signed acknowledgement must be filed *ex parte* on the docket prior to showing the investigator or expert such materials.

22. The terms of this Order shall apply to all items produced in discovery unless the items are labeled "Not Protected Information."

23. Consistent with their ethical obligations, the defendant's attorneys of record shall return, or destroy and certify to government counsel the destruction of, the Protected Information (and *all* copies thereof, including any copies provided to experts) to the government within a

reasonable period of time (not to exceed 30 days) after the trial and any appeal in this matter are concluded.

## Stipulations

It is further **ORDERED** that

25. The parties shall file proposed stipulations with the Court no later than **three (3) business days** before trial. Additional stipulations may be submitted thereafter by the parties upon approval by the Court.

_____
The Honorable Liam O'Grady
United States District Judge

ENTERED this 23rd day of October, 2019