UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

| | |
|---|---|
| United States of America | * |
| | * |
| | *    Case No.: 1:19-cr-00449 |
| | * |
| v. | * |
| | * |
| Kenneth Ravenell | * |
| | * |
|     Defendant. | * |
| | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**<u>MOTION TO RECONSIDER VENUE</u>**

Pursuant to Federal Rules of Criminal Procedure 18, Mr. Ravenell, by and through undersigned counsel, respectfully moves this Court to reconsider its Order, entered October 16, 2019 (ECF No. 31), directing the trial of this matter take place at the Baltimore Division instead of the Greenbelt Division of the District of Maryland. At the time this matter was heard, the prosecution emphasized that a trial in the Greenbelt Division would be inconvenient for the prosecution team. The relevant Rule and interpreting case law indicate that the convenience of the prosecution is not a relevant factor in deciding on an intradistrict venue transfer. Mr. Ravenell submits that such a transfer from the Baltimore Division to the Greenbelt Division is warranted for the convenience of the defense and witnesses and is in the interest of the prompt administration of justice, which are the only factors relevant to this determination.

**I.     LEGAL STANDARD**

Under Rule 18, which governs intradistrict transfers, the Court "must set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice." Fed. R. Crim. P. 18. The Court may consider additional factors, including docket management, courthouse space and security, and pretrial

publicity. *See United States v. Mathis*, No. 3:14CR00016, 2015 WL 5012159, at *3 (W.D. Va. Aug. 21, 2015), *aff'd*, 932 F.3d 242 (4th Cir. 2019) (citing *United States v. Lipscomb*, 299 F.3d 303, 342 (5th Cir. 2002)); *see also Lipscomb*, 299 F.3d at 340-48 (identifying defendant and witness convenience, court policy, Speedy Trial Act compliance, docket management, logistics, and pretrial publicity as factors to consider).

In light of the standard for intradistrict transfers, which disregards prosecution convenience, Mr. Ravenell submits that the Court should reconsider its initial Order (ECF No. 31). An order may be amended to accommodate an intervening change in controlling law, account for new evidence not previously available, or correct a clear error of law. *See United States v. Srivastava*, 476 F. Supp. 2d 509, 511 (D. Md. 2007), *vacated and remanded on other grounds*, 540 F.3d 277 (4th Cir. 2008); *United States v. Mallory*, 337 F. Supp. 3d 621, 626 (E.D. Va. 2018).

## II. CONVENIENCE OF THE GOVERNMENT IS IRRELEVANT TO DETERMINING INTRASTATE VENUE

One factor for determining intrastate venue that is expressly *not* included in the letter of Rule 18 is the convenience of Government counsel. *See* Fed. R. Crim. P. 18. Indeed, as the Fifth Circuit and a district court within the Fourth Circuit have confirmed: "The convenience of the prosecution, however, is not a factor to consider in changing venue." *Mathis*, 2015 WL 5012159, at *3 (quoting *United States v. Dickie*, 775 F.2d 607, 610 (5th Cir. 1985)); *cf.* Fed. R. Crim. P. 18 advisory committee's note (explaining that the 1966 amendments to Rule 18 vest discretion with the Court to fix the place of trial in any Division within a District "with due regard to the convenience of the defendant and his witnesses").

When the trial venue was argued during Mr. Ravenell's arraignment on October 16, 2019, the first reason the Government put forward to the Court for having the trial in Baltimore was that "all three prosecutors here live and/or work in Baltimore." Arraignment Tr. 12:24 – 12:25, Oct.

16, 2019 (ECF No. 30). Not surprisingly, the Court's Order indicates that the trial location decision was based in part on "the convenience of the *parties.*" ECF No. 31 (emphasis added). As the convenience of the defendant, as articulated on October 16, 2019, clearly favors a trial in Greenbelt, it is evident that the Court was referencing the convenience of the federal prosecutors in coming to its decision regarding trial venue.

Mr. Ravenell respectfully requests the Court reconsider its Order, which appears to have been based upon the convenience of the Government's attorneys, which is not a relevant factor under Rule 18 and the case law based upon that Rule. Mr. Ravenell requests that the Court reevaluate its decision based upon the factors listed in Rule 18, excluding any reliance upon the Government's argument at arraignment that its prosecutors would be inconvenienced by a trial set in Greenbelt because they "live and/or work in Baltimore." *See* Arraignment Tr. 12:24 – 12:25, Oct. 16, 2019 (ECF No. 30). The prosecution's convenience is irrelevant for a purposes of an intradistrict venue transfer under Rule 18, *see Mathis*, 2015 WL 5012159, at *3, and the convenience of Mr. Ravenell and the majority of the Government's witnesses, as well as docket management considerations, all favor a transfer to the Greenbelt Division.

**III.  WITNESS CONVENIENCE WEIGHS IN FAVOR OF TRIAL IN GREENBELT**

While convenience to the prosecution is not a factor to be considered for intradistrict venue setting under Rule 18, the convenience of testifying witnesses is. As evidenced by information obtained from witnesses after the arraignment, this factor weighs heavily in favor of a holding this trial in Greenbelt.

During Mr. Ravenell's arraignment the Government provided the Court and the defense a preliminary witness list containing 39 names. Ex. A (Under Seal). Later during the arraignment, the Government represented that witness convenience favored a Baltimore trial because a

"majority of [the Government's] witnesses live in or around Baltimore." Arraignment Tr. at 13:2, Oct. 16, 2019 (ECF No. 30). A closer look at the Government's potential witnesses list, however, reveals that Greenbelt is actually a more convenient location for many of the witnesses, and is irrelevant and/or not objected to by most of the other potential Government and defense witnesses.

   A.   **Detained Witnesses**

At least ten (10) of the potential Government's witnesses are detained, including numbers 1, 2, 3, 4, 6, 7, 8, 9, 10, and 28 on the Government's preliminary witness list. Ex. B at 1 (Under Seal). The convenience of these witnesses is a non-factor due to their detained status. The U.S. Marshals can transport these witnesses to the Greenbelt courthouse just as easily as they can to the Baltimore courthouse – they already do so in other cases every day.

   B.   **Out-Of-State Witnesses**

Based on information and belief, a number of the potential Government's witnesses live outside of Maryland, including (but not limited to) numbers 12, 14, 17, 19, 20, 23, 24, 26, 29 (M.C. only), and 37. Ex. B at 1-2 (Under Seal). The convenience of these witness are a non-factor as well. There is no added convenience to these witnesses whether the trial is held in Baltimore or Greenbelt.

   C.   **Maryland Witnesses**

A small number of the remaining potential Government witnesses do live and/or work in or around Baltimore. But for a majority of even this subset of Government witnesses, Greenbelt is either a more convenient location, or one that the witnesses do not object to as the trial location.

First, the offices of witness numbers 33, 34, and 36 are *closer* to the Greenbelt courthouse than the Baltimore courthouse. *See* Ex. B at 2 (Under Seal). Indeed, their offices are two to three times closer to Greenbelt. Witness No. 33's office in Silver Spring, Maryland is just 9.5 miles

from the Greenbelt courthouse as opposed to 33.2 miles from the Baltimore courthouse. *Id*. Witness No. 34's office in Bowie, Maryland is just 10.1 miles from the Greenbelt courthouse, compared to 27.6 miles from the Baltimore courthouse. *Id*. Witness 36's office in Bethesda, Maryland is just 14.3 miles from the Greenbelt courthouse compared to 37.1 miles to the Baltimore courthouse. *Id*. For these witnesses there is no debate that Greenbelt is a far more convenient location. Witness No. 31 is identified by his law firm as working in both the firm's D.C. and Baltimore offices, so locating the trial in Greenbelt should not present a hardship for him either. *Id*.

Eight other Government witnesses who live and/or work around Baltimore have authorized the defense to inform the Court that they have no objection to trial occurring in Greenbelt instead of Baltimore, so the convenience factor is of no import to them. These witnesses include numbers 15, 16, 29 (all five), and 30. Ex. B at 2-3 (Under Seal).

In sum, in weighing the convenience of the Government's witness, this factor tilts overwhelmingly in favor of holding the trial in Greenbelt. For a majority of the Government's witnesses convenience is a non-factor because they are federally detained or reside outside of Maryland. For those who live and/or work in Maryland, a large number either work closer to Greenbelt than Baltimore, or have no objection to the trial occurring in Greenbelt. The potential witnesses the defense has been able to contact have generally stated a preference for or indifference to the trial being moved to Greenbelt. While some of the few witnesses we have not been able to contact may prefer to have the trial in Baltimore, that would not tip the balance in favor of Baltimore *even if* it were shown that Baltimore is preferable to them.[1]

---

[1] Despite our efforts, the defense was unable to determine the location of these witnesses or get their position on the trial location issue for the purposes of this motion.

A Greenbelt trial also carries the additional benefit of being less costly for the Government's non-detained witnesses. Courthouse parking in Greenbelt is free, whereas the Baltimore courthouse directs visitors to park at paid lots in the vicinity, which can be very costly.[2]

## IV. GREENBELT IS MORE CONVENIENT FOR THE DEFENSE

Under Rule 18, "convenience of the defendant" is an explicit and important factor for the court to consider when determining intrastate venue. Fed. R. Crim. P. 18. This factor weighs heavily in favor of holding the trial in Greenbelt.

As previously raised, all of Mr. Ravenell's legal team is based in Washington, D.C., and a month-long trial in Baltimore imposes a considerable burden on the defense either to commute over two hours each day during trial or to arrange for extended and costly accommodations in Baltimore. This burden would be greatly mitigated by locating the trial in Greenbelt, which is only thirty to forty minutes from both Washington, D.C. and Baltimore.

## V. GREENBELT IS MORE CONVENIENT FOR THE COURT

Finally, the convenience of the Court, including the Judge's judicial responsibilities outside the District and the Court's ability to return from trial to manage the rest of its docket, are important considerations in assuring the prompt administration of justice. *See Lipscomb*, 299 F.3d at 342 ("In the context of docket management, we have construed the term 'prompt administration of justice' to refer not just to the particular case that may be transferred, but also to other trials on the court's docket. A district court may consider docket management in its Rule 18 balancing, and docket issues may even outweigh convenience factors that point entirely the other way."). That

---

[2] *See Parking and Transit*, UNITED STATES DISTRICT COURT, DISTRICT OF MARYLAND, https://www.mdd.uscourts.gov/parking-and-transit (last visited Dec. 9, 2019) (explaining that "[t]here are several parking lots within a reasonable walking distance of the Baltimore courthouse" but "[f]ree parking is available at the Greenbelt courthouse").

the Court is sitting by designation in the District of Maryland and must return regularly during the month-long trial to the Eastern District of Virginia to attend to the Court's regular docket weighs heavily in favor of transferring venue to Greenbelt. *Cf. United States v. Rosenthal*, 32 F. Supp. 3d 774, 785 (S.D. Tex. 2013) (ordering intrastate transfer to division close to the court after highlighting that the location would allow the court to "easily return from trial . . . to manage the Court's docket" over the course of a forecasted month-long trial). Trial in Greenbelt will also save on expenses that would otherwise be incurred by the court system if the trial occurs in Baltimore.

Once consideration of the prosecution team's convenience has properly been excluded, all relevant factors – including convenience to the Government's witnesses – clearly weigh in favor of an intradistrict transfer to the Greenbelt Division.

## **CONCLUSION**

Accordingly, for the reasons stated above, the undersigned moves this Court to enter an Order transferring the trial in this proceeding to the Greenbelt Division of the District of Maryland.

[SPACE INTENTIONALLY LEFT BLANK]

<table>
<tr><td>December 16, 2019</td><td>Respectfully submitted,<br><br>SCHULTE ROTH & ZABEL LLP<br><br>/s/ Aislinn Affinito<br>_____<br>Peter H. White (D.C. Bar: 468746) (VA Bar: 32310)<br>Aislinn Affinito (D.C. Bar: 1033700) (CA Bar: 300265)<br>McKenzie Haynes (N.Y. bar: 5683859)<br>Schulte Roth & Zabel<br>901 Fifteenth Street, NW, Suite 800<br>Washington, DC 20005<br>pete.white@srz.com<br>aislinn.affinito@srz.com<br>mckenzie.haynes@srz.com<br>*Attorneys for Kenneth Ravenell*<br><br><br>Outlaw PLLC<br><br>/s/ Lucius T. Outlaw III<br>_____<br>Lucius T. Outlaw III (#20677)<br>Outlaw PLLC<br>1351 Juniper St. NW<br>Washington, DC 20012<br>(202) 997-3452<br>loutlaw3@outlawpllc.com<br>*Attorney for Kenneth Ravenell*</td></tr>
</table>

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of December, 2019, I caused a copy of Defendant's Motion to Reconsider Venue to be served upon counsel for the United States of America via ECF, and true and correct copies of the filing are available to all parties through ECF or Pacer.

*/s/ Aislinn Affinito*

Aislinn Affinito
*Attorney for Kenneth Ravenell*