## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | * |
| | * |
| v. | * |
| | *   **CRIMINAL NO. LO-19-0449** |
| | * |
| **KENNETH WENDELL RAVENELL,** | * |
| | * |
| **Defendant.** | * |
| | ******* |

## GOVERNMENT'S OPPOSITION TO
## DEFENDANT'S MOTION TO RECONSIDER VENUE

The United States of America, by its undersigned counsel, hereby files this response in opposition to the Defendant's Motion to Reconsider Venue (ECF No. 48).

### I. PROCEDURAL HISTORY

On October 16, 2019, the Court entered an Order that read as follows:

> The Court left open the issue of which division of the District of Maryland would be best suited to host trial of this case during the arraignment of the Defendant on this date. After considering the convenience of the parties, as well as the administrative resources of the judiciary in each location, the Court directs that the trial will take place at the Baltimore Division. The Court appreciates the parties' willingness to appear at the Greenbelt courthouse for future pretrial hearings in this case and will determine the proper location for any such hearings when necessary.

ECF No. 31.

On December 16, 2019, the Defendant filed a "Motion to Reconsider Venue" asking the Court to reconsider its order of October 16, 2019.

### II. ARGUMENT

#### a. The Motion fails to establish grounds for the Court to reconsider its order.

There is no provision in the Federal Rules of Criminal Procedure authorizing motions for reconsideration. As a result, courts, by analogy, apply the standards established in the Civil Rules.

*See United States v. Srivastava*, 476 F. Supp. 2d 509, 511 (D. Md. 2007), *vacated and remanded on other grounds*, 540 F.3d 277 (4th Cir. 2008); *see also United States v. Dickerson*, 971 F. Supp. 1023, 1024 (E.D.Va. 1997).

At the outset, the Government notes, as the court did in *Dickerson*, that Rule 59(e) allows "an aggrieved party to file a motion to alter or amend a judgment within ten days of its entry." 971 F.Supp. at 1024. In this case, the Defendant waited two months to file the motion for reconsideration. Thus, under Rule 59(e), the motion is untimely and could be denied on this basis alone. Deadlines such as this one are based on practical considerations and should be enforced. In the two months that elapsed between the time when the Court entered its order and when the defense filed their motion, preparations for a trial in Baltimore have gone ahead. For example, law enforcement agents have located and served multiple witnesses with subpoenas indicating the location of the trial in Baltimore.

As the Fourth Circuit has held, "[c]ourts interpreting Rule 59(e) have recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993).

The Defendant fails to establish any of these grounds in support of his motion. First, there has been no "intervening change in controlling law" on the question of intra-district transfers since the Court entered its order. Second, there is no "new evidence" that was not previously available at the arraignment. "An intradistrict transfer is not required absent a strong showing of prejudice." *United States v. Duncan*, 919 F.2d 981, 985 (5th Cir. 1990). The assertions the Defendant makes about the willingness of certain lawyers to travel to be inconvenienced and travel to Greenbelt are not evidence of prejudice to the Defendant. Further, the location of witnesses bears on the "prompt

administration of justice," an issue that will be addressed below and that supports holding the trial in Baltimore.  Third, and this appears to be the basis for the Defendant's motion for reconsideration, the Defendant asserts the Court made a "clear error of law" by using the phrase, "convenience of the *parties*" (emphasis added) in its order.  The Court made no error.  The rest of that sentence, which the Defendant ignores, says ". . . as well as the administrative resources of the judiciary in each location."  Rule 18 specifically directs courts to consider the "due administration of justice" when deciding intradistrict transfer requests and the Defendant concedes that, "[t]he Court may consider additional factors, including docket management, courthouse space and security, and pretrial."  Def. Mot. at 1-2 citing *United States v. Mathis*, 2015 WL 5012159, at *3 (W.D. Va. Aug. 21, 2015), *aff'd*, 932 F.3d 242 (4th Cir. 2019) and *United States v. Lipscomb*, 299 F.3d 303, 340-48 (5th Cir. 2002)).  That is precisely what the Court has done.  Thus, there was no clear error of law committed by the Court and the motion should be denied on this basis alone.

"Where the motion [to reconsider] is nothing more than a request that the district court change its mind ... it is not authorized ..." *Srivastava*, 476 F. Supp. 2d at 511 *citing United States v. Williams*, 674 F.2d 310, 313 (4th Cir.1982).  Put another way, "[a] motion to reconsider cannot appropriately be granted where the moving party simply seeks to have the Court 'rethink what the Court ha[s] already thought through—rightly or wrongly.'" *Dickerson*, 971 F.Supp. at 1024 citing *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va. 1983) .  That is precisely what the Defendant asks the Court to do in the motion and for that reason it should be denied.

### b.  There is no basis for an intradistrict transfer pursuant to Rule 18.

Even if this were not a motion for reconsideration, the Defendant fails to meet the criteria for an intra-district transfer.

3

In criminal cases, "[b]oth the Constitution and the statutes implementing it require that criminal trials be conducted where the crime was 'committed.'" *United States v. Umaña*, 750 F.3d 320, 334 (4th Cir. 2014) (citing U.S. Const. art. III, § 2, cl. 3; U.S. Const. amend. VI; 18 U.S.C. §§ 3235–3237; Fed.R.Crim.P. 18). "There is no constitutional right to trial within a division." *United States v. Florence,* 456 F.2d 46, 50 (4th Cir. 1972); *see United States v. Anderson*, 328 U.S. 699, 704, 705 (1946); *Barrett v. United States*, 169 U.S. 218 (1898); *Lafoon v. United States*, 250 F.2d 958 (5th Cir. 1958); *Carrillo v. Squier*, 137 F.2d 648 (9th Cir. 1943); *McNealey v. Johnston*, 100 F.2d 280, 282 (9th Cir. 1938); *cf. Platt v. Minnesota Mining and Manufacturing Co.*, 376 U.S. 240 (1964). As the Fourth Circuit has explained, Federal Rule of Criminal Procedure 18, ". . . permits a transfer within a district" and articulates a non-exclusive list of bases for such a transfer. The full text of Rule 18 is as follows:

> Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed. The court must set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice.

"Although the text of Rule 18 refers only to considerations of convenience and the prompt administration of justice, the court may also look to other factors such as 'docket management, courthouse space and security, and ... pretrial publicity.'" *Mathis*, 2015 WL 5012159, at *3 *citing United States v. Lipscomb*, 299 F.3d 303, 342 (5th Cir. 2002); *United States v. Merrill*, 513 F.3d 1293, 1304 (11th Cir.2008) (explaining that "the prompt administration of justice" includes "matters of security" and "the state of the court's docket generally," and that courts "must weigh the impact the trial location will have on the timely disposition of the instant case and other cases").

Finding fault with Government counsel for even mentioning the fact that two of the three prosecutors on the case would have childcare issues if the case were moved to Greenbelt, the Defendant argues, "[o]ne factor for determining intrastate venue that is expressly not included in

the letter of Rule 18 is the *convenience of Government counsel*." Def. Mot. at 2 (emphasis added). The convenience of defense counsel is also not "expressly included in the letter of Rule 18." Ironically, that is the core of the Defendant's argument. The Defendant in his motion argues, "Mr. Ravenell's *legal team* is based in Washington, D.C., and a month-long trial in Baltimore imposes a considerable burden on the defense either to commute over two hours each day during trial or to arrange for extended and costly accommodations in Baltimore." Def. Mot. at 6 (emphasis added). If the location of the prosecutors is irrelevant, as the defense argues, then so is the location of the defense lawyers. The rule provides that a court should consider the convenience of the "defendant," not his lawyers.

The Motion conspicuously omits any mention of where the Defendant lives and works and, as a result, fails to establish why it is inconvenient for the defendant to be tried in Baltimore. His law office is in downtown Baltimore, and he lives north of Baltimore City in Baltimore County. Thus, the courthouse in Baltimore is the most convenient location for the Defendant, not the courthouse in Greenbelt.

Neither the Fourth Circuit nor any court in this district, to the Government's knowledge, have opined on what convenience to *the defendant* means. Other circuits and courts have, however, and none of them consider the convenience of the Defendant's lawyers. For example, in *United States v. Garza*, the Fifth Circuit opined that convenience is determined by: (1) the distance from the defendant's home; (2) the location of the defendant's witnesses; and (3) the ability of the defendant's family and friends to attend the trial. *United States v. Garza*, 593 F.3d 385, 390 (5th Cir. 2010). All of these factors support a trial in Baltimore. The location of defense counsel is obviously not one of the factors the Fifth Circuit recognized in defining convenience to the Defendant.

5

The Defendant devotes much of his motion to arguing that it is not inconvenient for witnesses to appear in Greenbelt. These arguments are unpersuasive because they ignore the fact that courts considering Rule 18 transfers are instructed to consider the "prompt administration of justice," and the location of witnesses impacts this factor.

First, the Defendant argues that the "convenience" of detained witnesses is a "non-factor" because "the U.S. Marshals can transport these witnesses to the Greenbelt courthouse just as easily as they can to the Baltimore courthouse …" Def. Mot. at 4. That is obviously not the case. The Chesapeake Detention Facility (CDF), where detained federal witnesses are generally housed, is located in Baltimore. CDF is 1.3 miles from the federal courthouse in Baltimore. It is 31 miles from the courthouse in Greenbelt. Transporting prisoners that would otherwise appear in Baltimore to Greenbelt imposes additional costs and administrative burdens on the U.S. Marshals. That is beyond dispute.

The Defendant also asserts that while only three potential government witnesses live or work near Greenbelt and eight live or work in or around Baltimore, somehow this factor also supports a trial in Greenbelt because the eight Baltimore-based witnesses that defense counsel have spoken to have told defense counsel that "they have no objection to trial occurring in Greenbelt instead of Baltimore." Def. Mot. at 5. Regardless of whether these witnesses, many of whom have personal and professional connections to the Defendant, assert that they are willing to travel to Greenbelt, it is undoubtedly the case that moving the trial from the City where they work and/or live to a location 30 miles away impacts the "due administration of justice." Predicting when witnesses testify in a trial is always inexact. Having the ability at trial to call in witnesses who live and work in the same City as the trial, rather than witnesses who are 30 miles away, will allow the trial to move more efficiently and expeditiously. For example, as often happens in trial and as will

almost certainly happen in this one, there will be times during the trial day when a witness's testimony is either longer or shorter than anticipated. This then necessitates calling another witness to fill a gap, or changing the order of witnesses because most witnesses have professional or personal commitments that prevent them from being available all day every day during a multi-week trial. Having witnesses nearby will make the process of adding additional witnesses or changing the order of witnesses much more likely to succeed thus ensuring the jury and the Court's time is not wasted with gaps in the schedule or the need to start the trial day late or end it early. By contrast, moving the trial to Greenbelt will make it much harder to add witnesses or re-order witnesses because, as the Defendant concedes, the overwhelming majority of witnesses will be travelling from Baltimore to Greenbelt. The Defendant asserts that Greenbelt is only "thirty to forty minutes" from Baltimore. Def. Mot. at 6. That is rarely the case. During the morning and afternoon/evening rush hours it typically takes more than one hour to travel from Baltimore to Greenbelt due to a higher volume of traffic headed south towards Washington, D.C. Bad weather or an accident on either of the two highways between Baltimore and Greenbelt can also increase significantly the amount of time it takes to travel from Baltimore to Greenbelt.

The Defendant's argument that it is less costly for witnesses to appear in Greenbelt because there is free parking in Greenbelt but parking in Baltimore "can be very costly" is also incorrect. Witnesses are reimbursed for any parking costs they incur when they testify.

The Defendant's proposal to move the trial from the location where he lives and works and where the crimes occurred to a location 30 miles away stands on its head the logic of Rule 18. As the Fourth Circuit reasoned in *United States v. Florence*:

> Of course, present Rule 18 permits a transfer within the district for the "convenience of the defendant and the witnesses." Probably a case for intradistrict transfer can be more readily made where it is proposed to try a defendant in a division or place for holding trial other than the one in which the crime was

7

> allegedly committed because it is more likely that there will be inconvenience to the defendant and his witnesses. But this is not to say that a transfer, in such a case, becomes a matter of right. Other factors, including the delay in reaching trial which would result from a transfer, as well as the actual inconvenience to the defendant and his witnesses of denying a transfer, are to be considered and balanced.

456 F.2d 46, 50 (4th Cir. 1972).  The Court's Order directs that the Defendant's trial be held in the division where the crime was allegedly committed and it is the Defendant seeking to transfer it to another division more distant from that location.

Adopting the Defendant's position would upend the customs and practice of criminal trials in this District.  Criminal defendants indicted in Baltimore are tried in Baltimore.  Defendants routinely retain Washington-based defense lawyers.  Those Washington-based defense lawyers appear in Baltimore for all pretrial proceedings and for trial itself.  The Defendant fails to cite a single case where an intra-district venue transfer was ordered in this District based on the fact that defense counsel was based in Washington.  Similarly, the Government has been unable to identify a single instance where a court in this district ordered an intra-district venue transfer based on the convenience of defense counsel.  Indeed, if the Court were to grant the Defendant's motion, then every time a defendant indicted in Baltimore hired defense lawyers based in Washington, this case could be cited to support an intra-district transfer to Greenbelt.

### III.   CONCLUSION

The Defendant fails to establish any basis for the Court to reconsider its Order of October 16, 2019, setting this case for trial in Baltimore.  Therefore, his motion should be denied.

>                        Respectfully submitted,
>                        ROBERT K. HUR
>                        United States Attorney
>                    By: _____/s/_____
>                        Derek E. Hines
>                        Leo J. Wise
>                        Matthew J. Maddox
>                        Assistant United States Attorneys

## **CERTIFICATE OF SERVICE**

I hereby certify that this filing was served on defense counsel via ECF electronic filing.

                                        By:___/s/_____
                                             Leo J. Wise
                                             Assistant United States Attorney