UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| United States of America | * | |
| | * | |
| | * | Case No.: 1:19-cr-00449 |
| | * | |
| v. | * | |
| | * | |
| Kenneth Ravenell | * | |
| | * | |
| Defendant. | * | |

\*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*

**REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO RECONSIDER VENUE**

Mr. Ravenell, by and through undersigned counsel, respectfully submits this Reply

Memorandum in Support of Defendant's Motion to Reconsider Venue.

**ARGUMENT**

This trial should be held in the Greenbelt Division of this District. Greenbelt is the most

convenient location for Mr. Ravenell, his counsel, the majority of witnesses, and the Court. While

Baltimore is apparently more convenient for the prosecution team, that is not a proper factor for

consideration. The Government mischaracterizes the relevant case law in its argument, resulting

in several misstatements of law regarding the factors and balancing required here. When properly

considered, the factors strongly weigh in favor of trying this case in Greenbelt.[1]

---

[1]     The Government spends much of its Opposition to Defendant's Motion to Reconsider Venue ("Opposition") arguing that Mr. Ravenell's Motion to Reconsider Venue ("Motion") (Def. Mot. (ECF No. 48)) is untimely. (Gov't Opp'n (ECF No. 57) at 2-3.) "When a party in a criminal case moves for reconsideration, it is within the sole discretion of the district court to determine whether it is appropriate to grant the motion." *United States v. Mallory*, 337 F. Supp. 3d 621, 626 (E.D. Va. 2018) (citing *United States v. Dickerson*, 971 F. Supp. 1023, 1024 (E.D. Va. 1997); *Boryan v. United States*, 884 F.2d 767, 771 (4th Cir. 1989)); *see also* FED. R. CRIM. P. 45(b)(1). A court may grant a defendant's motion to transfer venue any time before trial. *Cf.* FED. R. CRIM. P. 21(d) (governing interdistrict transfers). Because Mr. Ravenell's Motion is based on the

**I.      Greenbelt is More Convenient for Mr. Ravenell.**

This Court must consider the convenience of the defendant when setting the place of his criminal trial.  FED. R. CRIM. P. 18.  In that consideration, the Court can, and should, incorporate the convenience of his counsel.  The Government fails to rebut this common sense proposition.

In its Opposition, the Government relies on a Fifth Circuit case, *United States v. Garza*, 593 F.3d 385 (5th Cir. 2010), to argue that "[t]he location of defense counsel is obviously not one of the factors . . . recognized in defining convenience to the Defendant." (Gov't Opp'n (ECF No. 57) at 5.)  This citation is misleading.  When read in full, *Garza* clearly supports the Defendant's position, not the Government's.  The rest of the *Garza* court's finding states that, when weighing the convenience of the defendant under Rule 18, "the burden on a defendant increases when a [venue] transfer forces the *defendant's counsel* to try a case far from his or her practice."  593 F.3d at 390 (emphasis added) (citing *United States v. Lipscomb*, 299 F.3d 303, 340 (5th Cir. 2002) (noting the location of the defense attorney's practice when considering convenience)).  The Government's allegation that no court has found "convenience to the defendant" to include "convenience of the Defendant's lawyers" (Gov't Opp'n at 5 (emphasis omitted)) is, therefore, false.  Indeed, the very case cited by the Government for that proposition held to the contrary.  The Court should consider Mr. Ravenell and his counsel as a single entity for purposes of Rule 18.  Their convenience weighs in favor of Greenbelt.

---

discovery of new evidence or information and clear error, and is in effect a motion to transfer venue, Mr. Ravenell respectfully requests that the Court exercise its discretion and consider the Motion.

The Government's assertion that it has already served some trial subpoenas (Gov't Opp'n at 2) is of no import here.  Trial dates frequently change, requiring re-service of subpoenas – this trial was moved from December 2019 to April 2020 already.  The start of trial remains almost three months away, which is more than enough time for the Government to re-serve any witnesses they have already located and address any other practical concerns regarding a trial in Greenbelt.

The Court should reject the Government's argument about the convenience of Mr. Ravenell not only for its legal shortcomings, but also for its short-sightedness about what is "convenient" for Mr. Ravenell in regards to *his* trial.  To say that a Baltimore trial is more convenient for Mr. Ravenell is to ignore how involved he will be with the daily preparation of his trial.  During trial, Mr. Ravenell will be spending as much time as possible with his lawyers in their Washington, D.C. offices which, at the Government's persistence, is the only place he is allowed to review the discovery the Government has provided.  (*See* Protective Order (ECF No. 37) at ¶ 17.)  Mr. Ravenell is a very experienced and accomplished trial attorney.  He will be as actively involved in preparing for each day of trial as his attorneys – reviewing discovery and exhibits, preparing witness examinations, and developing trial strategy.  The time Mr. Ravenell and his attorneys can engage in this preparation will be greatly reduced and encumbered by a trial in Baltimore, as opposed to a trial in Greenbelt.

## II.     The Court Should Not Consider the Prosecution's Convenience.

While the case law supports the proposition that the Court may consider the convenience of defense counsel, contrary to the Government's protestations (Gov't Opp'n at 5), it does not support consideration of the convenience of the prosecution team.  At least one court in this circuit has adopted the Fifth Circuit's rule that "[t]he convenience of the prosecution . . . is not a factor to consider in changing venue."  *See United States v. Mathis*, No. 3:14CR00016, 2015 WL 5012159, at *3 (W.D. Va. Aug. 21, 2015) (quoting *United States v. Dickie*, 775 F.2d 607, 610 (5th Cir. 1985)); *see also Lipscomb*, 299 F.3d at 340 (same).  In response, the Government attempts to argue that "[i]f the location of the prosecution is irrelevant . . . then so is the location of the defense lawyers."  (Gov't Opp'n at 5.)  But even the cases the Government cites bely their argument.  *See*

*Garza*, 593 F.3d at 390 (considering defense counsel's location) (citing *Lipscomb*, 299 F.3d at 340 (same)); *Mathis*, 2015 WL 5012159, at *3 (noting that prosecution's convenience is not a factor).

To the extent that the Court weighted the convenience of the prosecution when ordering this trial take place in Baltimore, that weighting rises to an error of law.  (*See* ECF No. 31 (considering "convenience of the *parties*") (emphasis added).)  Mr. Ravenell respectfully requests the Court reconsider its Order in light of the clear case law cited here – law that is neither disputed nor distinguished by the Government.

**III.    Witness Convenience Weighs in Favor of Greenbelt.**

This Court may reconsider its Order setting trial in Baltimore (ECF No. 31) to account for new evidence or information not available to the Court or the defense when it set the trial location. *See United States v. Mallory*, 337 F. Supp. 3d 621, 626 (E.D. Va. 2018) (citing *United States ex rel. Carter v. Halliburton Co.*, 866 F.3d 199, 210 (4th Cir. 2017)).  Here, the locations of the Government's witnesses provide a wealth of new evidence not available when this matter was considered by the Court, and demonstrate that a Greenbelt trial is more convenient or a nonfactor for the majority of those witnesses.

The Government argues that Mr. Ravenell lacks grounds for his Motion, in part because "there is no 'new evidence' that was not previously available at the arraignment."  (Gov't Opp'n at 2.)  This claim mischaracterizes the state of the "evidence" bearing on the venue issue that was available to the defense and the Court at that time.  During the arraignment hearing on October 16, 2019, though no motion was formally made, trial venue was briefly discussed.  (*See* Arraignment Tr. 12:16 – 14:01, Oct. 16, 2019 (ECF No. 30).)  The Government had not provided the defense with any discovery prior to the arraignment.  In addition, the defense had little to no information

about many of the thirty-nine Government witnesses, and could not make an informed argument to the Court regarding witness convenience.

Immediately following the arraignment, the Government made its first document production, and then made a second production on December 2, 2019. These productions provided the defense with additional and previously unknown facts relevant to venue and witness convenience – in particular, identifying and other information regarding where certain potential Government witnesses live and/or work. This constitutes new evidence not previously available to the Court and defense counsel, *see Mallory*, 337 F. Supp. 2d at 626 (citing *Halliburton Co.*, 866 F.3d at 210), and provides grounds for the Court to reconsider its trial venue decision and Order.

The Government incorrectly asserts that the defense "concedes" that "the overwhelming majority of witnesses will be traveling from Baltimore to Greenbelt" if the trial is held there. (Gov't Opp'n at 7.) The defense has made no such concession. Instead, the defense provided a detailed account of witness convenience in its Motion. (Def. Mot. (ECF No. 48) at 3-6.) That accounting shows that a Greenbelt trial is more convenient or a nonfactor for the majority of the Government's witnesses. (Def. Mot. at 3-6; Ex. B (ECF No. 49-1).)

The Government largely ignores and fails to rebut that accounting. The Government fails to address the ten witnesses (a quarter of their witness list) who live outside of Maryland, or the three Government witnesses whose offices are actually closer to Greenbelt than Baltimore. (Def. Mot. at 4-5.) The Government's Opposition fails to include a single representation from a witness indicating that a trial in Greenbelt would be burdensome – a notable absence as the Government has superior access to its witnesses than does the defense. The Government's silence concerning

these thirteen witnesses (a third of their list), and the absence of a statement of hardship by a single witness, speaks volumes.[2]

Instead of providing a similarly detailed accounting that shows why Baltimore is a more convenient location, the Government responds by conflating the witness convenience factor with the "prompt administration of justice" factor under Rule 18.  (Gov't Opp'n at 6-7.)  But the Government's conflation – which is conspicuously unsupported by case law – would by design result in double-counting the weight of witness convenience in the Court's determination of where to hold trial.  Witness convenience and the prompt administration of justice are two separate factors.  The Government's assertion that the "location of witnesses" impacts Rule 18's "prompt administration of justice" factor is wrong as a matter of law.  (*Id.* at 6.)  In fact, the "triggering purpose" of the prompt administration of justice factor is compliance with the Speedy Trial Act.  *See Lipscomb*, 299 F.3d at 341-42; *see also Garza*, 593 F.3d at 390.  "The Act concerns itself solely with the timeliness of when trial *begins*, not with when . . . the entire trial will *conclude*[.]"  *Lipscomb*, 299 F.3d at 342 (citing 18 U.S.C. § 3161).  That is not a factor here.

---

[2]     The Court should summarily reject the Government's argument that transporting detained witnesses from the Chesapeake Detention Facility ("CDF") to Greenbelt is a hardship on the U.S. Marshals.  (Gov't Opp'n at 6.)  There has been no showing that the detained witnesses are in fact detained at CDF.  The Government merely asserts that detained federal witnesses are "generally housed" at CDF, but fails to state that is the case here.  (*Id.*)  In fact, detained witnesses for Maryland cases are routinely housed for security and other purposes in detention facilities in D.C., which are closer to Greenbelt.  In this case, it would be normal for some of Government's witnesses to be detained in D.C. facilities in order to keep the witnesses separated for security reasons, and to prevent them from communicating and influencing each other's testimony.

Moreover, the Government fails to offer any proof – such as a statement from the U.S. Marshals – that detaining witnesses near or transporting witnesses to Greenbelt for this trial would be a hardship.  The absence is likely because the Marshals would not (and could not) make such a statement to the Court.  The U.S. Marshals transport detained individuals to the Greenbelt courthouse on a daily basis without incident.

The Government's concerns about the duration of trial and witness convenience are not part of the Rule 18 analysis of the prompt administration of justice.[3] (Gov't Opp'n at 6-7.) A trial date has been set (ECF No. 39), and a transfer to Greenbelt will not postpone trial. A transfer, therefore, would not affect the prompt administration of justice under Rule 18, but would be more convenient for the witnesses, Mr. Ravenell, his counsel, and the Court.

## IV.    Other Factors Weigh in Favor of Trial in Greenbelt.

Finally, "[a] district court may consider docket management in its Rule 18 balancing, and docket issues may even outweigh convenience factors that point entirely the other way." *Lipscomb*, 299 F.3d at 342 (citations omitted). This factor is of particular significance in this case because the Court is sitting by designation in the District of Maryland. *Cf. United States v. Rosenthal*, 32 F. Supp. 3d 774, 785 (S.D. Tex. 2013) (ordering intrastate transfer to division most convenient for the court in order to allow the court to "easily return from trial . . . to manage the Court's docket" in another division over the course of a forecasted month-long trial).

This Court's chambers are in Alexandria, Virginia. Baltimore is more than twice as far from Alexandria as Greenbelt. The fact that Greenbelt is more convenient for the Court is further evidenced by the Court's appreciation of the "parties' willingness to appear at the Greenbelt courthouse for future pretrial hearings." (ECF No. 31.) Because this Court must return regularly

---

[3]    The Court should give no weight to the Government's claim that a trial in Greenbelt would delay the prompt administration of justice because some witnesses will be traveling from Baltimore to Greenbelt, potentially causing time to be "wasted with gaps in the schedule or the need to start the trial day late or end it early." (Gov't Opp'n at 6-7.) As noted, this has no bearing on the prompt administration of justice, which relates solely to when trial *begins*. *See Lipscomb*, 299 F.3d at 341-42 (citation omitted). If it were relevant, requiring the Court and Mr. Ravenell's lawyers to commute over two hours each day of trial constitutes a greater risk of delay. (Def. Mot. at 6-7.) Scheduling witnesses and adjusting that schedule, even on the fly, is not new to any of the lawyers involved here, or to this Court. Those issues exist in any trial, and are expected to be dealt with by the lawyers involved.

to Alexandria during the month-long trial in order to attend to the Court's docket, this factor heavily favors holding this trial in Greenbelt.

## **CONCLUSION**

This Court's chambers are in Alexandria, Virginia; Defense counsel is in Washington, D.C.; Mr. Ravenell must regularly commute to Washington, D.C. to consult with counsel and review discovery during trial; and Greenbelt is more convenient or is a nonfactor for a majority of witnesses.  Greenbelt is the best venue for this trial.  For the reasons stated above and in Mr. Ravenell's Motion to Reconsider Venue, the undersigned moves this Court to enter an Order transferring the trial in this proceeding to the Greenbelt Division of the District of Maryland.


[SPACE INTENTIONALLY LEFT BLANK]

January 21, 2020

Respectfully submitted,

SCHULTE ROTH & ZABEL LLP

*/s/ Peter H. White*

_____
Peter H. White (D.C. Bar: 468746) (VA Bar: 32310)
Aislinn Affinito (D.C. Bar: 1033700) (CA Bar: 300265)
McKenzie Haynes (N.Y. Bar: 5683859)
Schulte Roth & Zabel
901 Fifteenth Street, NW, Suite 800
Washington, DC 20005
pete.white@srz.com
aislinn.affinito@srz.com
mckenzie.haynes@srz.com
*Attorneys for Kenneth Ravenell*


Outlaw PLLC

*/s/ Lucius T. Outlaw*

_____
Lucius T. Outlaw III (#20677)
Outlaw PLLC
1351 Juniper St. NW
Washington, DC 20012
(202) 997-3452
loutlaw3@outlawpllc.com
*Attorney for Kenneth Ravenell*

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of January, 2020, I caused a copy of Defendant's Reply in Support of Defendant's Motion to Reconsider Venue to be served upon counsel for the United States of America via ECF, and true and correct copies of the filing are available to all parties through ECF or Pacer.

*/s/ Aislinn Affinito*

_____

Aislinn Affinito, Esq.
*Attorney for Kenneth Ravenell*