IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.  ) | CASE NO. LO:19cr0449 |
| ) | |
| KENNETH RAVENELL, et al ) | |
| ) | |
| Defendants ) | |

## O R D E R

Having considered the United States of America's Motion to Exclude Time Pursuant to the Speedy Trial Act, (the Government's Motion), as well as the District of Maryland's Standing Orders Nos. 2020-20, 2020-21, and 2021-01, and good cause appearing, the Court finds as follows:

1.  The Superseding Indictment in this case was filed on December 17, 2020. Defendants Ravenell, Treem, and Gordon first appeared before a judicial officer of the court in which the charges in this case were pending on January 6, 2021. The Speedy Trial Act, 18 U. S. C. § 3161, requires that the trial commence no more than 70 days from initial appearance or indictment, subject to various exclusions provided by the Act.

2.  In response to the outbreak of the COVID-19 pandemic in the United States, on January 31, 2020, the Secretary of Health and Human Services declared a public health emergency for the entire United States. In addition, on March 13, 2020, the President of the United States declared a national emergency, and on March 5, 2020 the Governor of Maryland, Larry Hogan, declared a state of emergency related to the COVID-19 pandemic in the United States. And, on March 30, 2020, Governor Hogan further ordered that no Maryland resident should leave their

home unless it is for an essential job or for an essential reason, such as obtaining food or medicine, seeking urgent medical attention, or for other necessary purposes. The Centers for Disease Control and Prevention and other public health authorities have advised taking precautions to reduce the possibility of exposure to the virus and to slow the spread of the disease.

3. In light of these public declarations, on March 11, 2020, Chief Judge James K. Bredar entered an initial Standing Order imposing health- and travel-related limitations on access to Court facilities. *See* Standing Order No. 2020-02. Standing Order 2020-02 was subsequently amended on March 16 and March 20, 2020 and the Court also further restricted access to the Courthouse for limited personnel on Mondays, Wednesdays, and Fridays. *See* Amended Standing Order No. 2020-02; Second Amended Standing Order No. 2020-02; Order, *In re: Covid-19 Pandemic Procedures,*, Misc. No. 20-146, ECF 12. On March 20, 2020, Chief Judge Bredar entered another Standing Order suspending jury selection and jury trials in all criminal cases scheduled to start between March 20, 2020 and April 24, 2020. *See* Standing Order No. 2020-05. On April 10, 2020 Chief Bredar entered another Standing Order further suspending jury selection and jury trials in all criminal cases scheduled to start between March 16, 2020 and June 5, 2020. *See* Standing Order No. 2020-05. That Order provided that the time period of the continuances implemented by the Order were excluded under the Speedy Trial Act, based upon the Chief Judge's finding that the ends of justice served by ordering the continuances outweighed the bests interests of the public and any defendant's rights to a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)(A). On May 5, 2020 Chief Judge Bredar issued Standing Order 2020-11 which allows that "some criminal jury trials may commence on or after August 1, 2020 in the discretion of individual judges of this Court, after consultation with court staff regarding juror and participant safety and limited court capacity." Standing Order 2020-11 further excluded time under the Speedy Trial Act through July 31, 2020.

On November 11, 2020, Chief Judge Bredar issued Standing Order 2020-20, which suspended all in-court hearings and proceedings for two weeks due to worsening public health data concerning the COVID-19 pandemic. On November 19, 2020, Chief Judge Bredar issued Standing Order 2020-21, which extended the suspension of all in-court hearings and proceedings through January 15, 2021. On January 4, 2021 Chief Judge Bredar issued Standing Order 2021-01 which further extended the suspension of in-court proceedings until February 26, 2021.

4. The conditions imposed by the Standing Orders cited above, and related orders, were necessary to reduce the size of public gatherings and reduce unnecessary travel in order to ensure the health and safety of the public, Court employees, litigants, counsel, interpreters, law enforcement officials, and jurors who must work and interact in close quarters.

5. Given the grave public-health concerns discussed in the Standing Orders, the Court's reduced ability to obtain an adequate spectrum of jurors, and the reduced availability of attorneys and Court staff to be present in courtrooms because of the public health considerations described above, as well as the additional facts set forth in the Government's Motion (which the Court incorporates here), the ends of justice served by scheduling the trial more than 70 days from the date of the Defendants' initial appearances outweigh the best interest of the public and Defendants in a speedy trial.

6. An attempt to convene a trial in this matter within 70 days of the Defendants' initial appearances would likely

    a. prove impossible or result in a miscarriage of justice, particularly given the need for a full, unhindered, continuously serving jury venire and seated jury, which is central to the sound administration of justice;

    b. put counsel, parties, witnesses, jurors, and Court personnel at

unnecessary risk;

        c.      deny all counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence, given the restrictions imposed by current public-health concerns; and

        d.      result in a miscarriage of justice because this case is unusual and complex, due to the number of defendants, the nature of the prosecution, and voluminous discovery.

7. Scheduling a trial in this matter more than 70 days after the Defendants' initial appearances is not based on congestion of the Court's calendar, lack of diligent preparation on the part of counsel for the Government or the Defendants, or failure on the part of the Government to obtain available witnesses.

8. On January 26, 2021 the Court arraigned the Defendants, with counsel present, on the Superseding Indictment by video conference. At the hearing the Court set the case for trial by jury on December 6, 2021 in the Baltimore, Maryland courthouse. The setting of the trial date was preceded by a discussion about the Government's Motion to Exclude Time Pursuant to the Speedy Trial Act. Each of the Defendants asserted their rights under the Speedy Trial Act and objected to the Government's Motion in part. While the Court indicated it was not inclined to grant the blanket motion, after a full discussion about the available dates for trial and the status of the opening of the Maryland courthouse for trials, and the Court's own trial schedule, the Court was, regrettably, required to set the trial for December 6, 2021, almost eleven months from the hearing date.

9. The Court finds that there is good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161. Therefore, the time period of January 7, 2021 to December 6, 2021 is excluded in computing the time within which the trial must commence,

pursuant to

    a.    18 U.S.C. § 3161(h)(3), in light of the unavailability of essential witnesses; and

    b.    18 U.S.C. § 3161(h)(7)(a), (h)(7)(B)(i), and (h)(7)(B)(ii) having found that the ends of justice served by a continuance of the trial and exclusion of Speedy Trial Act time outweigh the best interests of the Defendants and the public.

10. Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

**IT IS SO ORDERED.**

_____
Liam O'Grady
United States District Judge

March 26 2021