# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| v. | * | **CRIMINAL NO.  LO-19-0449** |
| | * | |
| | * | |
| **KENNETH RAVENELL, et al.** | * | |
| | * | |
| **Defendants.** | * | |
| | ****** | |

## DEFENDANTS' MOTION AND MEMORANDUM TO DISMISS COUNT SEVEN OR STRIKE COUNT FOUR, PARAGRAPHS 106.a. AND b. AS SURPLUSAGE

Defendants, by their undersigned counsel, move this Honorable Court to dismiss Count Seven of the Superseding Indictment or strike as surplusage paragraphs 106.a and b of Count Four that are incorporated by reference into Count Seven for the reasons set forth below.

### INTRODUCTION

Count Seven, paragraph 2, charges that Ravenell and Treem "did knowingly conceal, cover up, falsify and make false entries" in a two-page letter to a United States District Court Judge dated February 8, 2018.[1] The letter states that R.B., a witness interviewed by Treem, attempted to extort Ravenell in exchange for favorable testimony. As "background," the letter explains that "[i]n the course of our meeting on September 9th [R.B.] orally confirmed numerous facts that were exculpatory as to

---

[1] The letter is Exhibit 2, to the Defendants' Motion and Memorandum to Dismiss Counts Four and Five for Failure to Allege an Adequate Nexus.

Ravenell in USAO's ongoing investigation." The letter states that R.B. reaffirmed those facts on September 10 and does not state that R.B. retracted his exculpatory statements on September 10. Accordingly, the government alleges that Treem "did knowingly conceal [and] cover up" from a federal judge R.B.'s adverse statements on September 10. Count Seven, ¶ 2.

In advising the district judge who sentenced R.B. of R.B.'s potentially criminal conduct, the defendants had absolutely no duty to disclose R.B.'s inculpatory statements on September 10. Rather, Treem had a duty not to disclose potentially adverse facts.[2] Accordingly, the alleged failure to disclose is not a crime and Count Seven must be dismissed. In the alternative, paragraphs 106a and 106b of Count Four, incorporated by reference into Count Seven, must be struck as surplusage.

## I.   ABSENT A DUTY, A FAILURE TO DISCLOSE CANNOT BE THE BASIS FOR A CRIMINAL CHARGE.

Omissions can be the basis for a criminal offense only when there is a duty to disclose. Such a duty must be rooted in statute, governmental, regulation or form, or by virtue of a fiduciary duty or some other relationship of trust. *See Chiarella v. United States*, 445 U.S. 222, 228 (1980) ("one who fails to disclose material information . . . commits fraud only when he is under a duty to do so.").[3]

---

[2] Not disclosing that R.B. reversed himself on the second day can hardly be accorded a sinister motive—it had no bearing on the subject of the letter. And even if it did, there is no way to connect the dots from the omission to an intent to obstruct.

[3] *See also United States v. Safavian*, 528 F.3d 957, 964 (D.C. Cir. 2008)("there must be a legal duty to disclose in order for there to be a concealment offense in violation of §1001(a)(1)); *United States v. Matthews*, 787 F.2d 38, 46, 49 (2nd Cir. 1986)(a candidate for a board of directors who fails to disclose his uncharged participation in a federal conspiracy cannot be convicted under the securities laws for a failure to

Without a duty to disclose, prosecuting someone for an omission would not give fair notice that such conduct could violate a criminal law. *See United States v. Harriss*, 347 U.S. 612, 617 (1954) ("The constitutional requirement of definiteness is violated by a criminal statute that fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute. The underlying principle is that no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed."); *see also Matthews*, 787 F.2d at 49; *United States v. Barrow,* 2021 WL 663188 (D.D.C. Feb. 19, 2021) at *4 (The requirement of a duty of disclosure for false statement based on omission "arises out of the constitutional prerogative that an individual charged with a crime must have been on notice that his conduct could violate the law.").[4]

Nor is it the case that once one has begun to speak in the course of seeking official action, full disclosure is required. As the court in *Safavian* explained, 528 F.3d at 965:

---

disclose in the absence of a legal requirement to do so); *United States v. Calhoon*, 97 F.3d 518, 526 (11th Cir. 1996)("Falsity through concealment exists where disclosure of the concealed information is required by a statute, government regulation or form."); and *United States v. Crop Growers Corp.*, 954 F.Supp. 335, 344-46, 48(D.D.C. 1997) (failure to disclose uncharged FECA violation does not violate securities law in the absence of a legal requirement to do so and cannot be "predicated on professional standards not codified in any statute or regulation) (collecting Circuit cases holding that the "concealment" provision of Section 1001 require a duty to disclose).

[4] To be sure, when there is a duty of disclosure, failing to include material information in a record may violate 18 U.S.C. § 1519. *See United States v. Moyer*, 674 F.3d 192, 207 (3rd Cir. 2012) ("It borders on the ridiculous to assert that a Chief of Police would *not* have a duty to disclose the identity of suspects in his official police reports . . . .") (emphasis in orig.).

The government also invoked, in support of the verdict on the concealment charges . . . "the principle that once one begins speaking when seeking government action . . . one must disclose all relevant facts." Gov't Br. 23. The government cites no regulation or form or statute to this effect and the defense maintains that no such general principle exists. Attorneys commonly advise their clients to answer questions truthfully but not to volunteer information. Are we to suppose that once the client starts answering a government agent's questions, in a deposition or during an investigation, the client must disregard his attorney's advice or risk prosecution under §1001(a)(1)? The government essentially asks us to hold that once an individual starts talking, he cannot stop. We do not think § 1001 demands that individuals choose between saying everything and saying nothing. No case stands for that proposition.

Here, the government cites no legal requirement that Attorney Treem address R.B.'s subsequent inconsistent statements on the second day and therefore, no crime flows from the omission.[5]

## II.   TREEM HAD A DUTY NOT TO DISCLOSE INFORMATION HE BELIEVED POTENTIALLY ADVERSE TO HIS CLIENT.

"Rule 1.6 of the Professional Code relates to the attorney's general duty to maintain the confidentiality of all aspects of a client's representation." *Fundamental Admin. Services, LLC v. Anderson,* 18 F. Supp.3d 680, 682-83 (D. Md. 2014) (citation omitted). Absent the client's consent, Mr. Treem was not at liberty to divulge the attorney work-product from his representation of Mr. Ravenell. *Hanson v. U.S.*

---

[5] As defendants have pointed out in a separate motion, the government's allegation that the defendants were obliged to disclose inculpatory information in a letter to a federal judge cannot be reconciled with the government's right to omit exculpatory information from search warrant affidavits or from the evidence put before a grand jury. *See* Motion and Memorandum to Dismiss Counts Four, Five, Six and Seven, Because Defendants Acted Lawfully in the Course of Providing Bona Fide Legal Representation.

*Agency for Int'l Dev.*, 372 F.3d 286, 294 (4th Cir. 2004) ("an attorney may not unilaterally waive the privilege that his client enjoys").

### III.   RAVENELL ENJOYED A FIFTH AMENDMENT PRIVILEGE NOT TO DISCLOSE ANY ADVERSE STATEMENTS MADE BY R.B.

Treem was compelled to advise the Court of the existence of a crime that could undermine judicial proceedings. *See United States v. Shaffer Equip. Co.*, 11 F.3d 450, 457-58 (4th Cir. 1993) (describing general duty "in connection with an attorney's role as an officer of the court" to disclose matters that may undermine integrity of judicial process); ABA Rules of Professional Responsibility 3.3-12 (requiring lawyer to take reasonable remedial measures when lawyer "knows that a person . . . is engaging or has engaged in criminal or fraudulent conduct related to the proceeding"). At the same time, a requirement to disclose incriminating information about a clients' past conduct is inconsistent with the Fifth Amendment. *See, e.g., Albertson v. Subversive Activities Control Board*, 382 U.S. 70, 79 (1965).

Consequently, a lawyer's ongoing obligation to advise a court of current misconduct by a fact witness (who is not a client) cannot require the lawyer to disclose incriminating information about a client's past conduct. To so require would implicate the Fifth Amendment and force the lawyer to choose between reporting a possible crime and protecting his client's Fifth Amendment privilege. Nonetheless, in Count Seven, the government has indicted Ravenell for his failure to disclose potentially inculpatory information. In so charging, the government ignores Ravenell's Fifth Amendment privilege not to say anything as to his own conduct in the context of a

5

letter reporting potential wrongdoing by another. Under these circumstances, the dismissal of this count is appropriate. Charging wrongdoing for an alleged failure to disclose something Treem and Ravenell had no duty to disclose indicates that the grand jury, like the government, misunderstood the rights and obligations of a defense counsel as well as Ravenell's Fifth Amendment privilege.

However, if the Court does not dismiss the Count, then it should strike as surplusage the allegations that Treem and Ravenell failed to disclose what R.B. said on the second day, pursuant to Fed. R. Crim. P. 7(d). A motion to strike surplusage from an indictment should be granted when the allegations are irrelevant to the charge and are inflammatory and prejudicial. *United States v. Singhal*, 876 F. Supp.2d 82, 108 (D.D.C. 2008) (where an indictment alleged a failure to disclose where no legal obligation to disclose existed, the Court struck allegations implying an obligation to disclose. *Id.* at 103).

## CONCLUSION

For the reasons expressed, Defendants request that the Motion to Dismiss Count Seven, or in the alternative, strike paragraphs 106a. and b. of Count Four as surplusage, be granted.

Respectfully submitted,

SCHULTE ROTH & ZABEL LLP
*/s/ Peter H. White*
Peter H. White (DC Bar: 468746) (VA Bar: 32310)
Aislinn Affinito (DC Bar: 1033700) (CA Bar: 300265)
McKenzie Haynes (NY Bar: 5683859)
Schulte Roth & Zabel
901 Fifteenth Street, NW, Suite 800
Washington, DC 20005
pete.white@srz.com
aislinn.affinito@srz.com
mckenzie.haynes@srz.com

OUTLAW PLLC
*/s/ Lucius T. Outlaw*
Lucius T. Outlaw III (#20677)
Outlaw PLLC
1351 Juniper St. NW
Washington, DC 20012
(202) 997-3452
loutlaw3@outlawpllc.com

*Attorneys for Kenneth Ravenell*

SCHERTLER ONORATO MEAD & SEARS, LLP
/s/*Robert P. Trout*
Robert P. Trout, Bar No. 01669
901 New York Ave., NW, Suite 500
Washington, DC 20006
Telephone: (202) 675-4410
Facsimile: (202) 628-4177
rtrout@schertlerlaw.com

/s/  *Daniel F. Goldstein*
Daniel Goldstein, Bar No. 01036
131 Rte 9A
Spofford, NH 03462
Telephone: (410) 218-8537
dan@gold-stein.com

*Attorneys for Joshua Treem*


OFFICE OF THE FEDERAL PUBLIC DEFENDER
/s/  *Geremy C. Kamens*
Geremy C. Kamens
Admitted Pro Hac Vice
Office of the Federal Public Defender
1650 King St., Suite 500
Alexandria, Virginia 22314
Telephone: 703-600-0800
Facsimile: 703-600-0880
Geremy_Kamens@fd.org


LEGRAND LAW PLLC
/s/  *Rebecca S. LeGrand*
Rebecca S. LeGrand
Bar No. 18351
1100 H St. NW, Suite 1220
Washington, DC 20005
Telephone: 202-587-5725
Facsimile: 202-795-2838
rebecca@legrandpllc.com

*Attorneys for Sean Gordon*

<u>CERTIFICATE OF SERVICE</u>

     I hereby certify that on this 30th day of March, 2021, I caused a copy of Defendants' Motion and Memorandum in Support of the Motion to Dismiss Count Seven or Strike Count Four, Paragraphs 106.a. and b. as Surplusage to be served upon counsel for the United States of America via ECF and that true and correct copies of the filing are available to all parties through ECF and/or PACER.

                         /s/ Robert P. Trout

                         Robert P. Trout
                         *Attorney for Joshua R. Treem*