IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Case No. 19-CR-449 |
| | ) | |
| **KENNETH W. RAVENELL, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**RESPONSE OF DEFENDANT JOSHUA R. TREEM
TO MOTION TO FILE UNDER SEAL**

The superseding indictment's accusation of serious misconduct by defendant Joshua R. Treem has done incalculable harm to a stellar reputation of close to fifty years in the making, not to mention the threat that a criminal indictment represents to any defendant's freedom. Mr. Treem intends to respond vigorously to the government's accusations, and he intends to do so publicly. The Sixth Amendment assures him of that right.

The court has entered a protective order that addresses pretrial motions only as follows:

> 3. Access to the Protected Information shall be restricted to each defendant; each defendant's attorneys of record; attorneys, paralegals and staff employed at their respective firms and the Office of the Federal Public Defender for the Eastern District of Virginia (FPDO); and any investigator or expert working as part of each defense team on this case and for the purpose of preparing to defend each defendant against the charges filed in this case, including using the Protected Information at trial *or any other hearings in this matter*.
>
> 6. Where appropriate the defendants' attorneys must redact any personal identifying information in the Protected Information that will be used in an exhibit at trial *or in connection with any motion or hearing*.

Nowhere does the protective order direct that Protected Information filed in connection with a motion or hearing be filed under seal. Yet, even though the protective order simply requires that personal identifying information be redacted in connection with any motion or hearing, the government has broadly insisted that in the pretrial motions the defendants were preparing to file, there must be no public disclosure of certain important information—having nothing to do with personal identifying information—that was derived from the government's discovery. Mr. Treem does not believe the protective order can properly be read as broadly as the government does. Moreover, to the extent that the protective order is interpreted to require that the litigation of these pretrial motions be conducted under seal and in secret, or that it be conducted publicly only on a partial record, the protective order violates Mr. Treem's Sixth Amendment rights. Mr. Treem therefore objects. Mr. Treem asks that the court clarify that the protective order does not preclude the defendants from publicly filing any pretrial motions or from attaching, in good faith, any exhibits that counsel deems are appropriate, subject of course to the requirement that personal identifying information be redacted.

Mr. Treem does not intend to take any action that the court might consider a violation of the existing protective order, nor does he wish to delay filing of pretrial motions pending resolution of whether the public is entitled to have full access to all of the pretrial motions. Thus, anticipating that at least initially the court will grant the seal order that Mr. Treem's co-defendants have requested as a stop gap, Mr.

Treem will make appropriate redactions on any publicly filed motions. But Mr. Treem does intend to file a motion to vacate any seal order that the court may grant on the motion that his co-defendants have requested.

                                              Respectfully submitted,

                                              JOSHUA R. TREEM

                                              /s/ Robert P. Trout
Robert P. Trout, Bar No. 01669
Schertler Onorato Mead & Sears, LLP
901 New York Ave., N.W., Suite 500
Washington, D.C. 20001
Tel.: (202) 675-4410
Facsimile: (202) 628-4177
rtrout@schertlerlaw.com

/s/ Daniel Goldstein
Daniel Goldstein, Bar No. 01036
131 Rte 9A
Spofford, NH 03462
Telephone: (410) 218-8537
dan@gold-stein.com

*Attorneys for Joshua R. Treem*

## CERTIFICATE OF SERVICE

     I hereby certify that on this 30th day of March, 2021, I caused a copy of Response of Defendant Joshua R. Treem to Motion to File Under Seal to be served upon counsel for the United States of America via ECF and that true and correct copies of the filing are available to all parties through ECF and/or PACER.

                                              /s/ Robert P. Trout
                                              Robert P. Trout
                                              *Attorney for Joshua R. Treem*