**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | Criminal No. LO-19-0449 |
| **KENNETH W. RAVENELL et. al** | * | **UNDER SEAL** |

\* \* \* \* \* \* \* \* \* \* \*

**RAVENELL'S SUPPLEMENTAL REPLY IN SUPPORT OF**
**DEFENDANTS' MOTION FOR EVIDENTIARY HEARING**

Mr. Kenneth Ravenell, by and through undersigned counsel, respectfully submits this supplemental reply in support of the Defendants' Motion for an Evidentiary Hearing (Dkt. No. 297). This supplemental reply is filed separately by Mr. Ravenell because it relies on and discusses discovery provided by the Government that is not possessed by Mr. Treem.

The discovery of significance are visitor log excerpts from two detention facilities where Richard Byrd, the government's key cooperating witness in this case, resided in 2015 and 2017. The log excerpts show that the government, specifically Assistant U.S. Attorney James Warwick (who at the time was in charge of Mr. Byrd's federal criminal case and the investigation of Mr. Ravenell), and law enforcement agents working with Mr. Warwick, visited Mr. Byrd numerous times ahead of Mr. Byrd's September 2017 meeting with Mr. Treem and Mr. Gordon. The first excerpt shows that Mr. Warwick and two agents/officers met with Mr. Byrd and his attorneys at the Northern Neck Regional Jail in Warsaw, Virginia, on October 7, 2015.[1] Ex. 1. The second

---

[1] As the log reflects, two attorneys for Mr. Byrd were present at the 2015 meeting: Mr. William Brennan and Mr. William Mitchell. Mr. Brennan is the law partner of Mr. Michael Lawlor, Esq., who represented Mr. Byrd when he pled guilty in his Maryland federal case. *See* *https://www.brennanmckenna.com/attorney-profiles/* (website of Brennan, McKenna, & Lawlor, Chtd. As part of his § 2255 effort to vacate his Maryland federal sentence, Mr. Byrd alleges that Mr. Lawlor

excerpt is from the Arizona Maricopa jail where Richard Byrd was detained in 2017, and where the government secretly recorded Mr. Byrd's meeting with Mr. Treem and Mr. Gordon. Ex. 2 (annotated to highlight visits by Mr. Warwick and government agents/officers and Mr. Byrd's attorney and September meetings between Mr. Byrd, Mr. Treem, and Mr. Gordon). *Id.* Mr. Warwick and the officers/agents visited and met with Mr. Byrd at the Arizona jail on June 29, 2017, and August 15, 16, and 17, 2017. *Id.* Mr. Byrd's attorney, Mr. Gregory Dolin, was present for these meetings.[2] *Id.* In sum, the government had at least five (5) meetings with Mr. Byrd and his lawyers prior to the secretly recorded defense meeting on September 9 and 10, 2017, including three meetings just a few weeks prior. Mr. Ravenell and the other defendants have received no discovery to date revealing the substance of these meetings between Mr. Byrd and the government.

For the reasons explained next, the visitor logs and the meetings they reflect provide further support for why the evidentiary hearing requested by the defense is warranted and necessary.

**I.   THE VISITOR LOGS FURTHER EXPOSE HOW THE GOVERNMENT VIOLATED *BRADY* BY NOT TIMELY PRODUCING THE RECORDING OF MR. RAVENELL'S DEFENSE MEETING WITH MR. BYRD.**

The government claims that it did not violate *Brady* by not timely producing the recording of Mr. Ravenell's defense team's interview of Mr. Byrd in September 2017 because Messrs. Treem and Gordon were present at the interview. *See* Dkt. No. 276. For the reasons already stated the government is wrong. *See* Dkt. No. 278.

---

improperly conspired to prevent Mr. Byrd from serving as a cooperator against Mr. Ravenell). *See United States v. Richard Byrd,* 14-00186-RDB (D. MD), Dkt. No. 503 at 13-15.

[2] Mr. Dolin is listed as Mr. Byrd's current attorney for Mr. Byrd's Maryland federal case, and is the attorney signatory on Mr. Byrd's § 2255 (*United States v. Richard Byrd,* 14-00186-RDB (D. MD), Dkt. No. 503) and Mr. Byrd's appeal before the Fourth Circuit (*United States v. Richard Byrd,* 14-4086 (4th Cir.) at Dkt. No. 41).

What is beyond dispute, however, is that no one for the defense was present at the October 2015, June 2017, or August 2017 meetings between Mr. Byrd and the government.  If Mr. Byrd's statements to Messrs. Treem and Gordon on September 9 or 10, 2017 conflict with the statements and information he provided about Mr. Ravenell to the government in October 2015 and/or in June and August 2017, that conflict transforms the recording into *Brady* for a separate and independent basis.  *See United States v. Bagley,* 473 U.S. 667, 676 (1985) ("Impeachment evidence, however, as well as exculpatory evidence, falls within the *Brady* rule. . . .This Court has rejected any distinction between impeachment evidence and exculpatory evidence."); *see also United States v. Triumph Capital Group, Inc.,* 544 F.3d 149, 161-165 (2d Cir. 2008) (reversing defendant's racketeering, bribery, and wire fraud convictions because the government failed to timely produce as *Brady* notes taken by a government agent during a proffer by the attorney of a key government witness that memorialized representations that conflicted with the FBI interview report about the representations, the witness's grand jury testimony, and the witness' trial testimony).

The visitor log excerpts plus the government's revelation about what occurred after day one of the defense's interview of Mr. Byrd provide reasonable bases to believe that Mr. Byrd's statements to the defense conflict with his prior statements to the government.[3] Any material conflicts constitute an independent *Brady* basis that reaches the recording, and it is a basis that the government's "defense was present" justification cannot diminish, mitigate, or eliminate.  In short,

---

[3] During a sealed portion of the motions hearing of July 7, 2021, Asst. U.S. Attorney Matthew Maddow stated that after the first day of Mr. Byrd's meeting with Mr. Ravenell's defense team, the government directed Mr. Byrd to "tell the truth" during the second day of the meeting. Ex. 3.  Following (and likely as a result of) this instruction, Mr. Byrd provided a completely opposite account during the second day of the meeting. It is reasonable to believe that the government's "tell the truth" direction was because Mr. Byrd's statements to the Ravenell defense team on September 9, 2017 conflicted with the statements he provided the government previously.

the recording is *Brady* if it conflicts with what Mr. Byrd *told the government in October 2015 and/or July and August 2017* (or any other time), and not just because he provided exculpatory and conflicting statements to Mr. Treem and Mr. Gordon in September 2017. An evidentiary hearing is needed to explore and confirm that such conflicts exist, and therefore the government violated its *Brady* obligation in not producing the recording earlier to Mr. Ravenell when he was the sole defendant.

**II.    AN EVIDENTIARY HEARING IS NEEDED TO EXPLORE THE SCOPE OF THE GOVERNMENT'S *BRADY* VIOLATION.**

Mr. Ravenell is also entitled to an evidentiary hearing to explore whether the government's *Brady* failure extends beyond the defense interview recording. As stated in the defendant joint motion and reply for an evidentiary hearing, the government has given the defense and the Court inconsistent accounts about when Mr. Byrd began cooperating and his status as a witness/cooperator during his interview with the defense. If Mr. Byrd began cooperating with the government in 2015 and provided additional information to the government in June and/or August 2017 (as the visitor log exhibits suggest), and such information conflicts with Mr. Byrd's statements to others, such as Mr. Ravenell's defense team, the government on other occasions, or the grand jury, then there are likely additional unproduced materials in the government's possession that constitute *Brady* material. Such materials may include writings or recordings that memorialize Mr. Byrd's meetings with the government and communications between the government and Mr. Byrd (including Mr. Byrd's attorney).[4]

---

[4] For instance, in the event that Mr. Byrd testified before a grand jury connected to this case, and his testimony conflicts with the statements that he made to Mr. Treem and Mr. Gordon in September 2017, such a conflict would provide an additional reason for why the recording of Mr. Ravenell's defense team's meeting with Mr. Byrd constitutes *Brady* material, and it should have been produced earlier in this prosecution.

Respectfully submitted,

-----------/s/-------------

Lucius T. Outlaw III (#20677)
Outlaw PLLC
loutlaw3@outlawpllc.com
1351 Juniper St. NW
Washington, DC 20012
(202) 997-3452


SCHULTE ROTH & ZABEL LLP
Peter H. White
Aislinn Affinito
McKenzie Haynes
Schulte Roth & Zabel
901 Fifteenth Street, NW, Suite 800
Washington, DC 20005
pete.white@srz.com
aislinn.affinito@srz.com
mckenzie.haynes@srz.com

*Attorneys for Kenneth Ravenell*


## CERTIFICATE OF SERVICE

I certify that on August 23, 2021, this sealed supplemental reply and exhibits were provided to all counsel of record via email.

------------/s/-------------

Lucius T. Outlaw III