IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Case No. 19-CR-449 |
| | ) | |
| **KENNETH W. RAVENELL, et al.,** | ) | **UNDER SEAL** |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANTS' REPLY REGARDING WHETHER ANY PENDING MOTIONS HAVE BEEN RENDERED MOOT BY THE SECOND SUPERSENDING INDICTMENT**

The government correctly states that the filing of a superseding indictment does not void a previously filed indictment. Gov't Resp. at 1, ECF 312. It incorrectly states that the Fourth Circuit has not addressed the question. It has, albeit in an unpublished decision. *United States v. Jordan*, 807 F. App'x 201, 202 (4th Cir. 2020) ("A superseding indictment is 'a second indictment issued in the absence of a dismissal of the first.' Thus, the superseding indictment and the original indictment can coexist ….") (citations omitted). Because the Superseding Indictment remains pending, all of the unresolved motions that have been filed, including Defendants' Motion to Disclose the Government's Presentation of the Law to the Grand Jury, ECF 184, are not moot.

Furthermore, Federal Rule 12(d) requires courts to "decide every pretrial motion before trial" in the absence of good cause to defer a ruling. Fed. R. Crim. P. 12(d). Nothing in the Federal Rules or statutes suggests that the mere filing of a

superseding indictment "procedurally moots" previously-filed motions that remain applicable to both an original and superseding indictments. As such, the conclusion that the defense must refile or renew un-adjudicated pretrial motions would be contrary to Federal Rule of Criminal Procedure 2 requiring the Federal Rules to be construed "to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay." Fed. R. Crim. P. 2. *Cf. Davis v. Fidelity Technologies Corp.*, 180 F.R.D. 329 (W.D. Tenn. 1998) (refusing to require plaintiff to "perform the useless act of refiling [a] motion" that was prematurely filed in accordance with Federal Rule of Civil Procedure 1 that Rules should promote just, speedy, and inexpensive determination of every action).

The government is also incorrect that questions of fact arising from the documentation of R.B.'s exculpatory statements preclude the Court from deciding as a matter of law that Counts Four, Five, Six, and Seven should be dismissed pursuant to 18 U.S.C. § 1515(c). Based on the allegations in the indictment and undisputed facts, there is no material dispute with respect to the lawfulness of the KWR Combined Notes with R.B.'s signature, the Gordon declaration, and the letter to a U.S. District Judge.

The ***only*** reason for the defense to document R.B.'s exculpatory statements from the September 9 and 10, 2017, interview was for use as impeachment at trial pursuant to Federal Rule of Evidence 613. *Joyner v. United States*, 547 F.2d 1199, 1202 (4th Cir. 1977) ("The long-accepted rule in American courts has been that prior inconsistent statements are not to be treated as having any substantive or

independent testimonial value. Consequently, such have been admitted solely for impeachment purposes ...."); *cf. Intel Corp. v. VIA Techs., Inc.*, 204 F.R.D. 450, 451–52 (N.D. Cal. 2001) ("[W]itnesses testify orally at trial. Their prior declarations, if any, evaporate for all practical purposes and are made part of the evidentiary record only via impeachment."). In other words, "prior self-contradictions are not to be treated as having independent testimonial value." *Martin v. United States*, 528 F.2d 1157, 1159-60 (4th Cir. 1975).

The question of law for purposes of the outstanding Motion to Dismiss the obstruction counts based upon 18 U.S.C. § 1515(c) is thus whether the Second Superseding Indictment (along with the undisputed facts) sufficiently allege conduct done with corrupt or wrongful intent that does *not* constitute the provision of lawful and bona fide legal representation services.

The only allegation in the Second Superseding Indictment that addresses *substantive* impeachment evidence is that the defendants wrongly documented that R.B. assented to all 53 exculpatory statements in the KWR Combined Notes, when in fact "R.B. never read or acknowledged the truthfulness of" items 23-26. Second Superseding Indictment Count 4 ¶¶ 37, 84. Yet the Second Superseding Indictment mirrors the Superseding Indictment in that it never alleges that "the defendants *knowingly* included the four omitted statements in the list" of exculpatory statements assented to by R.B. Reply Support 1515(c) Mot. Dismiss at 13, ECF 242. Nor could it, given the undisputed fact that R.B. agreed to read from the list and "answer every question," and then skipped the four items while reading from the only copy of the

KWR Combined Notes across the table from Mr. Treem and Mr. Gordon. *Id.*; Mot. Dismiss at 5 n.2, ECF 173.[1]

The failure of the Second Superseding Indictment to allege that the Defendants *intentionally* included the four omitted statements in describing R.B.'s prior assent to "all 53 exculpatory statements in the KWR Combined Notes" requires dismissal of that allegation. *United States v. Pupo*, 841 F.2d 1235, 1239 (4th Cir. 1988) (failure to allege defendants acted knowingly or intentionally requires dismissal of counts).

The remaining allegations about the documentation of R.B.'s prior statements — that R.B. was never asked if he had changes to make before signing the KWR Combined Notes, that R.B. did not consider the accuracy of the statements overnight, and that R.B. did not express hesitancy, disapproval, or disagreement when he affirmed the exculpatory statements on September 9, 2017 — are likewise "not to be treated as having any substantive or independent testimonial value." *Joyner*, 547 F.2d at 1202. Nor do these alleged misrepresentations affect the admissibility of the documents at issue as extrinsic evidence of a prior inconsistent statement. *Cf. Frazier v. Cupp*, 394 U.S. 731, 739 (1969) (holding that factual misrepresentations by police to obtain confession did not make it inadmissible); *Illinois v. Perkins*, 496 U.S. 292, 297 (1990) (same); *United States v. Whitfield*, 695 F.3d 288, 303 (4th Cir. 2012)

---

[1] In the Due Process Protection Act Motion, Defendants requested that the government disclose whether R.B., while reading the list of exculpatory statements, knew that he skipped statements numbered 23-26. ECF 222 at 4-5. The government has not produced this information to the defense. But it is reasonable to infer that the government could not, in good faith, accuse the defendants of knowingly making a false statement if R.B. did not realize — after agreeing to review every statement — that he had skipped over the four items.

(misleading or deceptive conduct that does not "critically impair[]" a defendant's "capacity for self-determination" does not render confession inadmissible).

Conduct designed to obtain admissible evidence for use in a trial falls squarely within the definition of lawful, bona fide, legal representation services for purposes of 18 U.S.C. § 1515(c). In this case, the undisputed purpose of documenting R.B.'s exculpatory statements was entirely lawful and authorized by Federal Rule of Evidence 613. Furthermore, the Second Superseding Indictment fails to allege that the defendants knowingly fabricated *any* exculpatory statements for potential use in impeaching R.B.'s adverse testimony at a trial.

The claim that – even though the defendants engaged in entirely lawful legal representation by documenting R.B.'s exculpatory statements about Mr. Ravenell – the defendants committed multiple felonies for the purpose of wrongly recording that R.B. considered his answers overnight, was asked if he wanted to make changes to the KWR Combined Notes, and did not hesitate in affirming the exculpatory statements on September 9, 2017, makes no sense. Indeed, the government has no answer to the argument that alleged misstatements about the *manner* in which R.B. agreed to the exculpatory statements fail to establish obstructive intent. Defts' Resp. Regarding Mootness, ECF 294, at 2-3 (citing *Arthur Andersen LLP v. United States*, 544 U.S. 696, 705–06 (2005) (corrupt intent requires proof that defendant is "conscious of wrongdoing" and acts with "wrongful, immoral, depraved, or evil" intent); *United States v. Edlind*, 887 F.3d 166, 173 (4th Cir. 2018) ("[T]he word 'corruptly' is what serves to separate the criminal and innocent acts of influence.")

(internal citation and quotation marks omitted); *United States v. Stevens*, 771 F.Supp.2d 556, 562 (D. Md, 2011) (holding that 18 U.S.C. § 1519 requires "proof that [a] defendant acted with specific, wrongful intent" to obstruct justice)).

Finally, the Second Superseding Indictment contains identical language from the Superseding Indictment establishing that R.B. implied that he would provide favorable testimony about Mr. Ravenell in return for money. Second Superseding Indictment ¶¶ 34, 59, 63, 79; Reply Support Mot. Dismiss 1515(c) at 17-18. Those allegations demonstrate as a matter of law that the letter to the U.S. District Judge was done for a lawful purpose. *See* Mot. Dismiss ECF 173 at 9 n.3 (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 457-58 (4th Cir. 1993)).

Respectfully submitted,

SCHULTE ROTH & ZABEL LLP
*/s/ Peter H. White*
Peter H. White (D.C. Bar: 468746) (VA Bar: 32310)
Aislinn Affinito (D.C. Bar: 1033700) (CA Bar: 300265)
McKenzie Haynes (N.Y. Bar: 5683859)
Schulte Roth & Zabel
901 Fifteenth Street, NW, Suite 800
Washington, DC 20005
pete.white@srz.com
aislinn.affinito@srz.com
mckenzie.haynes@srz.com

OUTLAW PLLC
*/s/ Lucius T. Outlaw*
Lucius T. Outlaw III (#20677)
Outlaw PLLC
1351 Juniper St. NW
Washington, DC 20012
(202) 997-3452
loutlaw3@outlawpllc.com

*Attorneys for Kenneth Ravenell*

SCHERTLER ONORATO MEAD & SEARS, LLP
/s/*Robert P. Trout*
Robert P. Trout, Bar No. 01669
901 New York Ave., NW, Suite 500
Washington, DC 20006
Telephone: (202) 675-4410
Facsimile: (202) 628-4177
rtrout@schertlerlaw.com


/s/_*Daniel F. Goldstein*
Daniel Goldstein, Bar No. 01036
131 Rte 9A
Spofford, NH 03462
Telephone: (410) 218-8537
dan@gold-stein.com

*Attorneys for Joshua Treem*


OFFICE OF THE FEDERAL PUBLIC DEFENDER
/s/ *Geremy C. Kamens*
Geremy C. Kamens
Admitted Pro Hac Vice
Office of the Federal Public Defender
1650 King St., Suite 500
Alexandria, Virginia 22314
Telephone: 703-600-0800
Facsimile: 703-600-0880
Geremy_Kamens@fd.org


LEGRAND LAW PLLC
*/s/ Rebecca S. LeGrand*
Rebecca S. LeGrand
Bar No. 18351
1100 H St. NW, Suite 1220
Washington, DC 20005
Telephone: 202-587-5725
Facsimile: 202-795-2838
rebecca@legrandpllc.com

*Attorneys for Sean Gordon*

7