**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

UNITED STATES OF AMERICA,

v.

KENNETH W. RAVENELL, et al.,

*Defendants.*

Civil Action No. 1:19-cr-0449
Hon. Liam O'Grady
**(UNDER SEAL)**

**ORDER**

**Introduction**

This matter comes before the Court on the Government's motion to modify the review process for information contained on the laptop computer of the Defendant, Kenneth Ravenell ("Ravenell"). Dkt. 353. The Court has reviewed its previous order and the supporting memorandum of the Government and the Defendant. For the reasons stated below, the Government's motion is **GRANTED**. The materials detailed below will be turned over to the Government.

**Background**

The Defendant Ravenell is charged in an indictment that alleges Ravenell was part of a conspiracy to hide the proceeds of narcotics sales and to obstruct justice in the investigation of that conspiracy. Dkt. 281. On August 26, 2014 the Government executed a search warrant on the law office of Murphy, Falcon, Murphy, Ravenell & Koch. Dkt. 353 at 2. The Defendant was a

partner at this law firm. *Id.* Ravenell was not present at the law firm when the search warrant was executed. *Id.* Later, arrangements were made to turn Ravenell's personal laptop computer ("the laptop") over to the government. *Id.* The Government filed a consent motion that outlined a filter process to review materials from the laptop. Dkt. 76-5. On February 19, 2020 the Court signed an order granting the consent motion. Dkt. 82. The Government now requests to have access to the materials recovered from the laptop, a forensic copy of the laptop, and for the Court to modify its previous order to remove the provisions that allow for immediate appellate review of a decision to disclose materials to the Government. Dkt. 353 at 7.

**Discussion**

**1. Modification of the Court's previous order**

Courts of appeal have jurisdiction over the final decisions of the district courts. 28 U.S.C. §1291. Judgments that terminate an action as well as a "small class of collateral rulings" are "final" judgments. *Mohawk Indus. v. Carpenter*, 558 U.S. 100, 106 (2009) (quoting *Cohen v. Benefit Indus. Loan Corp.*, 337 U.S. 541 (1949). The Supreme Court has cautioned against "[p]ermitting piecemeal, prejudgment appeals" that undermine "efficient judicial administration." *Id.* (quoting *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981)). An exception to this direction is that "when a privilege ruling involves a new legal question or is of special consequence" a district court may certify an interlocutory appeal under 28 U.S.C. § 1292(b). *Id.* at 110-111. The justification for this appeal must be "sufficiently strong." *Id.* at 107. Importantly, the Supreme Court in *Mohawk* held that "collateral order appeals are not necessary to ensure effective review of orders adverse to the attorney-client privilege." *Id.* at 108.

Ravenell has argued that a collateral appeal is necessary under the *Perlman* doctrine. Dkt. 355 at 12 (citing *In re Grand Jury 16-3817 (16-4)*, 740 F. App'x 243, 245 (4th Cir. 2018). The *Perlman* doctrine is the principle that a subpoena or discovery order against a disinterested third-party can be appealed in the same way as a final order. *Church of Scientology of California v. United States*, 506 U.S. 9, 18 n. 11 (1992); *Perlman v. United States*, 247 U.S. 7, 12-13 (1918). In the current case, the search warrant and subpoena were directed at the Defendant, Ravenell. The Defendant in a criminal case is not a "disinterested third-party." *In re Grand Jury*, 740 F. App'x at 245. The *Perlman* doctrine is not applicable to the issue presented to the Court.

District courts retain an inherent power to reconsider and modify interlocutory orders and judgments. *Lynn v. Monarch Recovery Mgmt.*, 953 F. Supp. 2d 612, 618 (D. Md. 2013) (citing *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003) ("a district court retains the power to reconsider and modify its interlocutory judgments… at any time prior to final judgment when such is warranted")). Although there is no specific rule in Federal Rules of Criminal Procedure that allows reconsideration, district courts have been recognized to have the "inherent power" to reconsider interlocutory orders before a final judgment in a criminal proceeding. *United States v. Breit*, 754 F.2d 526, 530 (4th Cir. 1985) (*ref*, *United States v. LoRusso*, 695 F.2d 45, 52-53 (2d Cir. 1982), *cert. denied*, 460 U.S. 1070 (1983); *United States v. Jerry*, 487 F.2d 600, 604-605 (3d Cir. 1973)). In the present matter, the Court finds the exercise of its judicial authority is warranted.

In the current case there is no ruling on the disputed materials and evidence that would create a new legal question or be of special consequence. *Mohawk Indus.*, 558 U.S. at 110-111. There have been several pretrial motions that the Court has considered that raise the same concerns that Ravenell has asserted regarding issues with attorney-client privilege. The "class of

claims" that Ravenell has raised can still be "adequately vindicated by other means" than an interlocutory appeal. *Id.* at 107 (quoting *Digital Equipment v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994). To promote judicial efficiency, it is necessary for the Court to modify its previous order. *See* Dkt. 82 at 3. The certification of appealability for orders disclosing any disputed material is hereby revoked.

**2. Privileges and Objections regarding the disputed materials**

The Defendant Ravenell has made several objections to the disclosure of specific materials to the Government. Generally, those objections are that the materials were outside of the scope of the warrant or that the materials were protected by attorney-client privilege.

When attorney-client privilege applies "it affords confidential communications between lawyer and client complete protection from disclosure." *Hawkins v. Stables*, 148 F.3d 379, 383 (4th Cir. 1998). The Fourth Circuit uses the following test to decide if attorney-client privilege applies:

> The privilege applies only if (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

*In re Grand Jury subpoena: Under Seal*, 415 F.3d 333, 339 n.3 (4th Cir. 2005) (citing *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982). The Fourth Circuit has also recognized that the privilege should be narrowly construed given the interest the judicial system has in permitting relevant evidence to be used when "ascertaining truth." *Hawkins*, 148 F.3d at 383 (citations omitted).

Attorney-client privilege can be asserted for documents that are prepared by or under the direction of attorney and were prepared in anticipation of litigation. *Rambus, Inc. v. Infineon Techs. AG*, 220 F.R.D. 264, 272 (E.D. Va 2004) (citing *Hickman v. Taylor*, 329 U.S. 495 (1947)). Materials prepared in the "ordinary course of busines" or for "non-litigation" purposes are not protected by attorney-client privilege. *Nat'l Union Fire Ins. Co. of Pittsburg, Pa. v. Murray Sheet Metal Co.*, 967 F.2d 980, 984 (4th Cir. 1992); *ref, Goosman v. A Duie Pyle, Inc.*, 320 F.2d 45, 52 (4th Cir. 1963). Attorney work-product that reveals the thoughts and impressions of an attorney is considered opinion work-product and is afforded greater protection than fact-work product that merely describes factual events. *Grand Jury Subpoena v. United States*, 870 F.3d 312, 316 (4th Cir. 2017) (citations omitted).

Federal law recognizes that the attorney client privilege cannot be used to aid in the commission of a crime or fraud. *United States v. Zolin*, 491 U.S. 554, 562 (The Court held that *in camera* review could be used to determine if the crime-fraud exception would apply to materials that were claimed to be privileged); *see also In re Grand Jury Subpoena (Under Seal)*, 884 F.2d 124, 127 (4th Cir. 1989). For the crime-fraud exception to apply to the evidence in question, there must be a *prima facie* showing that the evidence falls within the scope of the exception. *United States v. Under Seal (In re Grand Jury Proceedings #5)*, 401 F.3d 247, 251 (4th Cir. 2005) ("In satisfying this prima facie standard, proof either by a preponderance or beyond a

reasonable doubt of the crime or fraud is not required") (citing *Union Camp Corp. v. Lewis*, 385 F.2d 143, 145 (4th Cir. 1967).

For a *prima facie* showing that the crime-fraud exception applies to the materials in question, the documents must demonstrate "(1) the client was engaged in or planning a criminal or fraudulent scheme when he sought the advice of counsel to further the scheme, and (2) the documents containing the privileged materials bear a close relationship to the client's existing or future scheme to commit a crime or fraud." *Id.* citing *Chaudhry v. Gallerizzo*, 174 F.3d 394, 403 (4th Cir. 1999). The first prong is met if the evidence shows a crime or fraud was "ongoing or about to be committed." *Id.* (citations omitted). The second prong is shown when the privileged information has a "close relationship" with the alleged fraudulent or criminal activity. *Id.* citing *Chaudhry*, 174 F.3d at 403. The crime-fraud exception can also apply to an attorney's opinion work-product. *In re Grand Jury Subpoena*, 870 F.3d 312, 316 (4th Cir. 2017). For the exception to apply, there must be evidence of "attorney knowledge of or participation in the client's crime or fraud." *Id.* at 319 (the crime fraud exception was correctly applied by the district court after "The United States provided ample evidence that the Defendant likely engaged in perjury or production of a fraudulent document" and the privileged information sought bore a close relationship to the fraud in question) (citations omitted).

The Defendant has also claimed that some of the materials obtained from the laptop fall outside the scope of the search warrant and subpoena. The Court finds that the materials listed below were all properly identified in the search warrant and therefore will not be excluded. *See* Dkt. 353-1.

### 3. The Materials to be turned over to the Government

The Court has reviewed the disputed evidence *in camera* before arriving at its decision. The following materials (designated by their exhibit and binder number) are to be turned over to the Government:

| Document Number/Designation | Objection/Privilege claimed | Explanation |
|---|---|---|
| G1 | Work-product | The documents are not attorney work-product |
| G2 | Work-product | The documents are not attorney work-product |
| G3 | Work-product | The documents are not attorney work-product |
| G4 | Attorney communication | Not made in anticipation of litigation and the crime-fraud exception would apply. |
| G5 | Work-product | Not made in anticipation of litigation |
| G6 | Attorney communication | Not made in anticipation of litigation |
| G7 | Attorney communication | Crime-fraud exception applies |
| G8 | Attorney communication | Crime-fraud exception applies |
| G9 | Attorney communication | Crime-fraud exception applies |
| G10 | Work-product | Not made in anticipation of litigation and the crime-fraud exception would apply |
| G11 | Work-product | Not made in anticipation of litigation and the crime-fraud exception would apply |
| G12 | Work-product | The documents are not attorney work-product |
| G13 | Work-product | The documents are not attorney work-product |
| G14 | Work-product | The documents are not attorney work-product |
| G15 | Work-product | The documents are not attorney work-product |
| G16 | Work-product | The documents are not attorney work-product |
| G17 | Work-product | The document is not attorney work-product |
| G18 | Work-product | The document is not attorney work-product |
| G19 | Work-product | The document is not attorney work-product |
| G20 | Work-product | The document is not attorney work-product |
| G21 | Work-product | The document was not made in preparation of litigation and the crime-fraud exception would apply |
| G22 | Work-product | The documents are not attorney work-product |
| G23 | Work-product | The documents are not attorney work-product |
| G24 | Attorney communication | The crime-fraud exception applies |
| H25 | Work-product | The crime-fraud exception applies |
| H26 | Work-product | The crime-fraud exception applies |
| H27 | Work-product | The crime-fraud exception applies |
| H28 | Work-product | The crime-fraud exception applies |
| H29 | Work-product | The crime-fraud exception applies |
| H30 | Work-product | The crime-fraud exception applies |
| H31 | Work-product | The document was not prepared by an attorney and the crime- |

| | | |
|---|---|---|
| | | fraud exception would apply |
| H32 | Work-product | The document was not prepared by an attorney and the crime-fraud exception would apply |
| H33 | Work-product | The document was not prepared by an attorney and the crime-fraud exception would apply |
| H34 | Work-product | The document was not prepared by an attorney and the crime-fraud exception would apply |
| H35 | Work-product | The document was not prepared by an attorney and the crime-fraud exception would apply |
| H36 | Work-product | The document was not prepared by an attorney and the crime-fraud exception would apply |
| H37 | Work-product | The document was not prepared by an attorney and the crime-fraud exception would apply |
| H38 | Work-product | The document was not prepared by an attorney and the crime-fraud exception would apply |
| H39 | Work-product | The document was not prepared by an attorney and the crime-fraud exception would apply |
| H40 | Work-product | The crime-fraud exception applies |
| H41 | Work-product | The document was not prepared by an attorney and the crime-fraud exception would apply |
| H42 | Work-product | The document was not prepared by an attorney and the crime-fraud exception would apply |
| H43 | Work-product | The crime-fraud exception applies |
| H44 | Work-product | The crime-fraud exception applies |
| H45 | Work-product | The crime-fraud exception applies to the portion of the document involving the Defendant's alleged co-conspirator, **PLEASE REDACT ALL OF THIS DOCUMENT EXCEPT FOR THE FIRST ROW, THE FIFTH ROW AND THE TITLE.** |
| H46 | Work-product | The crime-fraud exception applies |
| H47 | Work-product | The crime-fraud exception applies |
| H48 | Work-product | The crime-fraud exception applies |
| H49 | Work-product | The crime-fraud exception applies |
| H50 | Work-product | The crime-fraud exception applies |
| H51 | Work-product | The crime-fraud exception applies |
| H52 | Work-product | The crime-fraud exception applies |
| H53 | Work-product | The crime-fraud exception applies |
| H54 | Work-product | The crime-fraud exception applies |
| H55 | Work-product | The crime-fraud exception applies |
| H56 | Work-product | The crime-fraud exception applies |
| H57 | Work-product | The crime-fraud exception applies |
| H58 | Work-product | The crime-fraud exception applies |
| H59 | Work-product | The crime-fraud exception applies |
| H60 | Work-product | The crime-fraud exception applies |
| H61 | Work-product | The crime-fraud exception applies |
| H62 | Work-product | The crime-fraud exception applies |
| H63 | Work-product | The crime-fraud exception applies |
| H64 | Work-product | The crime-fraud exception applies |
| H65 | Work-product | The crime-fraud exception applies |
| H66 | Work-product | The crime-fraud exception applies |
| H67 | Work-product | The crime-fraud exception applies |
| H68 | Work-product | The crime-fraud exception applies |
| H69 | Work-product | The crime-fraud exception applies |
| H70 | Work-product | The crime-fraud exception applies |
| H71 | Work-product | The crime-fraud exception applies |

| | | |
|---|---|---|
| H72 | Work-product | The crime-fraud exception applies |
| H73 | Work-product | The crime-fraud exception applies |
| H74 | Work-product | The crime-fraud exception applies |
| H75 | Work-product | The crime-fraud exception applies |
| H76 | Work-product | The crime-fraud exception applies |
| H77 | Work-product | The crime-fraud exception applies |
| H78 | Work-product | The crime-fraud exception applies |
| H79 | Work-product | The crime-fraud exception applies |
| H80 | Work-product | The crime-fraud exception applies |
| H81 | Work-product | The crime-fraud exception applies |
| H82 | Work-product | The crime-fraud exception applies |
| I83 | Work-product | The crime-fraud exception applies |
| I84 | Work-product | The crime-fraud exception applies |
| I85 | Work-product | The crime-fraud exception applies |
| I86 | Work-product | The crime-fraud exception applies |
| I87 | Work-product | The crime-fraud exception applies |
| I88 | Work-product | The crime-fraud exception applies |
| I89 | Work-product | The crime-fraud exception applies |
| I90 | Work-product | The crime-fraud exception applies |
| I91 | Work-product | The crime-fraud exception applies |
| I92 | Work-product | The crime-fraud exception applies |
| I93 | Work-product | The crime-fraud exception applies |
| I94 | Work-product | The crime-fraud exception applies |
| I95 | Work-product | The crime-fraud exception applies |
| I96 | Work-product | The crime-fraud exception applies |
| I97 | Work-product | The crime-fraud exception applies |
| I98 | Work-product | The crime-fraud exception applies |
| I99 | Attorney communication | The crime-fraud exception applies |
| I100 | Work-product | The crime-fraud exception applies |
| J101 | Work-product | The crime-fraud exception applies |
| J102 | Attorney Communication | The crime-fraud exception applies |
| J103 | Attorney communication | The crime-fraud exception applies |
| J104 | Attorney communication | The crime-fraud exception applies |
| J105 | Work-product | The crime-fraud exception applies |
| J106 | Attorney communication | The crime-fraud exception applies |
| J107 | Attorney communication | The crime-fraud exception applies |
| J108 | Attorney communication | The crime-fraud exception applies |
| J109 | Attorney communication | The crime-fraud exception applies |
| J110 | Attorney communication | The crime-fraud exception applies |
| J111 | Attorney communication | The crime-fraud exception applies |
| J112 | Attorney communication | The crime-fraud exception applies |
| J113 | Attorney communication | The crime-fraud exception applies |

| | | |
|---|---|---|
| J114 | Attorney communication | The crime-fraud exception applies |
| J115 | Attorney communication | The crime-fraud exception applies |
| J116 | Attorney communication | The crime-fraud exception applies |
| J117 | Attorney communication | The crime-fraud exception applies |
| J118 | Attorney communication | The crime-fraud exception applies |
| J119 | Attorney communication | The crime-fraud exception applies |
| J120 | Attorney communication | The crime-fraud exception applies |
| K121 | Work-product | This document is not attorney work-product |
| K122 | Work-product | This document is not attorney work-product |
| K123 | Work-product | The crime-fraud exception applies, the document reflects attorney knowledge of the alleged crime |
| K124 | Work-product | The crime-fraud exception applies |
| K125 | Work-product | The crime-fraud exception applies |
| K126 | Work-product | The crime-fraud exception applies |
| K127 | Work-product | The crime-fraud exception applies |
| K128 | Work-product | The crime-fraud exception applies |
| K129 | Work-product | The crime-fraud exception applies |
| K130 | Attorney communication | The crime-fraud exception applies |
| K131 | Attorney communication | The crime-fraud exception applies |
| L132 | Attorney communication | The crime-fraud exception applies |
| L133 | Work-product | The crime-fraud exception applies |
| L134 | Work-product | The crime-fraud exception applies |
| L135 | Work-product | The crime-fraud exception applies, the document indicates the attorney had knowledge of the alleged crime |
| L136 | Work-product | The crime-fraud exception applies |
| L137 | Attorney communication | The crime-fraud exception applies |
| L138 | Attorney communication | The crime-fraud exception applies |
| L139 | Attorney communication | The crime-fraud exception applies |
| L140 | Attorney communication | The crime-fraud exception applies |
| L141 | Work-product | The crime-fraud exception applies |
| L142 | Attorney communication | The crime-fraud exception applies |
| L143 | Work-product | The crime-fraud exception applies |
| L144 | Attorney communication | The crime-fraud exception applies |
| L145 | Attorney communication | The crime-fraud exception applies |
| L146 | Attorney communication | The crime-fraud exception applies |
| L147 | Attorney | The crime-fraud exception applies |

| | | |
|---|---|---|
| | communication | |
| L148 | Work-product | This document was disclosed to a third-party and any privilege was waived, the crime-fraud exception would also apply to this document |
| L149 | Attorney communication | The crime-fraud exception applies |
| L150 | Attorney communication | The crime-fraud exception applies |
| L151 | Attorney communication | The crime-fraud exception applies |
| L152 | Attorney communication | The crime-fraud exception applies |
| L153 | Attorney communication | The crime-fraud exception applies |
| L154 | Attorney communication | The crime-fraud exception applies |
| L155 | Attorney communication | The crime-fraud exception applies |
| L156 | Attorney communication | The crime-fraud exception applies |
| L157 | Attorney communication | The crime-fraud exception applies |
| L158 | Attorney communication | The crime-fraud exception applies |
| L159 | Attorney communication | This document is not privileged |
| L160 | Work product | This document is not privileged |
| L161 | Attorney communication | The crime-fraud exception applies |
| L162 | Work-product | The crime-fraud exception applies |
| L163 | Attorney communication | The crime-fraud exception applies |
| L164 | Attorney communication | The crime-fraud exception applies |
| M165 | Work-product | The crime-fraud exception applies |
| M166 | Work-product | The crime-fraud exception applies |
| N167 | Work-product | The crime-fraud exception applies |
| N168 | Work-product | The crime-fraud exception applies |
| N169 | Work-product | The crime-fraud exception applies |
| N170 | Work-product | The crime-fraud exception applies |
| N171 | Work-product | The crime-fraud exception applies |
| N172 | Work-product | The crime-fraud exception applies |
| N173 | Work-product | The crime-fraud exception applies |
| N174 | Work-product | The crime-fraud exception applies |
| N175 | Work-product | The crime-fraud exception applies |
| N176 | Work-product | The crime-fraud exception applies |
| N177 | Work-product | The crime-fraud exception applies |
| N178 | Work-product | The crime-fraud exception applies |
| N179 | Work-product | The crime-fraud exception applies |
| N180 | Work-product | The crime-fraud exception applies |
| N181 | Work-product | The crime-fraud exception applies |
| N182 | Work-product | The crime-fraud exception applies |
| N183 | Work-product | The crime-fraud exception applies |
| N184 | Work-product | The crime-fraud exception applies |

| | | |
|---|---|---|
| N185 | Work-product | The crime-fraud exception applies |
| N186 | Work-product | The crime-fraud exception applies |
| N187 | Work-product | The crime-fraud exception applies |
| N188 | Work-product | The crime-fraud exception applies |
| N189 | Work-product | The crime-fraud exception applies |
| N190 | Work-product | The crime-fraud exception applies |
| N191 | Work-product | The crime-fraud exception applies |
| N192 | Work-product | The crime-fraud exception applies |
| N194 | Work-product | The crime-fraud exception applies |
| N195 | Work-product | The crime-fraud exception applies |
| N196 | Work-product | The crime-fraud exception applies |
| N197 | Work-product | The crime-fraud exception applies |
| N198 | Work-product | The crime-fraud exception applies |
| N199 | Work-product | The crime-fraud exception applies |
| N200 | Work-product | The crime-fraud exception applies |
| N201 | Work-product | The crime-fraud exception applies |
| N202 | Work-product | The crime-fraud exception applies |
| N203 | Work-product | The crime-fraud exception applies |
| N204 | Work-product | The crime-fraud exception applies |
| N205 | Work-product | The crime-fraud exception applies |
| N206 | Work-product | The crime-fraud exception applies |
| N207 | Work-product | The crime-fraud exception applies |
| N208 | Work-product | The crime-fraud exception applies |
| N209 | Work-product | The crime-fraud exception applies |
| N210 | Work-product | The crime-fraud exception applies |
| N211 | Work-product | The crime-fraud exception applies |
| N212 | Work-product | The crime-fraud exception applies |
| N213 | Work-product | The crime-fraud exception applies |
| N214 | Work-product | The crime-fraud exception applies |
| N215 | Work-product | The crime-fraud exception applies |
| N216 | Work-product | The crime-fraud exception applies |
| N217 | Work-product | The crime-fraud exception applies |
| N218 | Work-product | The crime-fraud exception applies |
| N219 | Work-product | The crime-fraud exception applies |
| N220 | Work-product | The crime-fraud exception applies |
| N221 | Work-product | The crime-fraud exception applies |
| N222 | Work-product | The crime-fraud exception applies |
| N223 | Work-product | The crime-fraud exception applies |
| O236 | Work-product | The crime-fraud exception applies |
| O237 | Work-product | The crime-fraud exception applies |
| O238 | Work-product | The crime-fraud exception applies |
| O239 | Work-product | The crime-fraud exception applies |
| O240 | Work-product | The crime-fraud exception applies |
| O241 | Work-product | The crime-fraud exception applies |
| O242 | Work-product | The crime-fraud exception applies |
| O243 | Work-product | The crime-fraud exception applies |
| O244 | Work-product | The crime-fraud exception applies |
| O245 | Work-product | The crime-fraud exception applies |
| O246 | Work-product | The crime-fraud exception applies |
| O248 | Work-product | The crime-fraud exception applies |
| O249 | Work-product | The crime-fraud exception applies |
| O250 | Work-product | The crime-fraud exception applies |
| O251 | Attorney Communication | The crime-fraud exception applies |

| | | |
|---|---|---|
| O252 | Work-product | The crime-fraud exception applies |
| O253 | Work-product | The crime-fraud exception applies |
| O254 | Work-product | The crime-fraud exception applies |
| O255 | Work-product | The crime-fraud exception applies |
| O256 | Work-product | The crime-fraud exception applies |
| O257 | Work-product | The crime-fraud exception applies |

**Conclusion**

The materials indicated above are to be turned over to the government because they were identified in the search warrant and they are either not privileged or fall within the crime-fraud exception to attorney-client privilege. Please note that the document designated H-45 is to be redacted except for the title, the first row, and the fifth row before it is turned over to the Government.

The forensic copies of the documents designated may be turned over to the Government. Any information on the forensic copy of the laptop that is not designated above is not to be provided to the Government.

The Court's previous Order (Dkt. 82) is to be modified so that that the Defendants may no longer appeal an interlocutory decision to turn over materials to the Government.

It is so **ORDERED**.

October 27, 2021
Alexandria, Virginia

Liam O'Grady
United States District Judge