## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,           )
                                    )
                                    )
                                    )
v.                                  )
                                    )     Civil Action No. 1:19-cr-0449
                                    )     Hon. Liam O'Grady
KENNETH W. RAVENELL, et al.,        )     **(UNDER SEAL)**
                                    )
        *Defendants.*               )
                                    )
                                    )
                                    )
                                    )

## <u>ORDER</u>

This matter comes before the Court on the Defendants' Motion for a Stay, Dkt. 380. The

Defendants have requested that the Court stay its previous order, Dkt. 378, which removed the

appealability of decisions to disclose certain discovery items to the Government. The Defendants

contend that a stay is necessary so that they can seek appellate review from the Court of Appeals

to challenge decisions to turn over evidentiary material to the Government.[1] Dkt. 380 at 1. For

the following reasons, the Court does not find this argument persuasive and holds that the

Motion for a Stay is **DENIED.**

On February 19, 2020 the Court had certified the decisions to turn over the materials--

gathered pursuant to a search warrant--as appealable in accordance with 28 U.S.C. §1292(b)[2].

---

[1] The motion for a stay pending appeal was only filed on behalf of the Defendant
Ravenell. The mandamus petition was filed on behalf of all the Co-defendants, so
consequently the Court will consider this motion in regard to all three Defendants.
[2] 28 U.S.C. §1292(b) states that "application for appeal hereunder shall not stay
proceedings in the district court unless the district judge or the Court of Appeals or a
judge thereof shall order." Congress has clearly directed that the district court retains

Dkt. 82. Upon the request of the Government, the Court modified this previous order. Dkt. 378. Beyond the legal reasons outlined in that order, there are several practical considerations that underly the decisions to remove the certification of interlocutory appeal. The request to turn over the disputed materials was not made until June 29, 2021. The Court requested that the Defendants submit a written response to that request and to set a hearing date. The Defendants did not submit a response until October 18, 2021, a date that was less than two months from the scheduled trial. Dkt. 355. Beyond concern with time constraints on the quickly approaching trial date, the Court also recognizes the unique difficulties placed on the judicial system by the novel and persistent coronavirus pandemic. Considering the strain placed on the judicial economy by these multiple factors, the Court found that certifying interlocutory appeals was no longer appropriate in this criminal proceeding. As this was not a final judgment, the Court retains power to modify its previous interlocutory judgment and exercised it accordingly. *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-515 (4th Cir. 2003).

The Defendants have filed a mandamus petition to challenge several of the Court's previous rulings. *See* Dkt. 380 at 1. Based on this petition, the Defendants have requested a stay of the proceedings pending appeal. In civil proceedings a party may request a stay pending appeal according to Federal Rule of Civil Procedure 62(d). There is no equivalent Federal Rule of Criminal Procedure. However, in both civil and criminal proceedings, appellate jurisdiction is commonly granted by the same statute, 28 U.S.C. §1291. *United States v. Modanlo*, 672 F.3d 403, 409 (4th Cir. 2014) *cert. denied, Modanlo v. United States*, 135 S. Ct. 2378 (U.S., June 1, 2015). Given the similarities between the statutory authority of civil and criminal appeals, the Court will look towards jurisprudence from civil litigation to evaluate the Defendants' request

---

authority to continue proceedings even when a question is certified for interlocutory appeal.

for a stay pending appeal.[3] *United States v. Wittig*, 2005 U.S. Dist. LEXIS 1131 at *4 (D. Kan June 7, 2005) ("Fed. R. App. P. 8(a)(1) provides that a motion for stay of proceedings pending appeal must ordinarily first be sought in the district court").

In civil actions, the Supreme Court has held that a stay pending appeal should generally be granted after considering: (1) there is a showing of a likelihood of success; (2) there will be irreparable injury to the moving party; (3) whether there will be substantial injury to the non-moving party; and (4) the public interest. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). The Supreme Court also explained that these factors are not a "rigid set of rules." *Id.* at 777. Using these factors as a guideline during this criminal proceeding, it is apparent that granting a stay would not be appropriate in the present case.

There is not a strong likelihood of success. The Fourth Circuit has recognized that "mandamus is a drastic remedy to be used in extraordinary circumstances." *In re Briggs*, 2000 U.S. App. LEXIS 16003 at *1 (4th Cir. July 12, 2000) (unpublished) (quoting *In re Beard*, 811 F.2d 818, 826) (4th Cir. 1987) ; *see also Long v. Robinson*, 432 F.2d 977, 979 (4th Cir. 1970). A party seeking mandamus relief is required to meet the "heavy burden" that there is no other avenue to obtain the remedy they require and that the right to the remedy is "clear and indisputable." *In re Beard*, 811 F.2d at 826. The Supreme Court has made clear that an appellate court could still remedy any disclosure of privileged attorney-client work product on a final appeal. *Mohawk Indus. v. Carpenter*, 558 U.S. 100, 109 (2009) ("Appellate courts can remedy the improper disclosure of privileged material in the same way they remedy a host of other

---

[3] The Court notes that several other courts have used a test to decide whether to grant a stay of forfeiture under Federal Rule of Criminal Procedure 32.2(d) that is remarkably similar if not identical to the test used for a stay pending appeal under Federal Rule of Civil Procedure 62(d). *United States v. Ngari*, 559 Fed. Appx. 259, 272 (5th Cir. 2014); *United States v. Miller*, 2020 U.S. Dist. LEXIS 19845 at *2-3 (E.D. Va. January 27, 2020); *United States v. Jian-Yu g*, 252 F. Supp. 3d 447, 460 (D.S.C. April 27, 2017).

erroneous evidentiary rulings: by vacating an adverse judgment and remanding for a new trial in which the protected material and its fruits are excluded from evidence.") Because there is an alternative remedy than what the Defendants seek, there is not a strong likelihood that the Defendants will be successful on appeal.

The Defendants have also argued that there will be irreparable harm based on the Fourth Circuit's direction to this Court in *In re Search Warrant Issued June 13, 2019*. 942 F.3d 159, 175 (4th Cir. 2019). The Fourth Circuit held that there was irreparable harm to a third party (the Defendant Treem's law firm) when this Court previously authorized the use of a filter team protocol to review documents seized during the execution of a search warrant. *Id.* at 176. ("To start, the magistrate judge—by authorizing the Filter Team and its Protocol—erred in assigning judicial functions to the executive branch"). Currently, the decision to turn the disputed documents over to the Government was made after the Court's *in camera* review of those documents. The decision to turn over the disputed documents to the Government was not made by an executive branch official, it was made by this Court while performing a judicial function.

In addition, many of the documents reviewed by the Court and identified in the most recent order, Dkt. 378, are exact duplicates or are substantially similar to documents that are already in the Government's possession. The Defendants have previously filed several motions to suppress based on Constitutional grounds, the assertion of attorney-client privilege and attorney-client work-product. Dkt. 70, Dkt. 119, 245. These motions were all denied by the Court. Dkt. 115, 138, 361; *see also* Dkt. 351. The issues raised in these motions were based on similar evidence and identical legal principles that are now referenced in the Defendants' current motion for a stay pending appeal. *See* Dkt. 380. These issues were decided on identical grounds as early as April 2, 2020 and the Defendants did not seek a writ of mandamus at that time. *See*

Dkt. 138. The Defendants' assertion that there will now be some type of irreparable harm from turning over materials to the Government is illogical given that the Government is already in possession of exact copies of a large portion of those documents. Considering the precautions taken by the Court and the previous opportunities the Defendants have had to present their legal arguments, there has not been a showing of irreparable harm that would require a stay in the present case.

The Government has also argued that granting a stay would harm its interests and would not be in the public interest. Dkt. 383 at 3-4. The Court agrees. Continuing to allow the Defendants to repeatedly appeal interlocutory decisions would lead to an unwarranted strain on the judicial economy. *Mohawk Indus.*, 558 U.S. at 112. ("Permitting parties to undertake successive, piecemeal appeals of all adverse attorney-client rulings would unduly delay the resolution of district court litigation and needlessly burden the court of appeals.") There is a "time-honored" statement that "justice delayed is justice denied." *Coffey v. PSLJ, Inc. (In re PSLJ, Inc.)*, 1990 U.S. App. LEXIS 26338 at *2 (Fourth Circuit May 24, 1990) (unpublished). Permitting the Defendants to repeatedly delay under the guise of relitigating redundant evidentiary issues is not in the interest of justice, the Government, the public, or the judicial economy.

It is the Court's function to oversee litigation. *Mohawk Indus.*, 448 U.S. at 106 ("Permitting piecemeal prejudgment appeals, we have recognized undermines 'efficient judicial administration' and encroaches upon the prerogatives of district court judges, who play a 'special role' in managing ongoing litigation.") (quoting *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981)). The Court has used its inherent power to manage this criminal matter.

The Court also recognizes that there exists a compelling interest in resolving this criminal trial in a timely fashion.

The Defendants have not advanced a persuasive legal argument based on facts or law that warrants a stay of the current judicial proceedings. Accordingly, the Motion for a Stay (Dkt. 380) is **DENIED**.

It is so **ORDERED**.

November 3, 2021
Alexandria, Virginia

Liam O'Grady
United States District Judge