IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | Case No. 19-CR-449 |
| ) | |
| **KENNETH W. RAVENELL, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**MOTION AND MEMORANDUM IN SUPPORT FOR PRELIMINARY
FACT DETERMINATION ON APPLICATION OF THE CRIME FRAUD
EXCEPTION TO ATTORNEY-CLIENT AND WORK-PRODUCT PRIVILEGE
AS APPLED TO THE KWR COMBINED NOTES**

In determining at the grand jury stage whether crime-fraud vitiates attorney-client and work-product privileges, it is enough if the government makes a prima facie case, without the need for formal testimony or adversarial proceedings. But for use of privileged evidence at trial, more is required—an adversary proceeding at which the government sustains a prima facie showing.

As the D.C. Circuit has explained,

> because of the need for speed and simplicity at the grand jury stage, courts should not employ a standard that requires them to hear testimony or to determine facts from conflicting evidence. The necessary amount of evidence should be roughly the same as that required to meet a burden of production, *see* C. Mc Cormick, supra note 43, s 338 at 789. At trial, however, it may be more appropriate to treat the prima facie determination of crime or fraud as a preliminary fact to be found by the court after hearing sufficient evidence. Compare *Duplan Corp. v. Deering Milliken, Inc.*, supra note 57, 540 F.2d at 1222.

*In re Sealed Case*, 676 F.2d 793, 815 n. 88 (D.C. Cir. 1982). Later, the Supreme Court emphasized the need for a greater showing of crime-fraud for privileged evidence

being disclosed in a public setting. *United States v. Zolin*, 491 U.S. 554 (1989) ("In fashioning a standard for determining when *in camera* review is appropriate, we begin with the observation that "*in camera* inspection ... is a smaller intrusion upon the confidentiality of the attorney-client relationship than is public disclosure." Fried, Too High a Price for Truth: The Exception to the Attorney–Client Privilege for Contemplated Crimes and Frauds, 64 N.C.L.Rev. 443, 467 (1986). We therefore conclude that a lesser evidentiary showing is needed to trigger *in camera* review than is required ultimately to overcome the privilege. *Ibid*. The threshold we set, in other words, need not be a stringent one"). As the Third Circuit later explained,

> If the party seeking to apply the exception has made its initial showing, then a more formal procedure is required than that entitling plaintiff to *in camera* review. The importance of the privilege, as we have discussed, as well as fundamental concepts of due process require that the party defending the privilege be given the opportunity to be heard, by evidence and argument, at the hearing seeking an exception to the privilege. *See* Pet. at 33–34. We are concerned that the privilege be given adequate protection, and this can be assured only when the district court undertakes a thorough consideration of the issue, with the assistance of counsel on both sides of the dispute.

*Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 96–97 (3d Cir. 1992), as amended (Sept. 17, 1992). The Fourth Circuit anticipated these cases long ago, stating in the context of the crime-fraud exception at the grand jury phase, as follows:

> It was not at this stage of the proceedings required to prove the crime or fraud in order to secure the evidence. This leads us to add, perhaps unnecessarily, that in denying the writ, we express no opinion upon the facts or law touching upon the merits of the case. Nor do we foreclose Union Camp, or others, if an indictment be returned, from moving to suppress the evidence or otherwise objecting to its admission.

*Union Camp Corp. v. Lewis*, 385 F.2d 143, 144 (4th Cir. 1967).

During the motions phase of this case, the court heard no evidence, much less sufficient evidence to reach the conclusion that the government has made a prima facie case of crime-fraud with respect to the KWR Combined Notes. Rather, the court relied on the same information it had relied on in the non-adversarial context to conclude that a prima facie case had been made.

The problem with that approach at this phase is that the only basis for the government's claim that the defendants knowingly prepared a list of false exculpatory statements to show the witness was the statement in the Brown, Goldstein & Levy search warrant affidavit that the affying agent had read the government interviews of witnesses that Messrs. Treem and Ravenell were alleged to have reviewed and he "knew" that the government reports were true and the KWR Combined Notes were false. ECF 245, Exhibit 1 at 10-11. Obviously, the opinion of a government agent is not evidence and it remained a mystery to defendants how the government thought it would prove that knowledge.

The indictment alleges that the defendants knew that the KWR Combined Notes contained false exculpatory statements. Throughout the proceedings, defendants puzzled over how the government, consistent with the presumption of innocence, could prove that Mr. Ravenell knew the statements to be false. But even more puzzling was the question of how Mr. Treem, who was not present for any of the events described in the KWR Combined Notes could know that the notes contained falsehoods.

While defendants cannot be certain what the government's thinking is, given that Mr. Treem must have first-hand knowledge of truth and was not present for any of the events recounted on the KWR Combined Notes, it may be that the government intends to recapitulate this approach with hearsay evidence that does not comply with the Federal Rules of Evidence.

The government lists as Exhibit 231, a set of investigative reports given in the Richard Byrd case, according to the exhibit label, redacted to correspond with statements in the KWR Combined Notes, that the government will presumably claim were shown by Mr. Byrd's counsel to Messrs. Treem and Ravenell. The investigative reports that the government proposes to introduce, supposedly to establish the defendants' state of knowledge, are rank hearsay, which the law says should not be relied upon for the truth of the matters asserted in them. The government apparently would argue that the defendants were obliged to accept as true what the jury would be prohibited from considering for its truth because of the inherent unreliability of hearsay. This makes no sense.

Before the reports are admitted for a non-hearsay purpose, they must first be found relevant and not unduly prejudicial under Federal Rules of Evidence 401 and 403. Whatever pretextual non-hearsay purpose the government attempts to articulate, the probative value of the reports are clearly outweighed by the risk that jurors will view the reports for an improper and unconstitutional purpose—to show that the contents of the reports are true. *See United States v. Becker*, 230 F.3d 1224 (10th Cir. 2000) (finding non-hearsay statements were unduly prejudicial because

they went precisely to the issue the government was required to prove). It is inconceivable that jurors will be able to find that Messrs. Treem and Ravenell knew the contents of the reports were true without the jurors themselves considering the contents of the reports for their truthfulness.

Moreover, if the government proposes to introduce investigative records to establish that the reports are true and the KWR Combined Notes are false, the government runs afoul of the Sixth Amendment right to confrontation and Fed. R. Evid. 803(8). As the Supreme Court stated in *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 321-322 (2009),

> Documents kept in the regular course of business may ordinarily be admitted at trial despite their hearsay status. *See* Fed. Rule Evid. 803(6). But that is not the case if the regularly conducted business activity is the production of evidence for use at trial. Our decision in *Palmer v. Hoffman,* 318 U.S. 109, 63 S.Ct. 477, 87 L.Ed. 645 (1943), made that distinction clear. There we held that an accident report provided by an employee of a railroad company did not qualify as a business record because, although kept in the regular course of the railroad's operations, it was "calculated for use essentially in the court, not in the business." *Id.,* at 114, 63 S.Ct. 477.[7] The analysts' certificates—like police reports generated by law enforcement officials— do not qualify as business or public records for precisely the same reason. *See* Rule 803(8) (defining public records as "excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel").

Simply put, government reports of interviews are not evidence, nor are documents prepared for judicial proceedings. Using them as testimonials to the truth of the matters stated therein is not allowed. As the Fifth Circuit has explained,

> Under Supreme Court precedent, a statement is testimonial if made for the primary purpose of establishing "past events potentially relevant to later criminal prosecution." *Davis,* 547 U.S. at 822, 126 S.Ct. 2266; *see*

*also Bullcoming,* 131 S.Ct. at 2714 n. 6, 2716–17; *Michigan v. Bryant,* –––– U.S. ––––, 131 S.Ct. 1143, 1155–57, 1165, 179 L.Ed.2d 93 (2011).

*United States v. Duron-Caldera,* 737 F.3d 988, 995 (5th Cir. 2013).

Government reports cannot be used to show a critical element of the offense: that defendants knew the KWR Combined Notes were false. *See United States v. Burruss*, 418 F.2d 677 (1969) (In a criminal case, use of a public record to establish the element of a crime deprives the defendant of a constitutionally guaranteed right to confront his accuser). The reports can no more be used to establish truth or falsity of Mr. Ravenell's involvement with Mr. Byrd and his Drug Trafficking Organization than can the agent testifying as to his opinion of the same.[1]

The time has come. This is not a jury issue because admission of the statements denies the defendants their Sixth Amendment Rights. *United States v. Williams*, 632 F.3d 129, 132 (4th Cir. 2011). There needs to be a preliminary showing that the defendants knew before meeting with Mr. Byrd that the statements were false or there is no crime-fraud exception—only a defense attorney and an investigator doing their job.

If the court is disinclined to re-visit the applicability of the crime-fraud exception, then we would ask the court to consider the admissibility of Exhibit 231 under the hearsay rules and Federal Rule of Evidence 403.

---

[1] The state of mind exception in Fed. R. Evid. 803(3) is of no assistance to the government, as it is only applicable to the declarant's state of mind when the declarant said what he did. The agents' state of mind when he prepared the report is of no relevance.

Respectfully submitted,

SCHULTE ROTH & ZABEL LLP
*/s/ Peter H. White*
Peter H. White (D.C. Bar: 468746) (VA Bar: 32310)
Aislinn Affinito (D.C. Bar: 1033700) (CA Bar: 300265)
McKenzie Haynes (N.Y. Bar: 5683859)
Schulte Roth & Zabel
901 Fifteenth Street, NW, Suite 800
Washington, DC 20005
pete.white@srz.com
aislinn.affinito@srz.com
mckenzie.haynes@srz.com

OUTLAW PLLC
*/s/ Lucius T. Outlaw*
Lucius T. Outlaw III (#20677)
Outlaw PLLC
1351 Juniper St. NW
Washington, DC 20012
(202) 997-3452
loutlaw3@outlawpllc.com

*Attorneys for Kenneth Ravenell*

SCHERTLER ONORATO MEAD & SEARS, LLP
/s/*Robert P. Trout*
Robert P. Trout, Bar No. 01669
Noah J. Cherry, VA Bar No. 95726
901 New York Ave., NW, Suite 500
Washington, DC 20006
Telephone: (202) 675-4410
Facsimile: (202) 628-4177
rtrout@schertlerlaw.com

/s/ *Daniel F. Goldstein*
Daniel Goldstein, Bar No. 01036
131 Rte 9A
Spofford, NH 03462

7

Telephone: (410) 218-8537
dan@gold-stein.com

*Attorneys for Joshua Treem*


OFFICE OF THE FEDERAL PUBLIC DEFENDER
 For the Eastern District of Virginia
<u>/s/  Geremy C. Kamens</u>
Geremy C. Kamens, Admitted Pro Hac Vice
1650 King St., Suite 500
Alexandria, Virginia 22314
Telephone: 703-600-0800
Facsimile: 703-600-0880
Geremy_Kamens@fd.org

LEGRAND LAW PLLC
<u>/s/  Rebecca S. LeGrand</u>
Rebecca S. LeGrand, Bar No. 18351
1100 H St. NW, Suite 1220
Washington, DC 20005
Telephone: 202-587-5725
Facsimile: 202-795-2838
rebecca@legrandpllc.com

*Attorneys for Sean Gordon*

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of December, 2021, I caused a copy of Defendants' Motion and Memorandum in Support for Preliminary Fact Determination on Application of the Crime Fraud Exception to Attorney-Client and Work-Product Privilege as Applied to the KWR Combined Notes to be served upon counsel for the United States of America via ECF and that true and correct copies of the filings are available to all parties through ECF and/or PACER.

/s/ Robert P. Trout
Robert P. Trout
*Attorney for Joshua R. Treem*