IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>KENNETH W. RAVENELL, et al.,<br><br>*Defendants.* | Civil Action No. 1:19-cr-0449<br>Hon. Liam O'Grady |

## MEMORANDUM OPINION

**Introduction**

The Government has filed a memorandum regarding the admissibility of several pieces of evidence that will be introduced at trial. Dkt. 424. These items are: 1) a recording and transcript of the meeting with a government witness, R.B., and two of the Co-defendants, Joshua Treem and Sean Gordon; 2) the "KWR combined notes," a document allegedly prepared by the Defendant, Kenneth Ravenell; 3) an affidavit attributed to the Defendant Sean Gordon; 4) and the letter sent to a U.S. District Court Judge. *Id.* at 1. The Defendants have filed a series of pre-trial motions to suppress this evidence on various grounds. The Court has considered these motions and arguments and has denied the motions to suppress. The admissibility of the evidence that is referenced in the Government's memorandum is now discussed below.

**1. The Recording and Transcript of the R.B. Interview**

The Defendants, Joshua Treem and Sean Gordon, met with R.B., a Government witness, in 2017 while R.B. was incarcerated in Arizona. R.B., who was cooperating with the Government, wore a hidden camera and recorded the two-day conversation. The Court finds that

Case 1:19-cr-00449-LO Document 460 Filed 12/10/21 Page 2 of 4

the statements made by Mr. Treem and Mr. Gordon are not hearsay because the Defendants are party opponents to the Government, and the statements were made during and in furtherance of the conspiracy alleged in the second superseding indictment. *See* Fed. R. Evid. 801(d)(2)(A); Fed. R. Evid. 801(d)(2)(E). As discussed in a previous Order, the statements made by R.B. are admissible because the statements will not be used for the truth of the matter asserted and the statements are relevant to give context to the recorded conversation. Dkt. 456 at 2.

The Court has also previously denied the Defendants' motion to suppress the recording on the basis the interview was protected by attorney-client privilege. Dkt. 351 at 6. For the reasons discussed, the Court finds that the recording and transcript of the 2017 conversation are admissible.

### 2. The KWR notes

The Government alleges that the KWR combined notes are a compilation of assertions created by the Defendant, Kenneth Ravenell (whose initials are KWR), based on statements prepared by the Government during the prosecution of R.B. in Arizona. *See* Dkt. 281. The Government alleges that the KWR combined notes were used in the conspiracy between the Defendants when the notes were presented to R.B. during the 2017 interview. *Id.* It is alleged that R.B. was directed to affirm the statements in the notes to create a false record. *Id.* The Court finds that the statements within the KWR combined notes are the statements of a party opponent (Mr. Ravnell) to the Government and are accordingly not considered hearsay according to Rule 801(d)(2)(A). The statements were also made in furtherance and in aid of a conspiracy. Therefore, the statements fall within an exclusion to hearsay under Rule 801(d)(2)(E). In previous Orders (*See e.g.* Dkt. 457), the Court has discussed that the attorney-client privilege does not apply to the KWR notes because the notes fall within the crime-fraud exception and the

privilege was waived by disclosure of the notes to R.B. *Id.* The Court finds that the KWR notes are admissible.

### 3. The Gordon affidavit

The Gordon affidavit is a sworn statement prepared by the Defendant, Sean Gordon. The Gordon affidavit describes the 2017 interview with R.B. and it is alleged in the second superseding indictment that the Gordon affidavit contains false statements detailing that interview. *See* Dkt. 281. The Governments argues that the purpose of the Gordon affidavit is to impeach the credibility of R.B. if he was called to testify in a future criminal proceeding against Mr. Ravenell. *Id.* The Court finds that the Gordon affidavit is not hearsay because it is the statement of a party opponent (Sean Gordon) under Rule 801(d)(2)(A). The Court finds that the Gordon affidavit is not hearsay because it was made in furtherance and in aid of a conspiracy under Rule 801(d)(2)(E). The Court finds that attorney-client privilege would not apply to the Gordon affidavit because the document was intended to be used in the commission of a crime or fraud. *See United States v. Zolin*, 491 U.S. 554, 562 (1989). The Court finds that the Gordon affidavit is admissible because it falls under two exclusions to hearsay and is not privileged.

### 4. The letter to a district judge

The Defendant, Joshua Treem, wrote a letter to a United States District Court Judge that detailed the 2017 meeting with R.B. in Arizona. The second superseding indictment alleges that the letter contained false statements that were intended to influence a judge who the Defendants believed would be presiding over a potential trial of Mr. Ravenell. *See* Dkt. 281. The Court finds this letter is not hearsay because it is a statement by a party opponent under Rule 801(d)(2)(A). In addition, the letter was made in furtherance and in aid of a conspiracy under Rule 801(d)(2)(E). The Court finds that the letter is admissible because it is not hearsay.

**Conclusion**

The four documents discussed above are not inadmissible hearsay because they fall under an exclusion to hearsay or they will not be used to prove the truth of the matter asserted. The documents are all relevant to material facts in the case to be presented to the jury. Other concerns with the admissibility of the documents have been considered by the Court and addressed in several pretrial Orders. The Court finds that the four documents are admissible for the reasons discussed above.

December 10, 2021
Baltimore, Maryland

Liam O'Grady
United States District Judge