IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. 1:19-CR-449-LO |
| | * | |
| KENNETH WENDELL RAVENELL, | * | |
| | * | |
| Defendant | * | |
| | * | |
| ****** | | |

## UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE

The United States of America, by and through undersigned counsel, respectfully moves this Court for the issuance of a Preliminary Order of Forfeiture in the above-captioned case pursuant to 18 U.S.C. § 982(a)(1) and Rule 32.2(b) of the Federal Rules of Criminal Procedure. A proposed Preliminary Order of Forfeiture is submitted herewith. In support thereof, the United States sets forth the following:

### Background

On July 22, 2021, a federal grand jury in the District of Maryland returned a Second Superseding Indictment, charging Kenneth Wendell Ravenell (the "Defendant") with RICO Conspiracy, in violation of 18 U.S.C. § 1962(d) (Count One); Money Laundering Conspiracy, in violation of 18 U.S.C. § 1956(h) (Count Two); Narcotics Conspiracy, in violation of 21 U.S.C. § 846 (Count Three); Conspiracy to Commit Offenses Against the United States, in violation of 18 U.S.C. § 371 (Count Four); Obstructing an Official Proceeding, in violation of 18 U.S.C. § 1512(c) (Count Five); and Falsification of Record, in violation of 18 U.S.C. § 1519 (Counts Six and Seven).  ECF No. 281.

The Second Superseding Indictment also included a forfeiture allegation, which provided notice that upon the Defendant's conviction of the offense alleged in Count Two, the United States

intended to seek forfeiture, pursuant to 18 U.S.C. § 982(a)(1), of any property, real or personal, involved in such offense, or any property traceable to such property.[1] The forfeiture allegation also gave notice to the Defendant that if any of the forfeitable property was unavailable as a result of any act or omission of the Defendant, the United States would seek forfeiture of substitute property up to the value of the forfeitable property pursuant to 21 U.S.C. § 853(p). *Id.*

Following a sixteen-day jury trial, on December 28, 2021, a federal jury sitting in the District of Maryland returned a guilty verdict on Count Two of the Second Superseding Indictment. ECF No. 490.

By this motion, the United States now requests that the Court enter a preliminary order of forfeiture, pursuant to 18 U.S.C. § 982(a)(1) and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, imposing a money judgment against the Defendant in the amount of $1,800,000 in U.S. currency.

## Applicable Law

**A. Forfeiture for Money Laundering Offenses**

The criminal forfeiture statute requires the Court to order forfeiture as part of the Defendant's sentence for a violation of 18 U.S.C. § 1956. 18 U.S.C. § 982(a)(1) (stating "[t]he court . . . shall order that the person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property"); *see also United States v. Blackman*, 746 F.3d 137, 143 (4th Cir. 2014) (holding that criminal forfeiture is mandatory because "[t]he word 'shall' does not convey discretion. It is not a leeway word, but a word of command.") (quoting *United States v. Fleet*, 498 F.3d 1225, 1229 (11th Cir. 2007)); *United States*

---

[1] The Second Superseding Indictment also provided notice of the United States' intent to seek forfeiture pursuant to applicable statutes upon the Defendant's conviction on Counts One or Three.

*v. Louthian*, 756 F.3d 295, 307 (4th Cir. 2014) (where the government follows the procedures in Fed. R. Crim. P. 32.2, criminal forfeiture is mandatory under 18 U.S.C. § 982(a)).

Forfeiture pursuant to 18 U.S.C. § 982(a)(1) encompasses more than just the proceeds of the crime. It "allows the government to obtain a money judgment representing the value of all property 'involved in' the offense, including 'the money or other property being laundered (the corpus)' and 'any property used to facilitate the laundering offense.'" *United States v. Huber*, 404 F.3d 1047, 1056 (8th Cir. 2005) (quoting *United States v. Hawkey*, 148 F.3d 920, 927 (8th Cir. 1998); *see also United States v. Wyly*, 193 F.3d 289, 302 (5th Cir. 1999) (explaining that untainted property that is co-mingled with tainted property derived from illicit sources may constitute a facilitating property). Forfeiture of co-mingled funds is indicated when the tainted and untainted funds are pooled to facilitate or obscure the illegal conduct. *See United States v. Puche*, 350 F.3d 1137, 1153 (11th Cir. 2003); *see also United States v. Kivanc*, 714 F.3d 782, 794 (4th Cir. 2013) (stating that pursuant to 18 U.S.C. § 981(a)(1)(A), the civil forfeiture statute for violations of 18 U.S.C. § 1957, "when legitimate funds are commingled with property involved in money laundering . . . the entire property, including the legitimate funds, is subject to forfeiture.").

**B.     The Preponderance Standard Applies to Forfeiture Determinations**

Because criminal forfeiture is part of a defendant's sentence, the government's burden to establish the forfeitability of property is governed by the preponderance of the evidence standard. *See United States v. Tanner*, 61 F.3d 231, 234 (4th Cir. 1995) (because "forfeitures are a penalty . . . the preponderance standard should govern forfeiture questions"); *United States v. Cherry*, 330 F.3d 658, 669 (4th Cir. 2003) (because "[a] judgment of forfeiture . . . is not a separate conviction . . . [and instead] constitutes part of the sentence . . . the court properly instructed the jury that the preponderance standard governed its [forfeiture] findings.").

C. **Forfeiture Money Judgments**

A forfeiture order may take the form of a personal money judgment. *See* Fed. R. Crim. P. 32.2(b)(1)(A) ("If the government seeks a personal money judgment, the court must determine the amount of the money that the defendant will be ordered to pay."). A defendant is not entitled to a jury determination on the amount a forfeiture money judgment. *See United States v. Jameel*, 626 F. App'x 415, 419 (4th Cir. 2015) (holding that defendant was not entitled to a jury trial to determine the amount of the forfeiture money judgment) (citing Fed. R. Crim. P. 32.2(b)(1)(A) and *United States v. Curbelo*, 726 F.3d 1260, 1277 (11th Cir. 2013)).

The Court determines the amount of any money judgment "based on evidence already in the record . . . and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B); *see also United States v. Farkas*, 474 F. App'x 349, 360 (4th Cir. 2012) (stating that under Rule 32.2(b)(1)(B), the Court may base its forfeiture determination on evidence already in the record, including the trial record, and on any additional evidence or information submitted); *United States v. Sabhnani*, 599 F.3d 215, 262–63 (2d Cir. 2010) (noting that forfeiture may be based on testimony from guilt phase of trial).

The calculation of a forfeiture money judgment amount need not be exact because forfeiture is punitive, not restitutive. *See United States v. Roberts*, 660 F.3d 149, 166 (2d Cir. 2011) ("[T]he law does not demand mathematical exactitude in calculating the proceeds subject to forfeiture . . . . Rather . . . district courts may make reasonable extrapolations supported by a preponderance of the evidence.") (internal quotations omitted). The Fourth Circuit has held that a district court may not decline to enter a forfeiture order based on a defendant's inability to pay.

4

*See Blackman*, 746 F.3d at 143-44 ("The fact that a defendant is indigent or otherwise lacks adequate assets to satisfy a judgment does not operate to frustrate entry of a forfeiture order.").

**D.      Substitute Property**

If directly forfeitable property is not available because of a defendant's act or omission, the Court shall order forfeiture of substitute assets to satisfy a money judgment. *See* 21. U.S.C. § 853(p); 18 U.S.C. § 982(b)(1) (incorporating the procedures of 21 U.S.C. § 853(p) for forfeitures pursuant to 18 U.S.C. § 982(a)); *United States v. Alamoudi*, 452 F.3d 310, 314 (4th Cir. 2006) (holding that the forfeiture of substitute assets under section 853(p) is "not only permitted but mandated . . . if the conditions of 21 U.S.C. § 853(p) [are] satisfied"). The Fourth Circuit has observed that "[c]ourts interpret this provision liberally so as to thwart efforts by a defendant to circumvent the economic impact of an anticipated criminal forfeiture sentence." *Id.* at 316 (internal quotation marks and citations omitted).

## Discussion

The evidence presented at trial and summarized in the United States' sentencing memorandum, ECF No. 552, demonstrates that, with respect to Count Two, the Defendant personally laundered drug proceeds of the Byrd drug trafficking organization starting in 2011 and continuing until 2014. The Defendant accepted into his law firm's trust account approximately $1.8 million in drug proceeds and funds co-mingled with drug proceeds from the Byrd drug trafficking organization—*i.e.*, funds involved in the money laundering conspiracy. *See, e.g.*, Gov't Ex. 14 (Byrd Criminal Matter Ledger) at ECF No. 552-3, Gov't Ex. 16 (Byrd Business Ventures Ledger) at ECF No. 552-11, Gov't Ex. 18 (Byrd Hotel Matter Ledger) at ECF No. 552-12, Gov't Ex. 20 (Byrd Overtown Reborn Matter Ledger) at ECF No. 552-13, Gov't Ex. 277 (Ledgers Inflows and Outflows Summary) at ECF No. 552-1; Trial Tr. vol. VIII, 284:16-20 (testimony of

IRS Special Agent Joaquin Sequeira).

To the extent the transactions catalogued in the ledgers included untainted funds, the untainted funds are subject to forfeiture because any co-mingling of untainted funds with drug proceeds occurred in order to facilitate the money laundering. For example, the evidence at trial established that the Defendant instructed Byrd to wash and launder Byrd's drug proceeds using various bank accounts that also had other cash flow sources, including LOC Marketing, to make the funds appear to be legitimate and more difficult to trace their source. This is precisely the type of otherwise untainted funds that should be subject to forfeiture as property "involved in" money laundering because it facilitated the laundering offense.

Accordingly, pursuant to 18 U.S.C. § 982(a)(1) and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a forfeiture money judgment in the amount of $1.8 million in U.S. currency against the Defendant. The United States submits a forfeiture hearing is unnecessary given the nature of the evidence introduced at trial as to the value of the funds involved in the Defendant's money laundering conviction.

The United States also respectfully requests that the Court find the conditions set forth in the substitute asset statute, 21 U.S.C. § 853(p), have been met. Making such a finding now will obviate the need to do so later should the United States locate assets with which to satisfy the forfeiture money judgment; it does not relieve the United States of its obligation to file a motion with the Court and seek an order to forfeit substitute assets. The trial evidence and the Pre-Sentence Report support such a finding because they indicate funds were transferred to third parties, co-mingled with other property, and/or cannot be located due to the Defendant's acts.

The United States may move at any time, pursuant to Rule 32.2(e)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(p), to forfeit any property of the defendant up

to the value of the forfeiture money judgment included in the Preliminary Order of Forfeiture. Upon issuance of any order forfeiting specific property, the United States will publish notice in accordance with 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure.

The United States also seeks permission to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

WHEREFORE, the United States requests that this Court:

(a) find that the requirements of 21 U.S.C. § 853(p) have been satisfied in this case;

(b) enter the Preliminary Order of Forfeiture in the form submitted herewith;

(c) include the forfeiture, as set forth in the Preliminary Order of Forfeiture, in the oral pronouncement of the Defendant's sentence;

(d) retain jurisdiction for the purpose of enforcing the forfeiture; and

(e) incorporate the Preliminary Order of Forfeiture in the criminal judgment entered against the Defendant, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4).

Respectfully submitted,

Philip Selden
Attorney for the United States
Acting Under Authority Conferred by 28 U.S.C. § 515

By: _____/s/_____
Leo J. Wise
Zachary H. Ray
Assistant United States Attorneys

Derek E. Hines
Special Assistant United States Attorney

CERTIFICATE OF SERVICE

      I hereby certify that the foregoing Motion for Preliminary Order of Forfeiture, as well as the proposed Preliminary Order of Forfeiture, were filed through the Electronic Case Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

      /s/
Zachary H. Ray
Assistant United States Attorney