IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>KENNETH W. RAVENELL,<br><br>*Defendant.* | Criminal Action No. 1:19-cr-00449<br>Hon. Liam O'Grady |

## **AMENDED ORDER**

Before the Court is Defendant Kenneth Ravenell's Rule 33 Motion for a New Trial. Dkt. 542. The Government has responded in opposition, Dkt. 553. Based on the following analysis, the Motion for a New Trial, Dkt. 542, is **DENIED**.

### I. BACKGROUND

After a three-week jury trial held in December 2021, Defendant Kenneth Ravenell was convicted of money laundering conspiracy. Dkt. 490. Ravenell now moves for a new trial pursuant to Federal Rule of Criminal Procedure 33. In the Motion, Ravenell makes four principal arguments: first, that the Court erred in failing to instruct the jury on applicable statute of limitations; second, that the Court erred in failing to instruct the jury on the "safe harbor" provision of 18 U.S.C. § 1957; third, that the Court erred by instructing the jury on conscious avoidance; and fourth, that Ravenell's conviction must be vacated under *Yates v. United States*, 354 U.S. 298 (1957). The Court finds each of these arguments without merit.

## II. LEGAL STANDARD

"Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33. The granting of a new trial is discretionary and requires a demonstration "that the fundamental fairness or integrity of the trial result is substantially in doubt." *United States v. Jennings*, 438 F. Supp. 2d 637, 642 (E.D. Va. 2006). Motions for a new trial "should be awarded sparingly, as a jury verdict is not to be overturned except in the rare circumstances when the evidence weighs heavily against it." *United States v. Gutierrez*, 963 F.3d 320, 339-40 (4th Cir. 2020). Because a district court's decision to grant a new trial is discretionary, it is reviewed on appeal for abuse of discretion. *United States v. Smith*, 451 F.3d 209, 217 (4th Cir. 2006).

## III. DISCUSSION

Because the Court finds that it properly declined to give a legally incorrect statute of limitations instruction, that it properly instructed the jury on 18 U.S.C. § 1956(h), that it properly gave the conscious avoidance instruction, and that none of the objects of the conspiracy was legally infirm, the Court finds that the "interest of justice" does not require the granting of a new trial. *See* Fed. R. Crim. P. 33.

### A. <u>The Court properly declined to give a legally incorrect statute of limitations instruction.</u>

Ravenell first argues that, at trial, the Government presented evidence of two distinct money laundering conspiracies – one involving drug proceeds received from his client Richard Byrd and another involving drug proceeds received from his client Leonaldo Harris. Dkt. 542-1 at 11. Ravenell notes that the last of Byrd's payments to Ravenell was made on January 6, 2014, to his law firm, Murphy Falcon Murphy Law Firm (the "Murphy Firm"), and the last potential

2

transaction in furtherance of the alleged conspiracy using these funds was made on February 26, 2014. *See* Dkt. 542-1 at 11. He further notes that the last of Harris's payments to Ravenell was made on April 25, 2014. *Id.* Per a pre-indictment tolling agreement, the five-year statute of limitations period applicable to the Count II money laundering charge ran back to July 2, 2014. *See* Dkt. 553; Dkt. 553-1. Ravenell argues that "[m]oney laundering charges based on a conspiracy that concluded prior to July 2, 2014, therefore, are precluded under the applicable statute of limitations," Dkt. 542-1 at 12, and further argues that the Court therefore erred by failing to instruct the jury on the applicable statute of limitations.

The Court finds this argument unpersuasive. Contrary to Ravenell's argument, he was charged with - and tried on - a single money laundering conspiracy. *See* Dkt. 281 at 16-17 (Second Superseding Indictment). At trial, Ravenell never argued that there were multiple conspiracies nor proposed a multiple conspiracies instruction. The Court properly instructed the jury on the elements of the money laundering conspiracy, and the evidence presented at trial showed that the money laundering conspiracy continued past July 2, 2014.

The first time Ravenell addressed the issue of the statute of limitations was during the third week of trial, on Monday, December 21, 2021, as it related to jury instructions. In a proposed instruction titled "Commission of Overt Acts," Ravenell asked the Court to instruct the jury that:

> There is a limit on how much time the government has to obtain an indictment. For you to find the defendant guilty of conspiracy as to Counts Two and Three only, the government must prove beyond a reasonable doubt that at least one overt act in furtherance of the conspiracy was committed after July 2, 2014.

*See* Dkt. 553; 553-2 (Ravenell's Proposed Jury Instructions). Ravenell raised this argument again later that day when he renewed his Rule 29 motion.

Contrary to Ravenell's assertions, there is no overt act requirement for money laundering conspiracy, the count on which Ravenell was convicted. There is therefore no requirement that an overt act occur within limitations. *Whitfield v. United States*, 543 U.S. 209, 219 (2005) ("[W]e hold that conviction for conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), does not require proof of an overt act in furtherance of the conspiracy."); *United States v. Green*, 599 F.3d 360, 372 (4th Cir. 2010). The case upon which Ravenell primarily relies, *United States v. Head*, 641 F.2d 174 (4th Cir. 1981) concerns the general conspiracy statute, 18 U.S.C. § 371, which has as one of its elements that the Government prove an overt act in furtherance of the conspiracy. The money laundering conspiracy statute at issue here has no such requirement that the Government prove an overt act in furtherance of the conspiracy. Therefore, *Head* is inapposite. *See* Dkt. 553 at 18-19.

The Second Superseding Indictment did not allege any overt acts related to Count Two. *See* Dkt. 281 at 16-17. Nor did the Government present evidence of overt acts, either occurring within or outside of the limitations period, because the elements of money laundering conspiracy do not include the commission of overt acts in furtherance of the conspiracy.

The Fourth Circuit has held:

> To obtain a conviction for money laundering conspiracy under 18 U.S.C. § 1956(h), the Government must prove the following essential elements: (1) the existence of an agreement between two or more persons to commit one or more of the substantive money laundering offenses proscribed under 18 U.S.C § 1956(a) or § 1957; (2) that the defendant knew that the money laundering proceeds had been derived from an illegal activity; and (3) the defendant knowingly and voluntarily became part of the conspiracy.

*Green*, 599 F.3d at 371; *United States v. Singh*, 518 F.3d 236, 248 (4th Cir. 2008).

4

The Court's instructions to the jury contained all of these elements. The Court instructed the jury as follows:

> In order to prove the defendant guilty of conspiracy to commit money laundering, the United States must prove three elements beyond a reasonable doubt. First, that there was an agreement between two or more persons to commit money laundering; second, that the defendant knew that the money laundering proceeds had been derived from illegal activity; and third, that the defendant knowingly and voluntarily became a part of the conspiracy. I'll give you further instructions on the type of money laundering activities that defendants have been charged with.

Trial Transcript Vol. XIII at 54:6-15. The Court subsequently gave additional instructions related to each element and related to the three objects of the money laundering conspiracy. The jury, by its verdict, found that the Government had established each of these three elements of money laundering conspiracy beyond a reasonable doubt.

Moreover, there is no evidence that Ravenell ever withdrew from the conspiracy. The Fourth Circuit has explained:

> Once a conspiracy is established, however, it is presumed to continue unless or until the defendant shows that it was terminated or he withdrew from it… A mere cessation of activity in furtherance of the conspiracy is insufficient… The defendant must show affirmative acts inconsistent with the object of the conspiracy and communicated in a manner reasonably calculated to reach his coconspirators… The burden of proving withdrawal rests on the defendant.

*Green*, 599 F.3d at 360, 369–70 (internal citations omitted).

In this case, the Government presented specific evidence that the money laundering conspiracy continued past July 2, 2014. As explained above, Ravenell was charged in Count Two with membership in a single money laundering conspiracy, not two separate conspiracies. Nevertheless, the aspect of the money laundering conspiracy that related to Harris and Bailey did not, as Ravenell claims, terminate on April 25, 2014 – nor at any time prior to July 2, 2014. Indeed, there is no evidence that the last payment from Harris to Ravenell was intended to be the

5

last payment; in fact, the jury heard testimony that, at that meeting, Ravenell demanded more money to keep representing Harris. *See* Dkt. 553 at 27-28; Trial Transcript Vol. IX at 185:20-22; 186:9-12; and 186:15. Moreover, Ravenell did not withdraw as Harris' counsel until November 13, 2014. Similarly, the aspect of the money laundering conspiracy that related to Byrd did not, as Ravenell claims, terminate on February 26, 2014 – nor at any time prior to July 2, 2014. Byrd testified that Ravenell did not withdraw as his attorney until after the Murphy Firm was searched in August 2014. The jury also heard evidence that Ravenell made a payment on August 1, 2014 to Phoenix Towing Services in the amount of $750 – which was related to his representation of Byrd. Further, the fact that the drug proceeds remained at the Murphy Firm, credited to Byrd, after July 2, 2014, is all evidence that the money laundering conspiracy continued after that date. Dkt. 553 at 30.

Based on the foregoing, the Court properly instructed the jury on the elements of the money laundering conspiracy, and the evidence presented at trial showed that this money laundering conspiracy continued past July 2, 2014. Therefore, Ravenell's motion for a new trial on this ground is denied.

### B. The Court properly instructed the jury on 18 U.S.C. § 1956(h).

Ravenell next argues that "[t]he Court's jury instruction regarding 18 U.S.C. § 1957 was fatally deficient because it failed to instruct the jury on the definition of 'monetary transaction' as an element of § 1957, which includes a safe harbor exempting transactions made in the exercise of Sixth Amendment rights." Dkt. 542-1 at 23.

This argument fails as a matter of law. First, the Court is not required to instruct the jury on each definition of 18 U.S.C. § 1957 for a conspiracy to commit money laundering prosecution brought pursuant to 18 U.S.C. § 1956(h). Second, even if the elements of 18 U.S.C. § 1956(h)

6

were the same as 18 U.S.C. 1957, which they are not, Section 1957's "safe harbor" provision would still not apply to Ravenell's conduct, and therefore would not constitute a reason for a new trial.

First, the Second Superseding Indictment makes clear that Ravenell was not charged with substantive money laundering under 18 U.S.C. § 1957. *See* Dkt. 281 at 16-17. Instead, he was charged and convicted under 18 U.S.C. § 1956(h), conspiracy to commit any one of three species of money laundering: (i) promotional money laundering, as described in 18 U.S.C. § 1956(a)(1)(A)(i); (ii) concealment money laundering, as described in 18 U.S.C. § 1956(a)(1)(B)(i); or (iii) structuring money laundering, as described in 18 U.S.C. § 1957. Proof of substantive money laundering under 18 U.S.C. § 1957 is not required to prove conspiracy to commit money laundering under 18 U.S.C. § 1956(h).

Again, as stated above, the Fourth Circuit has held:

> To obtain a conviction for money laundering conspiracy under 18 U.S.C. § 1956(h), the Government must prove the following essential elements: (1) *the existence of an agreement between two or more persons to commit one or more of the substantive money laundering offenses proscribed under 18 U.S.C § 1956(a) or § 1957*; (2) that the defendant knew that the money laundering proceeds had been derived from an illegal activity; and (3) the defendant knowingly and voluntarily became part of the conspiracy.

*Green*, 599 F.3d at 371 (emphasis added). Commission of an underlying offense—be it promotional money laundering (18 U.S.C. § 1956(a)(1)(A)(i)), concealment money laundering (18 U.S.C. § 1956(a)(1)(B)(i)), or structuring money laundering (18 U.S.C. § 1957)—are not elements of a money laundering conspiracy. The district court is therefore not required to instruct the jury on the elements of each of the substantive offenses identified as objects of the conspiracy. *See Hagen v. United States*, No. 3:08-CR-93-WEB-2, 2014 WL 3895062, at *6 (W.D.N.C. Aug. 8, 2014) ("Notably, commission of an underlying offense that is one of the

objects of the conspiracy is not an element of a money laundering conspiracy… Therefore, the district court is not required to instruct the jury on the elements of each of the substantive offenses identified as objects of such a conspiracy."); *see generally United States v. Anderson*, 611 F.2d 504, 511 (4th Cir. 1979) ("It is axiomatic that conspiracy to commit an offense and commission of the offense are two separate and distinct crimes[.]")

Second, even if a Section 1957 safe harbor instruction were proper – which it is not – Ravenell's conduct fell outside of what the safe harbor provision was meant to protect. Section 1957(f)(1) defines the term "monetary transaction," and excludes "any transaction necessary to preserve a person's right to representation as guaranteed by the sixth amendment to the Constitution."

In *United States v. Blair*, "Blair [made] the broad contention that any drug money that goes to the payment of counsel fees falls within the § 1957(f) Safe Harbor provision." *United States v. Blair*, 661 F.3d 755, 772 (4th Cir. 2011). The Fourth Circuit rejected this argument, finding that his "principal mistake" was that he ignored the language of Section 1957. In *Blair*, as here, the funds at issue were drug proceeds which, the Court noted, legally belonged to the United States. *Id.* Moreover, in *Blair*, as here, the money paid to the Defendant came from persons and entities other than criminal defendants whom the Defendant represented. The Fourth Circuit stated that "Sixth Amendment rights are at bottom personal to the accused." *Id.*

Here, the evidence presented to the jury was that Avarietta Bailey provided drug proceeds to Ravenell. Trial Transcript Vol. IX at 171:11-181:9 (Leonoldo Harris testimony). Specifically, Harris testified that, "All the monies paid by Ms. Bailey came from drug proceeds." *Id.* at 181:8-9. Further, none of those funds came from Leonaldo Harris, who was Ravenell's client. Avarietta Bailey was not in an attorney-client relationship with Ravenell, and therefore had no Sixth

8

Amendment rights that put Ravenell's receipt of the drug proceeds from her within the safe harbor. As in *Blair*, Ravenell was paid in drug proceeds and by a third party – and therefore his conduct would not fall within the Safe Harbor provision even if it were applicable.

In sum, the Court properly instructed the jury on 18 U.S.C. § 1956(h). The Court was not required to instruct the jury on each definition of 18 U.S.C. § 1957 for a conspiracy to commit money laundering prosecution brought pursuant to 18 U.S.C. § 1956(h); further, even if it were, Section 1957's Safe Harbor provision would still not apply to Ravenell's conduct. Therefore, Ravenell's motion for a new trial on this ground is denied.

### C. The Court properly gave the conscious avoidance instruction.

Ravenell next argues that he is entitled to a new trial because "the Court improperly instructed the jury on conscious avoidance despite the lack of any evidence at trial supporting such an instruction, resulting in prejudicial error." Dkt. 542-1 at 33. The Court finds this argument unpersuasive.

The Fourth Circuit has held that "where the trial evidence supports both actual knowledge on the part of the defendant and deliberate ignorance, a willful blindness instruction is proper." *United States v. Vinson*, 852 F.3d 333, 357 (4th Cir. 2017) (internal citations omitted).

In this case, the evidence presented at trial established both actual knowledge and deliberate ignorance. For example, as the Government explains, Byrd testified that Byrd told Ravenell that Byrd was giving Ravenell drug proceeds. But Byrd also testified that Ravenell would only accept funds in the form of wires, checks and credit card payments that came from third parties and not from Byrd. Trial Transcript Vol. III at 136:1-137:2. Similarly, Avarietta Bailey testified that she gave Ravenell cash from drug sales but that Ravenell also instructed her not to give him cash and instead to give him checks and money orders, which she did. Trial

Transcript Vol. IX at 240:7-241:10. From these facts, the jury could infer that Ravenell consciously avoided or deliberately ignored learning the source of the funds he received, or at least some of the funds he received. *See* Dkt. 553 at 38-39.

Even if this Court erred in giving such an instruction, that decision would be subject to a harmless error review. *See United States v. Farrell*, 921 F.3d 116, 145 (4th Cir. 2019) ("Such an error [giving a willful blindness instruction] is harmless 'where there is sufficient evidence in the record of actual knowledge on the defendant's part.'") (internal citations omitted).

Therefore, the Court properly gave the conscious avoidance instruction. Ravenell's motion for a new trial on this ground is denied.

### D. None of the objects of the conspiracy was legally infirm.

Ravenell next argues that his conviction under Count Two cannot survive because:

> Under *Yates v. United States*, 354 U.S. 298 (1957), a verdict upon a count alleging multiple theories of guilt (here, one involving Byrd's money and the other involving Harris's), one of which is legally infirm, cannot survive absent a finding of harmlessness beyond a reasonable doubt. The evidence here does not support such a finding and reversal is mandated.

Dkt. 542-1 at 37. Ravenell again argues that his receipt of Harris's money did not violate § 1957 and was time-barred. *Id.*

In *Yates*, the Supreme Court held that where one object of a two-object conspiracy was barred by the statute of limitations, the defendant's conviction should be reversed because the Court could not determine which of the two objects the jury based its verdict on. *Yates*, 354 U.S. at 312. Under *Yates*, "reversal is required when a case is submitted to a jury on two or more alternate theories, one of which is legally (as opposed to factually) inadequate, the jury returns a general verdict, and it is impossible to discern the basis on which the jury actually rested its

verdict." *United States v. Ellyson*, 326 F.3d 522, 531 (4th Cir. 2003) (quoting *United States v. Hastings*, 134 F.3d 235, 242 (4th Cir. 1998)).

This case is clearly distinguishable from *Yates*. Again, for the reasons stated above, and contrary to Ravenell's argument, he was charged with - and tried on - a single money laundering conspiracy. *See* Dkt. 281 at 16-17 (Second Superseding Indictment). Here, payments of drug proceeds from third parties related to Byrd and from third parties related to Harris are not separate objects of the conspiracy nor separate legal theories of guilt. Rather, this is evidence of the existence of a single money laundering conspiracy. Again, the objects of the conspiracy are violations of (1) promotion money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i); (2) concealment money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i); and (3) engaging in monetary transaction in criminally derived property in excess of $10,000, in violation of 18 U.S.C. § 1957. None of these objects are barred by the statute of limitations.

As to Ravenell's argument that his receipt of Harris's money did not violate § 1957 and was time-barred, again, for the reasons discussed above, Ravenell's conduct is not covered by the Safe Harbor provision of 18 U.S.C. § 1957(f)(1) and was not time-barred by the statute of limitations.

For these reasons, none of the objects of the conspiracy was legally infirm, and Ravenell's motion for a new trial on this ground must be denied.

## IV. CONCLUSION

Because the Court finds that it properly declined to give a legally incorrect statute of limitations instruction, that it properly instructed the jury on 18 U.S.C. § 1956(h), that it properly gave the conscious avoidance instruction, and that none of the objects of the conspiracy was

legally infirm, the Court finds that the "interest of justice" does not require the granting of a new trial. *See* Fed. R. Crim. P. 33.

Therefore, Ravenell's Motion for a New Trial, Dkt. 542, is **DENIED**.

It is **SO ORDERED.**

May 13, 2022
Alexandria, Virginia

Liam O'Grady
United States District Judge