IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | |
| | * | CRIMINAL NO. LO-19-0449 |
| KENNETH WENDELL RAVENELL, | * | |
| | * | |
| Defendant. | * | |
| | * | |
| | * | |
| ****** | | |

**UNITED STATES' REPLY TO DEFENDANT'S RESPONSE TO MOTION
FOR PRELIMINARY ORDER OF FORFEITURE**

The United States, by and through undersigned counsel, hereby respectfully submits this reply to the Defendant's Response in Opposition to the Government's Forfeiture Motion, ECF No. 562. Because none of the Defendant's arguments have merit, the Government motion should be granted.

The Defendant first asserts the forfeiture must be limited to funds tied to "the Section 1957/Harris money laundering conspiratorial object and theory of guilt," rehashing the arguments and case law from his sentencing memorandum. *See* ECF No. 562 at 1. The Government thoroughly briefed this issue in its response to the Defendant's sentencing memorandum and incorporates those arguments here. ECF No. 560 at 1–6. Just as it is appropriate for this Court impose a sentence of incarceration based on factual findings it makes after considering evidence with sufficient indicia of reliability using a preponderance of the evidence standard, so too is it appropriate to impose a forfeiture money judgment on the same basis. *See Libretti v. United States*, 516 U.S. 29, 38–39 (1995) (stating criminal forfeiture is an element of the sentence imposed following a conviction); *United States v. Martin*, 662 F.3d 301, 307 (4th Cir. 2011) ("After conviction, the government must establish a nexus between the property for which it is seeking

forfeiture and the crime by a preponderance of the evidence.").

As the Government has explained in its sentencing memorandum filings and in its motion for a preliminary order of forfeiture, the record clearly provides this Court with reliable evidence proving by a preponderance of the evidence the Defendant laundered approximately $1.8 million in relation to the Count Two conspiracy to violate 18 U.S.C. § 1957, and the Court should impose a forfeiture money judgment in this amount as part of the Defendant's sentence.

The Defendant's next argument, that the Government is not entitled to seek substitute assets because the Defendant falls under the protections of 18 U.S.C. § 982(b)(2) for less culpable members of a money laundering operation, is similarly without merit.  The Defendant misrepresents both what it means to "conduct" a money laundering transaction and his position in the money laundering conspiracy.

As used in the money laundering statutes, "the term 'conducts' includes initiating, concluding, or participating in initiating, or concluding a transaction[.]"  18 U.S.C. § 1956(c)(2). One need not directly possess or control the funds at issue in order to conduct a money laundering transaction with them; constructive possession and control can sustain a money laundering conviction.  *See United States v. Smith*, 44 F.3d 1259, 1266 (4th Cir. 1995).  A person who directs another to send money causes or conducts the transaction.  *See United States v. Elder*, 90 F.3d 1110, 1125 (6th Cir. 1996) (upholding money laundering conviction of a defendant who insulated his exposure to tainted funds by directing others to send wire transfers).  Testimony at trial established that the Defendant exercised control over whether funds to be laundered were accepted into and wired out of the law firm's accounts.  *See, e.g.*, Trial Tr. vol. VI, 287:1–8, 287:18–288:7 (testimony of Heather Mangus).  Therefore, the Defendant participated in initiating or concluding—*i.e.* conducted—a transaction.

In addition, the safe harbor protection of 18 U.S.C. § 982(b)(1) does not apply here because the Defendant is not a mere intermediary in the money laundering conspiracy and because he conducted at least three transactions totaling over $100,000 in a twelve-month period. The statute protects "low-level conspirators" or "less culpable money launderers" from forfeiture of substitute assets when the laundered property is not available for forfeiture. *See United States v. Kenner*, 443 F. Supp. 3d 354, 369–70 (E.D.N.Y. 2020). The evidence showed the Defendant is not such a person—in fact, the Pre-Sentence Report includes an enhancement for being a leader or organizer of the money laundering conspiracy. ECF No. 537 at 11. And the various ledgers catalogue multiple instances where the Defendant conducted three or more separate transactions involving a total of over $100,000 in a twelve-month period. One such example is the first three transactions listed on the Byrd Hotel Matter Ledger (Government's Trial Exhibit 18), in which wire transfers in the amounts of $53,000, $19,600, and $50,000 were received into the Murphy Falcon & Murphy client trust fund account as part of the Defendant's money laundering conspiracy in September 2012. ECF No. 552-12.

Finally, the Defendant requests a hearing pursuant to Federal Rule of Criminal Procedure 32.2(b)(1)(B). While the Defendant may be entitled to such a hearing to contest the forfeiture, he may not reopen the issue of guilt or relitigate the legality of his conduct in that forum. *See United States v. Warshak*, 631 F.3d 266, 331 (6th Cir. 2010). Given the volume of evidence already in the record, the Government submits the Court can make its determination as to forfeiture at or immediately before its sentencing.

In sum, the Defendant's opposition is unsupported by the facts and the law. For the reasons explained herein and in the United States' motion for a preliminary order of forfeiture, this Court should impose a forfeiture money judgment in the amount of $1.8 million against the Defendant.

                    Respectfully submitted,

                    Philip Selden
                    Attorney for the United States
                    Acting Under Authority Conferred by 28 U.S.C. § 515

By:        _____/s/_____
                    Zachary H. Ray
                    Leo J. Wise
                    Assistant United States Attorneys

                    Derek E. Hines
                    Special Assistant United States Attorney

## CERTIFICATE OF SERVICE

    This is to certify that a copy of the foregoing was served on counsel of record via CM/ECF.

                                                                  _____/s/_____
                                                                    Zachary H. Ray
                                                                    Assistant United States Attorney