IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>)<br>)<br>)<br>v.                                                        )<br>)    Criminal Action No. 1:19-cr-00449<br>KENNETH W. RAVENELL,                   )    Hon. Liam O'Grady<br>)<br>*Defendant*.                      )<br>)<br>) | |

## ORDER

Before the Court is Defendant Kenneth Ravenell's Motion for Reconsideration. Dkt. 561. On May 13, 2022, the Court denied Mr. Ravenell's Motion for a New Trial. *See* Dkt. 559. Mr. Ravenell now brings the instant Motion for Reconsideration arguing that the Court's Order was premised on several errors. *See* Dkt. 561 at 2-3.

Generally, a motion to alter a judgment may be granted for only three reasons: (1) to follow an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent a manifest injustice. *See Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). "In general 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Id.* (internal citation omitted). *See also United States v. Dickerson*, 971 F. Supp. 1023, 1024 (E.D. Va. 1997) (applying civil standard to motion for reconsideration in a criminal case "[a]s there is no provision in the Federal Rules of Criminal Procedure governing motions for reconsideration").

Upon review of Mr. Ravenell's Motion, Dkt. 561, the Court finds that there are not clear errors of law and fact, nor will a manifest injustice result. Rather, the Motion attempts only to again raise old arguments that the Court previously found unpersuasive.

Accordingly, Mr. Ravenell's Motion for Reconsideration, Dkt. 561, is **DENIED**.

It is **SO ORDERED.**

June 6, 2022
Alexandria, Virginia

Liam O'Grady
United States District Judge