IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> ) <br> ) <br> v. ) <br> ) <br> KENNETH W. RAVENELL, ) <br> ) <br> *Defendant.* ) <br> ) | Criminal Action No. 1:19-cr-00449 <br> Hon. Liam O'Grady |

## ORDER

Before the Court is the United States' Motion for a Preliminary Order of Forfeiture in the above-captioned action. Dkt. 557. Oral argument was heard on June 22, 2022. For the reasons that follow, the Motion is **GRANTED**. Pursuant to 18 U.S.C. § 982(a)(1) and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, a forfeiture money judgment in the amount of $1,800,000 in U.S. currency is hereby entered against the Defendant, Mr. Kenneth Ravenell.

## I. BACKGROUND

On July 22, 2021, a federal grand jury in the District of Maryland returned a Second Superseding Indictment, charging Kenneth Wendell Ravenell (the "Defendant") with RICO Conspiracy, in violation of 18 U.S.C. § 1962(d) (Count One); Money Laundering Conspiracy, in violation of 18 U.S.C. § 1956(h) (Count Two); Narcotics Conspiracy, in violation of 21 U.S.C. § 846 (Count Three); Conspiracy to Commit Offenses Against the United States, in violation of 18 U.S.C. § 371 (Count Four); Obstructing an Official Proceeding, in violation of 18 U.S.C. § 1512(c) (Count Five); and Falsification of Record, in violation of 18 U.S.C. § 1519 (Counts Six and Seven). Dkt. 281.

The Second Superseding Indictment included a forfeiture allegation, which provided notice that upon Mr. Ravenell's conviction of the offense alleged in Count Two, the United States intended to seek forfeiture, pursuant to 18 U.S.C. § 982(a)(1), of any property, real or personal, involved in such offense, or any property traceable to such property. The forfeiture allegation also gave notice to Mr. Ravenell that if any of the forfeitable property was unavailable as a result of any act or omission of Mr. Ravenell, the United States would seek forfeiture of substitute property up to the value of the forfeitable property pursuant to 21 U.S.C. § 853(p). *Id.*

On December 28, 2021, following a sixteen-day jury trial, a federal jury sitting in the District of Maryland returned a guilty verdict on Count Two of the Second Superseding Indictment. Dkt. 490.

The United States now requests that the Court enter a preliminary order of forfeiture pursuant to 18 U.S.C. § 982(a)(1) and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure. The United States requests that the Court impose a money judgment in the amount of $1,800,000 in U.S. currency against Mr. Ravenell.

## II. LEGAL STANDARD

18 U.S.C. § 982(a)(1) provides that "[t]he Court, in imposing a sentence on a person convicted of an offense in violation of section 1956, 1957, or 1960 of this title, shall order that the person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property." Criminal forfeiture is mandatory because "[t]he word 'shall' does not convey discretion. It is not a leeway word, but a word of command." *United States v. Blackman*, 746 F.3d 137, 143 (4th Cir. 2014) (quoting *United States v. Fleet*, 498 F.3d 1225, 1229 (11th Cir. 2007)). *See also United States v. Louthian*, 756 F.3d 295, 307 (4th Cir. 2014) (where the government follows the procedures in Fed. R. Crim. P. 32.2, criminal forfeiture

is mandatory under 18 U.S.C. § 982(a)). Because criminal forfeiture is part of a defendant's sentence, the government must establish the forfeitability of property by a preponderance of the evidence standard. *See United States v. Tanner*, 61 F.3d 231, 234 (4th Cir. 1995) (because "forfeitures are a penalty. . . the preponderance standard should govern forfeiture questions").

"Forfeiture under section 982(a)(1) in a money-laundering case allows the government to obtain a money judgment representing the value of all property 'involved in' the offense, including 'the money or other property being laundered (the corpus)' and 'any property used to facilitate the laundering offense.'" *United States v. Huber*, 404 F.3d 1047, 1056 (8th Cir. 2005). Forfeiture of co-mingled funds is proper when the tainted and untainted funds are pooled to facilitate or obscure the illegal conduct. *See United States v. Puche*, 350 F.3d 1137, 1153 (11th Cir. 2003); *see also United States v. Kivanc*, 714 F.3d 782, 794 (4th Cir. 2013) (stating that pursuant to 18 U.S.C. § 981(a)(1)(A), the civil forfeiture statute for violations of 18 U.S.C. § 1957, "when legitimate funds are commingled with property involved in money laundering . . . the entire property, including the legitimate funds, is subject to forfeiture.").

The Court determines the amount of any money judgment "based on evidence already in the record... and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B); *see also United States v. Farkas*, 474 F. App'x 349, 360 (4th Cir. 2012) (stating that under Rule 32.2(b)(1)(B), the Court may base its forfeiture determination on evidence already in the record, including the trial record, and on any additional evidence or information submitted).

Further, if directly forfeitable property is not available because of a defendant's act or omission, the Court shall order forfeiture of substitute assets to satisfy a money judgment. *See* 21. U.S.C. § 853(p); 18 U.S.C. § 982(b)(1) (incorporating the procedures of 21 U.S.C. § 853(p)

for forfeitures pursuant to 18 U.S.C. § 982(a)); *United States v. Alamoudi*, 452 F.3d 310, 314 (4th Cir. 2006) (holding that the forfeiture of substitute assets under § 853(p) is "not only permitted but mandated . . . if the conditions of 21 U.S.C. § 853(p) [are] satisfied"). The Fourth Circuit has observed that "[c]ourts interpret this provision liberally so as to thwart efforts by a defendant to circumvent the economic impact of an anticipated criminal forfeiture sentence." *Id.* at 316 (internal quotation marks and citations omitted).

### III. DISCUSSION

Pursuant to 18 U.S.C. § 982(a)(1) and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a forfeiture money judgment in the amount of $1,800,000 in U.S. currency against the Defendant, Mr. Ravenell. Furthermore, the conditions set forth in the substitute asset statute, 21 U.S.C. § 853(p) have been met.

#### A. A Money Judgment of $1,800,000 is Appropriate.

The United States asserts that the evidence presented at trial and summarized in the United States' sentencing memorandum, Dkt. 552, demonstrates that, with respect to Count Two, Mr. Ravenell personally laundered drug proceeds of the Byrd drug trafficking organization starting in 2011 and continuing until 2014. The Court agrees. The evidence at trial demonstrated that Mr. Ravenell accepted into his law firm's trust account approximately $1,800,000 in drug proceeds and funds co-mingled with drug proceeds from the Byrd drug trafficking organization – *i.e.*, funds involved in the money laundering conspiracy. *See* Dkt. 557 at 5-6. To the extent that the transactions catalogued in the ledgers included untainted funds, the untainted funds are also subject to forfeiture because any co-mingling of untainted funds with drug proceeds occurred in order to facilitate the money laundering. *See Huber*, 404 F.3d at 1056 (8th Cir. 2005).

In opposition, Mr. Ravenell argues that in the absence of a special verdict, forfeiture of the funds involved in the Byrd drug trafficking organization money laundering conspiracy is impermissible. Mr. Ravenell asserts that, because it is not possible to determine which conspiratorial object(s) the jury found proven or upon which theory the jury convicted – the Byrd drug trafficking organization money, the Harris legal fees, or some combination – Mr. Ravenell must be sentenced only upon the "least serious theory of conviction, *i.e.*, the Section 1957/Harris money laundering conspiratorial object and theory of guilt." Mr. Ravenell therefore asserts that forfeiture of money involved in Byrd's conspiratorial object to launder money in violation of 18 U.S.C. §§ 1956 and 1957 should be denied. Dkt. 562 at 1-2.

The Court finds this argument unpersuasive. The record clearly provides this Court with reliable evidence proving by a preponderance of the evidence that Mr. Ravenell laundered approximately $1,800,000 in relation to the Count Two conspiracy to violate 18 U.S.C. § 1957. Moreover, regarding Mr. Ravenell's argument that it is not possible to determine upon which conspiratorial object(s) the jury convicted him, this Court has already explained that "the drug proceeds from third parties related to Byrd and from third parties related to Harris are… evidence of the existence of a single money laundering conspiracy." Dkt. 559 at 11. Mr. Ravenell's attempt to distinguish between funds obtained in connection to Byrd or Harris is speculative and meritless. For these reasons, the Court finds that consideration of the entire $1,800,000 is appropriate.[1]

### B.  The Government is Entitled to Forfeiture of Substitute Assets.

The United States asserts that the conditions set forth in the substitute asset statute, 21 U.S.C. § 853(p) have been met. The Court agrees. The trial evidence and the Presentence Report

---

[1] The Court has reviewed the documents submitted by Mr. Ravenell during the forfeiture hearing held on June 22, 2022. These documents do not change the Court's position that the money is forfeitable in its full amount.

indicate that funds were transferred to third parties, co-mingled with other property, and/or cannot be located due to Mr. Ravenell's acts.

Mr. Ravenell argues, in opposition, that substitution of assets is not permitted in these circumstances. He cites 18 U.S.C. § 982(b)(2), which provides:

> The substitution of assets provisions of subsection 413(p) shall not be used to order a defendant to forfeit assets in place of the actual property laundered where such defendant acted merely as an intermediary who handled but did not retain the property in the course of the money laundering offense unless the defendant, in committing the offense or offenses giving rise to the forfeiture, conducted three or more separate transactions involving a total of $100,000 or more in any twelve month period.

Mr. Ravenell argues that, here, the money subject to forfeiture was paid to the Murphy Firm, not to Mr. Ravenell himself. Further, Mr. Ravenell argues that the Murphy Firm, not Mr. Ravenell, "conducted" the various transactions from which the funds were derived. He asserts that, in accordance with the statute, he "acted merely as an intermediary who handled but did not retain the property in the course of the money laundering offense," and that he did not "conduct[] three or more separate transactions involving a total of $100,000 or more in any twelve month period." *See id.*

The Court finds these arguments unpersuasive. As used in the money laundering statutes, "the term 'conducts' includes initiating, concluding, or participating in initiating, or concluding a transaction[.]" 18 U.S.C. § 1956(c)(2). One need not directly possess or control the funds at issue in order to conduct a money laundering transaction with them; constructive possession and control can sustain a money laundering conviction. *See United States v. Smith*, 44 F.3d 1259, 1266 (4th Cir. 1995). A person who directs another to send money causes or conducts the transaction. *See United States v. Elder*, 90 F.3d 1110, 1125 (6th Cir. 1996) (upholding money laundering conviction of a defendant who insulated his exposure to tainted funds by directing others to send wire transfers). Here, testimony at trial established that Mr. Ravenell exercised control over

6

whether funds to be laundered were accepted into and wired out of the law firm's accounts. Mr. Ravenell clearly participated in initiating or concluding – *i.e.*, conducted – a transaction.

Moreover, the safe harbor provision of 18 U.S.C. § 982(b)(1) does not apply here. Mr. Ravenell is not a mere intermediary in the money laundering conspiracy; instead, he conducted at least three transactions totaling over $100,000 in a twelve-month period. Indeed, the various ledgers presented at trial catalogue multiple instances in which Mr. Ravenell conducted three or more separate transactions involving a total of more than $100,000 in a twelve-month period. One such instance is the first three transactions listed on the Byrd Hotel Matter Ledger (Government's Trial Exhibit 18), in which wire transfers in the amounts of $53,000, $19,600, and $50,000 were received into the Murphy Firm client trust account as part of Mr. Ravenell's money laundering conspiracy in September 2012.

For these reasons, the safe harbor provision of 18 U.S.C. § 982(b)(2) does not apply here. Therefore, the Government is entitled to substitute assets.

## IV. CONCLUSION

WHEREAS, on July 22, 2021, a federal grand jury sitting in the District of Maryland returned a Second Superseding Indictment, charging Kenneth Wendell Ravenell (the "Defendant") with RICO Conspiracy, in violation of 18 U.S.C. § 1962(d) (Count One); Money Laundering Conspiracy, in violation of 18 U.S.C. § 1956(h) (Count Two); Narcotics Conspiracy, in violation of 21 U.S.C. § 846 (Count Three); Conspiracy to Commit Offenses Against the United States, in violation of 18 U.S.C. § 371 (Count Four); Obstructing an Official Proceeding, in violation of 18 U.S.C. § 1512(c) (Count Five); and Falsification of Record, in violation of 18 U.S.C. § 1519 (Counts Six and Seven);

WHEREAS, the Second Superseding Indictment also included a forfeiture allegation, pursuant to 18 U.S.C. § 982(a)(1), which provided notice that upon conviction of the Defendant

of the offense alleged in Count Two of the Second Superseding Indictment, the United States intended to seek forfeiture of any property involved in the offense;

WHEREAS, following a sixteen-day jury trial, on December 28, 2021, the Defendant was convicted on Count Two of the Second Superseding Indictment;

WHEREAS, the United States has established by a preponderance of the evidence that the amount of funds involved in the Count Two money laundering conspiracy is at least $1,800,000 in U.S. currency;

WHEREAS, pursuant to 18 U.S.C. § 982(a)(1) and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture imposing a money judgment in the amount of $1,800,000 in U.S. currency against the Defendant;

WHEREAS, the Court further finds that the United States has met its burden to prove that the property subject to forfeiture is unavailable due to acts or omissions by the Defendant as set forth in 21 U.S.C. § 853(p)(1), thereby satisfying 21 U.S.C. § 853(p)(2);

ACCORDINGLY, it is hereby **ORDERED, ADJUDGED, AND DECREED** that:

1. The United States' Motion for a Preliminary Order of Forfeiture is **GRANTED**.

2. Pursuant to 18 U.S.C. § 982(a)(1) and Rule 32.2 of the Federal Rules of Criminal Procedure, **A FORFEITURE MONEY JUDGMENT IN THE AMOUNT OF $1,800,000 IN U.S. CURRENCY IS HEREBY ENTERED AGAINST THE DEFENDANT**.

3. The Defendant shall remain personally liable until the judgment is satisfied. The value of any substitute assets shall be credited toward the satisfaction of the money judgment. Likewise, the value of any directly forfeitable property that is forfeited as the proceeds of the offense shall also be credited toward the satisfaction of the money judgment, but property

forfeited as property used to commit or to facilitate the commission of the offense shall not be so credited.

4. The United States is authorized to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, and to resolve any third-party petition, pursuant to Rule 32.2(b)(3), (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

5. Pursuant to Rule 32.2(b)(6) and (c)(1), no third-party notice or ancillary proceeding is required to the extent that this Order consists solely of a money judgment.

6. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

7. The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order, and pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, shall amend this Order, or enter other orders as necessary, to forfeit additional specific property or substitute property when identified.

It is **SO ORDERED.**

June 22, 2022  
Alexandria, Virginia

Liam O'Grady  
United States District Judge