IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL LO-19-0449 |
| | * | |
| KENNETH WENDELL RAVENELL, | * | |
| | * | |
| Defendant. | * | |
| | * | |

*******

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
RENEWED MOTION FOR BAIL PENDING APPEAL**

The United States of America respectfully opposes Defendant Kenneth Wendell Ravenell's motion for bail pending appeal, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. ECF Nos. 643, 645.  As explained further below, Ravenell has not made the requisite showing for bail pending appeal, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. For those reasons, the motion should be denied.

## BACKGROUND

A.   **Conviction and Sentence**

A jury convicted Ravenell of a money laundering conspiracy in violation of 18 U.S.C. § 1956(h), and this Court sentenced him to 57 months' imprisonment.  ECF Nos. 490, 568.

B.   **Appeal and En Banc Petition**

A split Fourth Circuit panel affirmed the conviction.  *See United States v. Ravenell*, 66 F.4th 472, 492 (4th Cir. 2023).  On appeal, Ravenell relied in part on this Court's refusal to instruct the jury on limitations.  *Id.* at 480.  Judges Wilkinson and Heytens were in the majority. Chief Judge Gregory dissented, concluding that the limitations instruction was warranted.  *Id.* at 494 (Gregory, C.J., dissenting).

The majority found no reversible error on the limitations issue for three reasons.

First, the majority concluded that district courts "are never obligated to give legally improper instructions." *Id.* at 481 (majority opinion). *See also United States v. Hill*, 927 F.3d 188, 210 (4th Cir. 2019). Here, Ravenell never proffered a legally correct instruction. *Ravenell*, 66 F.4th at 481. His proposed instructions misstated what had to be proved (an overt act for a non-overt-act conspiracy) or the burden of proof (preponderance rather than reasonable doubt). *Id.* at 481–82. In contrast, the dissent would have used a different analysis that would have considered whether the instruction was "substantially correct" rather than just "correct." *Id.* at 496 (Gregory, C.J., dissenting). As far as the undersigned can tell, neither the Supreme Court nor the Fourth Circuit have adopted that standard.

Second, the majority concluded that Ravenell never properly raised a limitations defense. *Id.* at 482–83 (majority opinion). As the majority correctly noted, the statute of limitations is an affirmative defense. To trigger the Government's obligation to rebut that defense for a non-overt act conspiracy, the defendant bears the burden of showing that the agreement "ended prior to the statute of limitations." *Id.* at 482. *See Smith v. United States*, 568 U.S. 106, 112 (2013). Here, Ravenell "offered no affirmative evidence" that the agreement ended before the limitations date. *Ravenell*, 66 F.4th at 483. Given that non-overt-act conspiracies are presumed to continue absent a showing otherwise, the Government had nothing else to prove. The dissent did not mention *Smith* or confront that question head on. Rather, when analyzing *Hill* prong three, the dissent suggested that Ravenell properly raised the defense by tolling the limitations period pre-indictment and by bringing it to this Court's attention during trial. That is wrong. In this instance, the defendant must prove the defense, not just reference it. *See, e.g.*, *Smith*, 568 U.S. at 112 ("The

2

common-law rule was that affirmative defenses were matters for the defendant to prove." (citation and internal alterations omitted)).

Third and finally, the majority concluded that "ample evidence" showed that the conspiracy continued into the limitations period. *Id.* at 485. Here, the majority pointed to evidence that the agreement persisted: (1) laundering drug proceeds was "part and parcel" of Ravenell's attorney-client relationship with Richard Byrd, and that attorney-client relationship continued into the limitations period; (2) laundered proceeds remained in the escrow account at Ravenell's law firm into the limitations period; (3) even after his arrest, Byrd took steps to continue the operation with Ravenell—steps that did not fall apart until after the limitations date; and (4) Ravenell made at least one payment on Byrd's behalf after the limitations date. *Id.* at 484–85. The majority framed that conclusion through the abuse-of-discretion standard, which carries a "heavy burden" to conclude otherwise. The dissent, again relying on *Hill* prong three, pointed to other evidence and concluded that, at best, a factual question existed for the jury to decide.

On May 9, 2023, Ravenell petitioned for rehearing en banc. He argued that the majority (1) improperly removed the limitations issue from the jury's consideration and (2) eliminated the Government's burden to prove that a non-overt-act conspiracy continued into the limitations period. The Fourth Circuit ordered the Government to respond to the en banc petition. When responding, the Government reiterated that Ravenell did not (1) proffer a legally correct instruction or (2) properly raise a limitations defense.

As of this filing, the en banc petition remains pending.

C.  **Initial Bail Motion**

Ravenell has been on release for the entire duration of the case. ECF No. 14. He was originally ordered to self-surrender to BOP custody by October 15, 2022. ECF No. 568.

At every turn thus far, Ravenell has been denied bail pending appeal. During the sentencing hearing in June 2022, this Court denied his motion for bail pending appeal. A divided panel denied his request in the Fourth Circuit. *See United States v. Ravenell*, No. 22-4369, 2022 WL 4095384, at *1 (4th Cir. Aug. 12, 2022). The full Fourth Circuit, in a 9-5 split, declined to reconsider that request en banc. *See United States v. Ravenell*, 47 F.4th 882, 882–83 (4th Cir. 2022) (en banc). And in November 2022, the Supreme Court denied Ravenell's application for further review. *See Ravenell v. United States*, 143 S. Ct. 399 (2022). ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ He is currently scheduled to surrender on July 7, 2023.

## ARGUMENT

**I.      BAIL PENDING APPEAL SHOULD BE DENIED.**

Ravenell has not made the requisite showing for bail pending appeal. A defendant who has been convicted and sentenced to imprisonment "shall be detained" unless his appeal raises "a substantial question of law or fact likely to result" in reversal or a new trial. 18 U.S.C. §§ 3143(b)(1)(B)(i), (ii). This has two inquiries. First, the Court must consider whether the question presented is "substantial." *United States v. Steinhorn*, 927 F.2d 195, 196 (4th Cir. 1991) (per curiam). Second, the Court must consider whether the question is "important enough to warrant reversal or a new trial." *Id.* (citing *United States v. Miller*, 753 F.2d 19, 23–24 (3d Cir. 1985)). Ravenell has satisfied neither prong.

**A.      The Limitations Issue Is Not a Substantial Question.**

Ravenell has not presented a substantial question. A substantial question is "a 'close' question or one that very well could be decided the other way." *Steinhorn*, 927 F.2d at 196. The limitations question is not close. The majority properly applied the current law of the Circuit by

requiring his proffered instructions to be "correct." Ravenell cannot win under this standard. And because no Supreme Court of Fourth Circuit precedent requires otherwise, it does not merit en banc review.

Moreover, the majority appropriately concluded that "a conspiracy continues unless a defendant can show affirmative withdrawal or termination." *Ravenell*, 66 F.4th at 482. The majority also appropriately concluded that Ravenell did not show affirmative withdrawal or termination. Ravenell relied on the *absence of acts* rather than *affirmative acts* inconsistent with the object of the conspiracy. *See id.* at 483 ("Instead of highlighting the ways in which the conspiracy affirmatively ended, Ravenell attempts to flip the burden back to the government to show continuation via overt acts.").

Ravenell deals with that problem in several ways, none of which work. In the merits briefing, for instance, Ravenell cited portions of the record where defense counsel referenced or discussed the limitations issue. Defense counsel certainly believed that the limitations issue was relevant. But this record falls far short of the affirmative showing at trial required by *Smith*. Ravenell's en banc petition simply presumes that he properly raised the limitations issue, and he dismisses with little discussion the majority's contrary conclusion. This highlights the problem, not alleviates it. He also tries to distinguish *Smith* as requiring the Government to prove continuation of the conspiracy. But that again presumes that he properly raised the limitations issue in the first place.

The arguments in his bail motion change nothing. Ravenell points to the dissent and amicus briefs as grounds that his question is close. That means, however, that every dissent or amicus implies a close question. Accepting that premise would undermine the bail review standard. "Whether a question is 'substantial' must be determined on a case-by-case basis."

*Steinhorn*, 927 F.2d at 196 (citation omitted). And as the circumstances here show, the dissent and amicus's reasoning is flawed. For example, the dissent and amicus here never fully address whether Ravenell, as a threshold, met his burden of affirmatively showing withdrawal or termination. Instead, the dissent and amicus assume, like Ravenell does, that he made the affirmative showing. Then they surmise, like Ravenell does, what the jury could have done had the defense been properly raised. A defendant, however, is not entitled to a limitations instruction simply because he asks for one. There must be some evidentiary basis for it. *See, e.g.*, *Smith*, 568 U.S. at 112 ("As with other affirmative defenses, the burden is on [the defendant].").

The Fourth Circuit has repeatedly made this clear: "We did not conclude that such a [limitations] charge was necessary in every case or that the statute of limitations had become an essential element of conspiracy." *United States v. Matzkin*, 14 F.3d 1014, 1018 (4th Cir. 1994). The "general rule [is] that the statute of limitations is an affirmative defense to be raised by a defendant." *Id.*

Ravenell highlights that the Fourth Circuit quickly ordered a response to the en banc petition. But there is insufficient information to gauge what that means. Some decisions require a majority vote. A majority of judges may order rehearing en banc. *See* Fed. R. App. P. 35(a). A majority of judges may order full briefing after rehearing en banc is granted. *See* Local Rule 35(d) (4th Cir. 2020). Other decisions, however, require just one vote. One judge, acting alone, can call for a poll. *See* Fed. R. App. 35(f). When it comes to ordering a response to an en banc petition, the Rules say nothing about where that falls along the spectrum. Nor does any information suggest that the votes have changed since the original bail motion. The merits majority, Judges Wilkinson and Heytens, were also among the majority of judges who declined to review the original bail motion en banc. The merits dissent, Chief Judge Gregory, also dissented to the en banc bail

decision. Assuming those three judges land the same way for Ravenell's renewed bail motion, nothing indicates that the remaining judges—now armed with the benefit of full merits briefing, oral argument, and a published decision—have switched sides on whether this presents a substantial question.

Finally, Ravenell makes much of the Government's oral argument in *Smith*. But no one disputes what the Government must prove when a limitations defense *is properly raised*. *See Smith*, 568 U.S. at 113. The dispute here, rather, is whether Ravenell properly raised the limitations issue and, if he did, whether he proffered a legally correct instruction. On these two questions, the appeal does not present a close question.

### B.  The Limitations Issue Does Not Warrant Reversal or a New Trial.

Even then, the limitations issue is not important enough to warrant reversal or a new trial. As the Third Circuit explained in *Miller*, a "question of law or fact may be substantial but may, nonetheless, in the circumstances of a particular case, be considered harmless, to have no prejudicial effect, or to have been insufficiently preserved." *Miller*, 753 F.2d at 23. Here, as the majority explained, while some activity ceased before the limitations period, there was ample evidence that the agreement persisted, even while co-conspirators were in jail or had stopped making payments. This Court did not abuse its discretion given the ample evidence that the conspiracy continued into the limitations period.

Further appellate review, therefore, would not result in reversal or a new trial.

■ ███████████████████████████████████████████

███████████████████████████████████████

████████████████████████████

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████

██████████████████████████

████████████████████████████████████████

██████████████████████████████████

████████████████████████████████████████
████████████████████████████████████████
████████████████████

████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████

## CONCLUSION

For those reasons, the Court should deny bail pending appeal ████████████████ ██████████ .

Respectfully submitted,

Phil Selden
Acting United States Attorney Under 28 U.S.C. § 515

_____/s/_____
Brandon K. Moore
Assistant United States Attorney

8

## **CERTIFICATE OF SERVICE**

I certify that, on June 28, 2023, I filed the foregoing under seal, served a copy of the sealed version on counsel of record via email, and filed a redacted version via CM/ECF.

/s/
Brandon K. Moore
Assistant United States Attorney