UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| United States of America | * | |
| | * | Case No.: 1:19-cr-00449 |
| v. | * | |
| | * | |
| Kenneth Ravenell | * | |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**KENNETH RAVENELL'S REPLY IN SUPPORT OF RENEWED MOTION FOR BAIL PENDING APPEAL** ▋

Kenneth Ravenell, by and through undersigned counsel, hereby respectfully submits this reply in support of his Renewed Motion for Bail Pending Appeal ▋ ▋ ("Renewed Motion").

## ARGUMENT

**I.  THE COURT SHOULD GRANT MR. RAVENELL BAIL PENDING THE CONCLUSION OF APPELLATE PROCEEDINGS.**

The Government concedes, as it has throughout these proceedings, that Mr. Ravenell satisfies three of the four statutory elements for obtaining bail pending appeal. The sole issue is whether Mr. Ravenell has established that his appeal "raises a substantial question of law or fact likely to result in," among other relief, reversal or an order for a new trial. *See* 18 U.S.C. § 3143(b)(1).[1]

---

[1] Notably, the Government does not dispute that it incorrectly advised the Court of the applicable standard during oral argument. *See* Renewed Motion at 4 n.2.

1

The Government spends most of the opposition re-litigating the merits of Mr. Ravenell's appeal in an effort to show that "none of [his arguments] work" and that "the dissent and amicus's reasoning is flawed." Opp'n at 5–6. But Mr. Ravenell need not show that his arguments "work," or that the reasoning of the dissent and amicus will be adopted by the en banc Fourth Circuit, to obtain bail pending appeal. Instead, he simply is required to demonstrate "a close question or one that very well could be decided the other way," *United States v. Steinhorn*, 927 F.2d 195, 196 (4th Cir. 1991) (per curiam). As explained in the Renewed Motion, Mr. Ravenell has carried that burden by pointing to the objective indicia of substantiality that have arisen during the course of appellate proceedings, including the issuance of a dissenting opinion adopting his position, the filing of a petition for rehearing en banc with amicus support, and the Fourth Circuit's request for a response from the Government two days thereafter. *See* Renewed Motion at 4–6. Tellingly, the Government cannot identify a single case in which a court denied bail pending appeal in similar circumstances.[2]

Perhaps recognizing the vulnerability of its position under the proper standard, the Government offers a novel argument that neither this Court nor any judge in the Fourth Circuit has embraced. The Government now suggests that Mr. Ravenell did not "raise"

---

[2] To be clear, Chief Judge Gregory disagreed with the merits-based arguments that the Government raises in its opposition. Renewed Motion Ex. B, Panel Op., at 41–44 & 42 n.2 (Gregory, C.J., dissenting) (concluding that Mr. Ravenell "proffer[ed] a 'correct' instruction" on the statute of limitations and explaining that "it defies logic that Ravenell would have insisted on a *lower* burden of proof" than that suggested by the Government); *id.* at 47–51 (Gregory, C.J., dissenting) (cataloguing the "ample evidence in the record that would have allowed the jury to conclude" that the charged conspiracy terminated outside of the limitations period). It is notable that the Government here, like the Fourth Circuit panel majority, does not dispute Chief Judge Gregory's logic regarding Mr. Ravenell's proposed instruction.

the "limitations issue" as required under *Smith v. United States*, 568 U.S. 106 (2013), and that this supposed failure justifies the lack of a jury instruction on the statute of limitations applicable to the conspiracy count of conviction. Opp'n at 5, 7. But this argument is inconsistent with prior opinions of both this Court and the Fourth Circuit panel majority. Amended Order Denying Motion for a New Trial, ECF No. 559, at 3 (noting that Mr. Ravenell "raised" the limitations argument in his Rule 29 motion and proposed jury instructions); Renewed Motion Ex. B, Panel Op., at 7–9 (recounting that Mr. Ravenell argued in both of his Rule 29 motions that the Government had not proven that the money laundering conspiracy continued into the limitations period, and that he "again renewed this issue" twice "in connection with the jury instructions"). And once raised, as done in the trial in this case, the Government rightfully acknowledges that it bears the burden to "prove the time of the conspiracy offense." *Smith*, 568 U.S. at 113; *see also* Opp'n at 7. By relying so heavily on an argument that no Fourth Circuit judge has adopted to respond to Mr. Ravenell's position on appeal and in the Renewed Motion, the Government all but admits that the appeal as currently postured presents the requisite "substantial question."[3]

Finally, the Government briefly cites evidence presented at trial and claims that "the limitations issue is not important enough to warrant reversal or a new trial." Opp'n

---

[3] Contrary to the Government's suggestion, Opp'n at 2–3, the panel majority did not hold that Mr. Ravenell failed to "raise" a limitations defense under *Smith*. Rather, the panel majority disregarded *Smith*, improperly shifted the burden of proof to Mr. Ravenell, and concluded that Mr. Ravenell did not "show[]" or "establish" that the charged conspiracy "was terminated or that he affirmatively withdrew from the conspiracy prior to the operative July 2, 2014 limitations date." Renewed Motion, Ex. B, Panel Op., at 16. Nevertheless, the panel majority did not equate this purported "required showing" that a conspiracy terminated with the separate requirement that a defendant "raise" the defense in the first instance under *Smith*.

at 7. If an appellate court agrees with Mr. Ravenell, however, the remedy clearly would be to vacate his sole count of conviction and remand for a new trial. *See, e.g.*, Renewed Motion, Ex. B, Panel Op., at 52 (Gregory, C.J., dissenting). This satisfies the second prong of the "substantial question" inquiry. *See Steinhorn*, 927 F.2d at 196 (granting bail pending appeal where reversal "likely" would lead to a new trial).





## CONCLUSION

For the foregoing reasons and those stated in the Renewed Motion, Mr. Ravenell respectfully requests that the Court grant him bail pending the conclusion of his appeal (including any proceedings in the Supreme Court).

June 29, 2023                                    Respectfully submitted,

/s/ Paul A. Solomon

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Paul A. Solomon (Bar No. 19920)
Michael A. McIntosh (*pro hac vice*)
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Ave. NW
Washington, DC 20005
paul.solomon@skadden.com
michael.mcintosh@skadden.com
Phone: (202) 371-7000
Fax: (202) 393-5760

David M. Zornow (*pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
david.zornow@skadden.com
Phone: (212) 735-3000
Fax: (212) 735-2040

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of June, 2023, I caused a copy of Kenneth Ravenell's Reply in Support of Renewed Motion for Bail Pending Appeal ████████████████████████████████████████ to be served upon counsel for the United States of America via email.

/s/ Paul A. Solomon

Paul A. Solomon
*Attorney for Kenneth Ravenell*